Original

U.S. Dist. Ct. So. Dist of CA

Case No. 21-cv-01156-JAH-AHG

Amended Complaint



**FILED**

Nov 02 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            s/ judep            DEPUTY

Pages 1 - 40

Dated September 16, 2021

United States District Court

Southern District of California

Robert Canazos                    Case No. 21-CV-01156-JAH-AHG
        Plaintiff
                                          Amended Complaint
        v.

N. Gabilaso, et al.
        Defendants


Complaint with Jury Demand

Introduction

This is a civil Rights Action filed by
Plaintiff Robert Canazos, a state Prisoner, for damages
And injunctive Relief under 42 u.s.c. 1983, Alleging
excessive use of force And denial of medical care
in violation of the Eigth Amendment to the
United States Constitution And confinement in
Segregation in violation of the Due Process Clause
of the Fourteenth Amendment to the Constitution.
Retaliation of speech by using the Prison Grievance, in
violation of First Amendment to the u.s. constitution.

1

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. 1331 (1) and 1343

2. The court has supplemental federal jurisdiction over the plaintiffs claims of same violations of federal constitutional rights that occurred in other federal districts of California such as Eastern, starting point - beginning of a systematic use of force "continuing wrong" into federal central district, onto northern district returning into eastern district - to central district and culminating presently at southern district. For continuing wrong - harm violation see memorandum of points and authorities - in support of motion - leave to amend complaint (dated September 14, 2021) page 2, line 19-28, page 3, line 1-28, page 4, line 1-19.

## Parties

3. The plaintiff, Robert Canaros, was incarcerated at the following California Department Correction for Rehabilitation facilitys' (1.) Corcoran State Prison, (2.) Los Angeles County - Lancaster State Prison. (3.) Mule Creek State Prison. (4) California Substance Abuse

Treatment Facility. (5) California Correctional Institution. (6) Richard J. Donovan Correctional Facility, during the events described in this complaint.

4. Defendants Correctional Officers (C/O's, herein) C/O Medina, C/O Parra, C/O Cano, employee's at Corcoran State Prison (2017). They Are sued in their individual capacities.

5. Defendants C/O John Doe (1), C/O Sargeant John Doe (2), employees at Corcoran State Prison (2017). They Are sued in their individual capacities; with C/O Mr. Reyes

6. Defendant civilian Employee, License Clinical Social worker J. Marquez, employed at Corcoran State Prison (2017). She is being sued in her individual capacity.

7. Defendants C/O's correctional Counselor's John Doe (3) and John Doe (4), employed at Corcoran State Prison (2017). They Are sued in their individual capacity.

8. Defendant C/O Acting Warden John Doe(5), employed (on or about march 17-2017) at Corcoran State Prison. He is being sued in his individual capacity.

9. Defendants C/O Anthony Martinez, C/O P. Castellano, C/O Mr. Rodriguez, C/O Mr. Arnet, C/O Fulton. Employed At Los Angeles County - Lancaster State Prison (2017 - 2018). They Are being sued in their individual capacity. (Including C/O Marcos Alvarado).

3

10. Defendant's C/O John Doe (6), C/O Sargeant Jane Doe (7). Employed At Los Angeles County - Lancaster State Prison (2017-2018). They Are being sued in their individual capacity.

11. Defendants C/O Correctional Counselor II John Doe (8), C/O Lieutenant John Doe (9), C/O Sargeant JaneDoe (10), C/O Captain John Doe (11). Employees At Mule Creek State Prison (2018). They Are being sued in their individual capacity.

12. Defendants C/O Sargeant John Doe (12), C/O Lieutenant John Doe (13), C/O Correctional counselor ASU John Doe (14), Correctional counselor II ASU John Doe (15). Employed At California Substance Abuse Treatment Facility (October/November 2018). They Are being sued in their individual capacity.

13. Defendants C/O's John Doe (16) (R&R Sargeant), C/O Correctional Counselor II John Doe (17), C/O Correctional counselor John Doe (18). Employed At California Correctional Facility (November 2018). They Are being sued in their individual capacity.

14. Defendants C/O's Marcus Lopez, C/O T. Soto, C/O Jofrin, C/O Toledo, C/O Hernandez (1-3-21 A2), C/O Trevino, C/O Briones, C/O N. Carrilaso, C/O Gonzalez (C14 observation-Third Watch) -2-1-2019, C/O Tara (C14-Floor Staff Third Watch on 2-1-19), C/O Falcon, C/O Torres C14 Floor Staff 2019. C/O A. Magana, C/O I. Bravo.

4

1  C/O MERCADO (A2-FLOOR STAFF Second watch), C/O CUEVAS
2  (A2-FLOOR STAFF Second watch on may 18-2021- same date
3  may 18, 2021 FOR ABOVE named Defendant C/O MERCADO).
4  C/O MS. J. SANCHEZ, C/O MS. SANCHEZ (AT A FACILITY
5  medical clinic on APRIL 15-2021). C/O SEARS
6  (observation Third watch on APRIL 15-2021). C/O
7  V. CORTEZ (FORMER CAPTAIN - PRESENT LIEUTENANT). C/O
8  BUENROSTRO (RECREATIONAL YARD FLOOR STAFF - CANTEEN on
9  MARCH 4-2021 AND MARCH 10-2021). C/O CASILLAS
10 (MENTAL HEALTH ESCORT on 5-26-21). C/O FORMER ACTING -
11 ASSOCIATE WARDEN RETIRED MR. ARMENTA, C/O FORMER
12 WARDEN COVELL. C/O CORRECTIONAL COUNSELOR S. Doyle.
13 C/O CORRECTIONAL COUNSELOR MR. MENDEZ (FORMER FOR
14 A2 2020). C/O MX. MCCURTY, C/O SARGEANT
15 RIVERA (ASU POST Second watch FOR September 11, 2021).
16 C/O VILORIA (ASU FLOOR STAFF Second watch FOR
17 JULY 22-2021 AND September 11-2021). C/O SHI
18 (ASU FLOOR STAFF FOR September 11-2021).
19    C/O ACEVES (ASU FLOOR STAFF Third watch on
20 June 22-2021). ASSOCIATE WARDEN C/O PALMER.
21 C/O LIEUTENANT SHEPARD. C/O CORRECTIONAL
22 COUNSELOR II E. AUKERMAN, C/O S. STEADMAN. They
23 ARE being sue in individual CAPACITY. Employed
24 AT Richard J. CORRECTIONAL FACILITY AND JOHN DOE (14)
25 IS. Defendants JOHN DOE (C/O) (19) FACILITY C CAPTAIN
26 on FEBRUARY 2020, C/O CAPTAINS. A FACILITY (2020)
27 JOHN DOE (20), FACILITY A CAPTAIN JOHN DOE (21).
28 Employed AT Richard J. DONOVAN CORRECTIONAL FACILITY.

5

They Are being sued in Individual And OFFicial capacities.

16. Defendants medical Doctor John Doe (22) (present on facility A medical clinic on April 16-2021), Register nurse SY-Jane Doe (23), Register nurse Facility A clinic John Doe (24). Employed At Richard J. Donovan correctional Facility. They Are being sued in their individual capacities And

17. Defendant Register nurse Mr. Torres, facility A medical Clinic. Employee At Richard J. Donovan correctional Facility. He is sued in his individual capacity.

18. Defendant's Dental Assistant Jane Doe (25) (worked facility C medical clinic on February 2020). Employed At Richard Donovan correctional Facility. Sued in individual capacity.

19. Defendant Lieutenant Mr. miranda (worked Facility C on February 2020). Employed At Richard J Donovan correctional facility. He is being sued in his individual capacity.

20. Defendants medical personal John Doe (26), John Doe (27). Employed At Richard J. Donovan correctional Facility (on About August/September 2020 - Decision makers for schedule to Tri-City medical center. They Are sued in their individual And OFFicial capacities. Defendant c/o Lucinga, employed at RJDCF, is sued in individual capacity.

21. Defendants Register Nurse Jane Doe (28), medical Doctor John Doe (29). Employed on or about August/september 2020 at Tri-City medical center, Encinitas, CA... They are being sued in their Individual and official Capacities.

22. Defendants C/O's John Doe (30), C/O John Doe (31), C/O John Doe (32), C/O John Doe (33), C/O John Doe (34). Employed at Richard J. Donovan correctional Facility (J. Does who worked on February 1, 2019 viewing without interceding as I was attacked by a mob of inmates etc). They are being sued in their individual Capacities.

23. Defendants C/O Appeals coordinators, John Doe (35), John Doe (36), John Doe (37). Employed at Richard J. Donovan correctional Facility (2019, 2020, 2021 Appeals office of Grievance). They are being sued in their Individual Capacities and official Capacities and Defendant Sgt. Jane Doe (44)

24. Defendants C/O Sargeant John Doe (38), Sargeant C/O John Doe (39), Sargeant C/O John Doe (40), Sargeant C/O John Doe (41). Employed at Richard J. Donovan correctional Facility (worked on second watch-conducting interview on me between may 11-2021 thru may 14-2021 at Facility A Program Office) They are being sued in a individual and official Capacities, And Defendant C/O mr. ogle, And Defendant Zardillas, And Defendant John Doe (42) J. Doe (43)

7

# FACTS CORCORAN STATE PRISON

25. On late February 2017, At Corcoran State Prison, Plaintiff Requested Mental Health Emergency Intervention. Placed in Restraints and held in the Program office cage module. Defendant c/o Medina Approached, yelled and taunted At Plaintiff "Kill yourself if you are really suicidal" said Plaintiff, (excuse me misprint) — said Defendant Medina, Not Plaintiff. Exchange of heated hostile words ensued with Plaintiff And Defendant medina. Inmate witness Levid Coarcio, CDCR No. J18590 was present in Adjacent holding module "cage".

     Plaintiff was temporarily rehoused to Corcoran Crises Bed for Evaluation-Suicide watch, On or about Plaintiff was discharged on March 7. 2017. However instead of returning to his Assigned still vacant cell-bed Assignment 3B01-202 (As expected according to policy, And program needs — such as Plaintiff being Assigned as the 3B01-Housing unit Barber) Plaintiff was deliberately And unethically removed off his Housing Assignment to 3B01-202. Not Allowed to return and directed to 3B02-226 Housing Assignment — which was the Adjacent building. Such unethical cell/Building rehousing was Approved by Defendant Sargeant 3B facility program office is

8

John Doe (2).

By or about March 10 - 2017 approximately 10:30 A.M., in the dayroom floor within housing unit 3B02, C/O Parra threw angrily a 602 Appeals Grievance form at Plaintiff because Plaintiff asserted - alleged "upon returning from crises bed unit, you never allowed me to retrieve personally my property that was still in 3B01-202. Instead you told 3B01 to "bag it" and haul my property to me here". However Plaintiff continued "I discovered that in 3B01, staff allowed 3 inmate porters to bagg my property and to transport my property to here. In turn my radio, batteries and adapter charger has been stolen", said Plaintiff to C/O Parra.

For the above reason C/O Parra laughed and said to bad you shouldn't of talk shit to C/O medical! And if you don't like it then "602" it" said defendant Parra. At this time defendant threw the 602 form onto the floor. Plaintiff attempted to walk away from his position standing on the other side of the four foot high podium - barrier. As Plaintiff attempted to enter the open exit hallway sally port, (in a attempt to meet his scheduled 10:30 am mental health EOP therapy class) defendant Parra impeded Plaintiff, withdrew his pepper spray - insisted to Plaintiff enter into the sally port". Plaintiff

1  refused and instead layed FLAT on his belly, hands
2  extended in surrender.
3         DEFENDANT PARRA reholstered
4  his pepper spray and handcuff the Plaintiff behind
5  the back. Then Defendant withdrew his baton and
6  struck several times Plaintiff as he layed
7  there on his stomach.
8         DEFENDANT PARRA then stood Plaintiff
9  forcefully to his feet with the help Defendant c/o
10  John Doe (1).  AT this point OBSERVATION FOR
11  3B02 DEFENDANT CANO insisted to other two
12  defendants move, so I could shoot him, Aiming
13  the 40mm PROjectile Gun AT Plaintiff.
14         Defendant PARRA started striking
15  Plaintiff with the baton on his back, arm, and
16  on the back of his head. All while he and
17  Defendant John Doe (1) Held Plaintiff and
18  forcefully walked him into the sally PORT as
19  the beating continued into the FRONT of the
20  3B02 Building.
21         Being outside, Plaintiff face was
22  pushed up against the wall by Defendant PARRA.
23  Plaintiff legs were violently kicked wide open by
24  Defendant Parra.  Defendant Cano cheered and
25  threaten Plaintiff to "Remain silent or else
26  I'll shoot you dead, CORCORAN style".
27         Multiple nearly three dozen inmates
28  witness the above. Two mental Health Employee's

10

1.    Also witness the above excessive force.

         No alarm was activated because of Plaintiff non-resistance peaceful stance etc..

         In fear and trauma plaintiff confided to several non-involved staff of what occurred.

         On or about monday march 15 -2017, passing the 3B02 podium to get to the exit, I cordially said hello to formerly assigned primary therapist, Defendant J. Marquez, at about 4pm.  As I exited the building, I was confronted and verbally threatened by Defendant C/O Reyes; him voicing that "we and you - and we can send you out in a body bag" he said, "Keep your mouth shut, stop disrespecting us and accept that (C/O) PARRA already checked you - lucky we did not shoot you dead" he said.

         · The next day tuesday I'm rehoused to 3B01, I ask Defendant John Doe ③ correctional counselor about 3pm inside 3B02, why did you allow this, to be kept here in 3B02 for one month"? reply by Defendant John Doe ③ was "because I can, we have the keys".  Prior to this I was allowed access to enter 3B01 and to implore for permission to rehouse to 3B01.  Defendant John Doe ④ correctional counselor sighed and said, "I suppose so, now that you've been humbled."

         By Friday 4pm march 19 -2017, ranked officer confided to me, "Hey I'm sorry, but (J.) ms. Marquez (Defendant) went to the A.W. office

And convinced the AW (Associate Warden) (Defendant
John Doe(s)) to lock you up in the hole - I'm very
sorry, she shouldn't of lied about you" he said.
(That is the 3B Facility Lieutenant who Apologetically
confided in me).

       Defendant J. Marquez falsified
Allegation that Plaintiff harassed her for entire year,
leading her into personal conversations, thus she
Alleged that Plaintiff "Stalked her". Culminating
into the week of March 12 - 17 of 2017. Alleged
that Plaintiff followed her out of the building And
that he cited Ephesians 1:13 from 15 feet away.
(All while Plaintiff was en-Route in same direction-
to meet a scheduled Appointment (Group class).

       In turn AW Defendant John Doe(s) went
contrary to no evidence to support her Allegations,
And ordered the false imprisonment lock up order
to 3B Facility to lock up Plaintiff.

       Awaiting transport to Segregation 3B01
Floor Staff Hernandez told me Apologetically "All this
because of media (Defendant) - now they convince
Marquez (Defendant) he said.

       Plaintiff was found guilty of "Stalking"
Defendant J. Marquez in a Prison Disciplinary Hearing And
transferred to Los Angeles County - Lancaster Prison in
mid April - 2017.

12

# FACTS - Los Angeles County
## Lancaster State Prison

ON October 2017 OR About Plaintiff was in urgent medical need - emergency. An ambulance for Transport to "outside" hospital was immediately scheduled.  As Plaintiff was escorted out of his segregation Assigned Room in mechanical Restraints behind - that is hands behind the back, Plaintiff fainted and slumbered onto his stomach face down.  The two escort officers became Angry and C/O Fulton (Defendant) And Defendant John Doe (6) yelled Quen - "Quit faking it get your Ass up", "get up you fucked staller."  Then Defendant Fulton and Defendant John Doe (6) punched on Plaintiff upper back, back of head, side of face, kicking his legs, then dragged Plaintiff several feet into his cell-room. Plaintiff legs was lifted up Awkardly while one of the two defendants Fulton or John Doe (6) Kicked Plaintiff in his testicles.  Plaintiff was left in his cell in excruciating pain face down and with his hands behind his back in mechanical Restraints for nearly 10 minutes, while Defendants Fulton and Defendant John Doe (6) mocked Plaintiff, "let us know when you catch your breath - so we could take you to the clinic".

Ten minutes later Plaintiff was escorted by Defendant Fulton and Defendant John Doe (6) to Asu medical Clinic And Plaintiff was moved

13

into the "care of" Defendant P. Castellano and Defendant C/O Rodriguez, to await the arrival of the ambulance. Defendant P. Castellano, slapped plaintiff hard across his face saying "shut the fuck up, you stalker - its your fault you fell on purpose on tier". Defendant Rodriguez gleefully laughed and approved of Defendant P. Castellano's slapping the plaintiff.

Defendant P. Castellano chose to access the medical departmental computer to log onto plaintiff inmate brother, Enrique Canazos CDCR No. E72768, information. Defendant P. Castellano then threated plaintiff with the possibility that "I could get your brother dealt with, know that my family hails from Jalisco mexico and Juarez mexico and the streets of Lynnox Los Angeles taught me how to deal with a punk snitch like you - and your brother is also one", said Defendant P. Castellano.

The ambulance arrived and plaintiff was under the care of Defendant C/O Arnet. Arriving at the hospital and Defendant Arnet refused to follow protocol and chose to leave plaintiff in overtighted wrist chains - that included the mechanical metal box used then for transport only. Defendant Arnet ordered the ambulance personal not to unbuckle the two or more straps/belt buckles that were super tighted over plaintiff chest and

14

legs. Plaintiff felt as if having trouble breathing and
kept pleading with Defendant Alinet to unstrap all three
restraints and have to use the bathroom. Plaintiff
pleaded for thirty minutes to no avail. so
Plaintiff then started yelling for Assistance and
intercession. medical personnel then requested that
Plaintiff be placed at the main entrance door
of the hospital because of the disturbance.

Plaintiff still remained in over tighted
restraints and straps to the gurney. Not being
allowed to use the bathroom, Plaintiff then
urinated on himself. In humiliation Plaintiff
then spit on Defendants Alinet face.

Upon returning from the hospital the
same day - the following day Plaintiff requested
medical attention. Defendant P. Castellano
escorted Plaintiff to D5 Asu for the
nurse then to check Plaintiff vitals. while
their Defendant P. Castellano wrapped his one
hand around Plaintiff front of neck and said,
Tony (Defendant Anthony Martinez) said your
no longer a sureño but a snitch - and if you get
out of line he said beat you up". Plaintiff
then expose sensitive information about Defendant
Anthony martinez brother Ricky martinez. Defendant
Jane Doe sargeant(?) stood several feet away and did not
order Defendant P. Castellano to take his hand off Plaintiff
neck, instead she said "I dont care".

15

By FEBRUARY 14, 2018, Defendant MARCOS ALVARADO, taunted, mocked, threatend Plaintiff saying, "MARTINEZ (Defendant) said we don't like STRIKERS, SNITCHES, nor do you have any power to do anything to his brother (Defendant A. MARTINEZ, brother RICKY MARTINEZ) we have the power And your life is AT our hands" he said.   Defendant MARCOS ALVARADO tried intentionally-unethically directed D4 OBSERVATION not to unlock Plaintiff door for the A.m. Eat Group nor for A.m. yARd. Defendant MARCOS ALVARADO did the same to prevent Plaintiff to come out of his cell for his scheduled Group class And on February 15 And 16 of 2018.   Culminating on February 16-2018 when Defendant C/O MARCOS ALVARADO sent two inmates to Plaintiff door in An Attempt to intimidate, threaten - And Defendant M. ALVARADO shouted "did you get my message, this is my house"...

Plaintiff sought safety concern - rehousing to segregation on February 16, 2018, by speaking to Investigative Security unit C/O SARgeant Clemmons And Plaintiff denounced An above Defendants at fault And stated his past overfamiliarity with Defendant Anthony MARTINEZ since before he became a Correctional Officer.

Plaintiff spent About 30 days in L.A.C. Lancaster segregation Feb/MAR. 2018. Then Transfered to Richard J. Donovan Prison segregation for 30 days. Then Plaintiff was transfered to mule creek STATE Prison on or About APRIL 17, 2018.

16

# FACTS - MULE CREEK STATE PRISON

1  ON JULY 2018, Defendant SARgeant JANE DOE (10),
2  voiced her dispensive - intentional message in saying "you should
3  of known better to have behaved more submissively with us at
4  LANCASTER and CORCORAN.

5  ON OR About August 16, 2018 Defendant
6  JOHN DOE(8) (Identified as correctional counselar Ms. Hightower)
7  said to Plaintiff I have a message from my supervisor,
8  Defendant JOHN DOE(9) (Identified as mr. mcgrath) you are not
9  well liked by us at the CORCORAN-LANCASTER PRISON, So if you want to
10  PROgram and STay here we will not Renew your single cell status, And
11  you will have to live with whom we tell you with".

12  ON late or early September 2018 Facility A, STAFF
13  Advised me to pack your belongings - you will go live in A1 Building
14  cell 143 (Actual exact cell at this time of writing is Not known).
15  Plaintiff knowing the identity of his potential cellmate - And
16  knowing common knowledge that his potential cellmate is
17  A open self-professed member of the PRISON GAY community.
18  Plaintiff Refused to move to A1-143, And stated his Reason
19  that he is not gay but that other inmate is. Plaintiff
20  suggested to Defendant SARgeant JANE DOE(10) that within A1,
21  cell 117 occupant has a vacant bed And identicated another
22  hispanic hetrosexual inmate cell with a Available vacant bed.

23  However Defendant Sgt. JANE DOE(10) said, "we put you where
24  we want to put you - so that you will be Rehoused to segregation
25  for Refusing to house with a cellmate". The following day in
26  ASU Facility A CAPTAIN Defendant Heidsfeld said, "you could
27  get release today from segregation but only to Rehouse into
28  A1-143". Plaintiff said No, And explain other Available cells.

17

Defendant Heinsfeld said, "no only will release you to A1-143, I'm giving you a Dream stalker, big Rat". Plaintiff refused.

In late september 2018 Institutional classification committee Recommended a transfer for plaintiff to level III 270 california (correctional) substance abuse Treatment facility. As I.c.c. (committee) ended, Defendant John Doe(9) (identified as mr. mcgarrhy) said to plaintiff; "now I will ping-pong you back and forth to different prisons till you get tired or till I Retire".

Plaintiff was transferred on or about october 31, 2018 to correctional substance abuse Treatment facility.

(CSATF)

## FACTS — CALIFORNIA SUBSTANCE Treatment facility

upon immediate arrival at CSATF prison on or about october 31, 2021 At Receiving and Release sargeant Defendant John Doe(12) conspired with his supervisor Defendant Lieutenant John Doe(13), and a invalid Lockup order - was reissued to plaintiff and he was Rehouse to segregation. The Lockup order was the same one that initially used to send plaintiff to segregation on late August/early september 2018, while at mule creek STATE Prison.

while in segregation at CSATF from october 31-2018 thru november 13-2018, plaintiff was not seen nor advised by Defendant John Doe(14) counselor nor by Defendant John Doe(15)

18

CORRECTIONAL COUNSELOR II.
On or about November 13, 2018,
Plaintiff was transferred to California Correctional
Institution (CCI).

# FACTS - California Correctional Institution (CCI)

The two weeks that Plaintiff spent (CCI) Nov-13-2018
thru Nov-27-2018 he was at imminent danger by
inmates and C/O's. Defendant John Doe (16) Receiving and
Release Sargeant acted with Deliberate Indifference on
Plaintiff arrival on November 13, 2018, because Plaintiff
voiced his safety Enemy concern.

By or about November 18, 2018 Plaintiff voiced his
safety Enemy concern to Defendant John Doe (17) (that is Defendant
John Doe (17) Correctional Counselor, However Plaintiff was
met with the Reply by Defendant John Doe (17), "time to be a Real
Convict, and no more of that snitching and no cellphone for you".

Plaintiff implored Defendant John Doe (17) "please advise your
Supervisor Defendant John Doe (18) Correctional Counselor II.
Defendant John Doe (17) Replied, "Oh my supervisor CCII Already
knows you need to fight your enemys, not run, I will be alright
here if you stay in line".

On or about November 27, 2018, Plaintiff contemplated
suicide. Plaintiff was sent to Crisis Bed at Kern Valley State
Prison, Then Plaintiff Rehoused to Richard J. Donovan
Correctional Facility on or about December 18, 2018.

# FACTS - Richard J. Donovan (RJD) Correctional Facility.

Within C14 dayroom on late January 2019 Defendant Brigues threaten my life "be quiet, you seen nothing, don't repeat what you did in Lancaster or else what you just seen will happen to you" he said.

On February 1, 2019, two inmates approach me on way to breakfast, saying "STAFF said you are a big snitch from Lancaster and a stalker". The two inmates made agressive move towards me but fled when I brandish a weapon (knife). After breakfast Plaintiff was searched by Defendant Trejo. Plaintiff was placed in Lower B shower stall in C14 building. Plaintiff pleaded to Defendant Trejo take me to segregation "At least for this weapon (shank). Defendant Trejo said "No, you fight here like a gladiator, you don't do what you did in Lancaster and leave our woman alone".

By late evening February 1 2019 an inmate told me that Defendant ms. Gonzalez observation for C14, sanctioned and told inmates to get me (Plaintiff) outside of the building, not inside because she did not want no blood inside the building floor.

On way back from the Dining Hall Feb-1-2019 about 6 pm, outside in front of C14, Plaintiff was surrounded by a dozen inmates who impeded Plaintiff entrance into C14, and Plaintiff ran towards C15 and the inmate mob stop chasing. Plaintiff walked back to C14 entrance but met by same mob. Defendant ms. Gonzalez (C14 observation) was observing this scene - failed to deliberately protect, said nothing and instead she shut the window. So Plaintiff again

RAN towards past C13 as inmate mob chase. Plaintiff walked back to C14 entrance and inmate mob awaited. Plaintiff Ran towards C13, fell and inmates punched and stab Plaintiff on back of head, with close fisted struck Plaintiff on back and face and kicked. Plaintiff jumped to both feet and lunge with shank in hand and chased inmates for 10 seconds. Finally Defendant N. Garilaso decided to Activate the Alarm to Quell the suppose melee.

During the above February 1-2019 Evening sanctioned Attack Assault the additional following Defendants observed for over Ten minutes without protecting Defendant John Doe (30) (is C13 observation). Defendant John Doe (31) (is Defendant N. Garilaso-PARTNER who was next to him), Defendant John Doe (32) is the Recreational Yard Tower observation, Defendant John Doe (33) and Defendant John Doe (34) (Are the two c/o's who were outside of the Dining Hall observing for many minutes without interceding.

From February 2-2019 thru April 25-2019 Plaintiff remained in segregation. During this time frame Plaintiff was escorted by Defendant Marcus Lopez, threated to not to ever repeat what you said about Anthony Martinez (Defendant) (at Lancaster). Under escort by Defendant Marcus Lopez, Plaintiff was slightly roughed up, by having his arm, forearm squeezed, and having the handcuffs on super painfully tight. Defendant Marcus Lopez assured me "I will make sure you do not get your Ad-Seg. Allowable property here - because we are not going to be soft and you for what embarrassment you did to Tony (Defendant Anthony Martinez at Lancaster), we are from the same city, where we come from we don't stank woman, besides you killed a woman, that I

never lived" said Defendant Marcus Lopez.

During that same time period in segregation Feb-1-2019 thru April 25-2019, Plaintiff sat in the same room with Warden Covell and Associate Warden Armenta, and both of these Defendants acknowledge watching captured video surveillance of the "melee" assault on Plaintiff. Defendants Armenta and Covell ridiculed Plaintiff for running several times from the inmates, pressuring Plaintiff to keep code of silence and to get with a program of respecting all staff.

From on about December 2019, Plaintiff moved per his request from C14-139 to C14-202. Within 7 days Plaintiff requested to rehouse into C14-139. On Sunday second watch floor staff said "Third watch c/o Luchaga Defendant will do the cell move. By dinner release Defendant Luchaga said, no cell move for stalker of women - so just deal with your cellmate. Plaintiff requested assistance outside of Dining Hall, in which he was handcuff and sent to see Defendant Sargeant Ryan in the program office. The cell move was granted in late evening hours. Plaintiff was then threaten to be assaulted by Defendant Luchaga saying, I ought to body slam you".

On late or early February 2020, Defendant Brightes violently handcuff Plaintiff at his cell entrance at about 4:30pm. Lifted his arms high, grabbing his rear shoulder area and pushed him into lower B shower, because Plaintiff had refused to share C14-139 cell with an inmate assigned there for 2 hours.

On or about February 7, 2020 Defendant Lieutenant

22

miranda threaten Plaintiff by ordering other inmates to do it.
Defendant miranda was under the cover of admonishing
Plaintiff for a polite Romantic note given by Plaintiff to a
female employee. Defendant miranda told Plaintiff "you are
a fucked stalker and a piece of shit for using your own
cellphone against staff at Lancaster — we should of
dealt with you a long time ago" he said. Plaintiff left
Defendant miranda office, and was stalked by two inmates.
Later same day, Plaintiff was told to report to Dental office.
(note that Plaintiff was not suppose to be checked scheduled
for that day) His Plaintiff arrived at Dental office but
was cancelled under the cover of high blood pressure. Upon
Re-entering the Recreational yard at about 2pm, Plaintiff
was again stalked by same predacing two inmates. Dental
Assistant is Defendant Jane Doe (25).

        On or about February 12, 2020 Plaintiff was nearly
assaulted by those same two inmates who have previously stalked
him.

        On February 12, 2020  Defendant Falcon came to Plaintiff
door in C14-139. Handcuff Plaintiff, Roughed up Plaintiff,
tugg on arm, twist wrist, forcefully hold head down, saying "your
ass, your not going to get your transfer out of RJD with
this stunt of your overfamiliarity, didn't I tell you last
year with sgt Torress (Defendant) that we will beat you
down silly when you get out of line - you've seen us do it
in front of your cell, we cuff you stupid ass" he said. Plaintiff
was sent to segregation and next day February 13, 2020 was
released to Facility A.

ON OR ABOUT EARLY APRIL-2020, PLAINTIFF signed up for the Running Election Availability of Mens Advisory council Representive (MAC-REP.) For the Hispanic position open vacancy within A2 Housing unit. Another inmate Also signed up. However Defendant Mr. Hernandez and Defendant Ms. J. Sanchez conspired with the other Running for MAC-REP Hispanic Inmate, in turn the sign up sheet was trashed And Defendant J. Sanchez sent word to the Executive Body of Inmate MAC-REPs, vouching for Inmate Moses Flores As MAC-REP Hispanic for A2 Housing Unit. Defendant J. Sanchez convinced the Executive Body of MAC REPs, that no other inmate signed-up for voting election ETC.. Defendant Hernandez mockingly yelled to Plaintiff "hey there is your new MAC-REP" indicating by pointing At Inmate Moses Flores.

Plaintiff asked Defendant J. Sanchez, how is it possible that inmate M. Flores was selected for MAC Rep without no hispanic inmates voting — let Alone without I (Plaintiff) being on the ballot, though I signed up to Run for MAC Rep. Defendant J. Sanchez said "because snitchers who use their cellphone to tell on staff Are not liked!"

Inmate Moses Flores Approach Plaintiff with two inmates And said; "Sanchez told me you are crying About the MAC Rep position" And he took an Aggressive step towards Plaintiff, with his two inmate friends. Plaintiff took a defensive combatant stance, And insisted that he Plaintiff "will sign-up And be place on the ballot, And we will let the hispanic vote decide who will be MAC Rep.

DEFENDANT J. SANCHEZ COUNTED THE VOTES FOR MAC-REP AND PLAINTIFF LOST THE ELECTION.

FROM MARCH 2020 THRU MAY 18 2021 ON FACILITY A, DEFENDANTS MX. MCCUSKY, J. SANCHEZ, MR. HERNANDEZ, MR. OGLE, MR. STEFANO, MR. BRIONES, MR. TOLEDO, MR. T. SOTO, MR. JUFFLIN, MR. BUENROSTRO, MR. ARMENTA, MR. TREVINO, MR. MERDEZ, MS. S. DOYLE, MR. FALCON, MR. I. BRAVO, MR. V. CORTEZ, MR. MERCADO, MR. CUEVAS, MR. A. MAGANA, WOULD OFTEN HECKLE - RIDICULE - BULLY PLAINTIFF CALLING HIM SNITCH, SCARED, YOU RAT, STALKER, NO ONE CARES ETC--- ON THESE MANY OCCASSIONS PLAINTIFF WOULD BE ENRAGED, INCITED AND PROVOKED TO ANGRY FILLED PROFANITY WORDS AT ALL DEFENDANTS.

ON ABOUT LATE AUGUST 2020, PLAINTIFF WAS CALLED TO REPORT TO FACILITY PROGRAM OFFICE, AT ABOUT 7:30 PM. OUTSIDE THE OFFICE DEFENDANT MX. MCCUSKY SAID STEP INSIDE THE HALLWAY, AND THEN VIOLENTLY PUSHED PLAINTIFF UP AGAINST THE WALL GRABBED HIS FACE AND NECK AND SAID; "YOU NEED TO CLAIM YOU DID NOT WITNESS NO EXCESSIVE FORCE USED BY FALCON AND JARLESS (BOTH DEFENDANTS) OR WE PROMISE YOU - YOU WILL NOT BE ABLE TO RUN LIKE YOU DID ON C-YARD".

PLAINTIFF WAS SENT ON HIS SECOND TRIP SCHEDULED BY FACILITY A MEDICAL PERSONAL DEFENDANTS JOHN DOE 26 AND JOHN DOE (27) AND SENT ON THIS SECOND TRIP TO TRI-CITY MEDICAL CENTER ON ABOUT OCTOBER 2020. TRI-CITY NURSE DEFENDANT JANE DOE (28) ATTEMPTED TO CONVINCE PLAINTIFF, "YOU ARE HERE BECAUSE OF ABNORMALITIES TO YOUR HEART BEAT - FOUND THROUGH THE HALTER MONITOR YOU HAD 2 WEEKS AGO, SO I WILL CUT AN INCISION IN YOUR LEG ARTERY, AND PLACE A WIRE CAMERA INTO YOUR HEART", DEFENDANT JANE DOE (28)

then allowed me to speak to the medical Doctor Defendant John Doe (29), using Defendant Jane Doe (28) cellphone, on speaker, Defendant J. Doe (29) doctor asserted he spoke to Plaintiff via telecom video while he Plaintiff was at the prison. Plaintiff refused the exploratory medical procedure.

Plaintiff, never had no such telecom video call with Defendant John Doe (29) medical Doctor. The first and only time Plaintiff spoke to Defendant J. Doe (29) was while at Tri-city med. center when Defendant Jane Doe (28) nurse, called the doctor Defendant J. Doe (29) on her cellphone.

Due to all allegations within this civil complaint - which are of criminal unlawful nature, Plaintiff is for certain that his trip to Tri-city med. center was a plot. conspiracy orchestrated by correctional officers and medical personnel at RJD prison - now with co-conspirators at Tri-city med.ical center, in an attempt to lead Plaintiff into a cut and open incision procedure for the sole purpose of introducing intestinal bacteria, medicine to lead to the death of Plaintiff. Plaintiff knew that the holter monitor proved no abnormalities, therefore it was a false pretense second visit for a angiogram incision etc... let alone any other possible visit for any other procedure.

On late September/early October Plaintiff was told by Defendant Mr. Falcon, "hey we did not like at all to what happened to us, six of us getting stabbed on B yard, so we want to get that leader (inmate) who lead the charge, dead". "He is no longer a southerner, he is a dropout, housed at (segregation) in the hole in Calipatria". "we want to offer you a

24

cellphone, and we will arrange a cellphone for your brother
(Enrique Canizos) at Calipatria". You convince him to
arrange for an inmate do something to get placed in
ASU (segregation), and there the ASU staff will have the
guy (inmate) we want dead, come out while escort, and
your brother friend will come out of his handcuff with
the help of staff, and we will give him enough time to kill
our target". "And we will bring in cellphones and drugs for
you and your brother". "One of the six officers was stabbed
16 times, and for no good reason", said Defendant Falcon.

    Plaintiff struggled in convincing Defendant Falcon
that he and his brother are devout Christians and
dont worry I'll keep this personal conversation to myself,
said Plaintiff.

    On November/December 2020 within A2 Building
Defendant Briones mocked and threaten Plaintiff of maintaining
code of silence, claiming "we have the keys here, we are the mafia".

    On January 3, 2021, Defendant Mr. Toledo looked over
the shower door while Plaintiff was inside the upper A shower stall,
and Defendant Toledo commented on Plaintiff genital area, then
Defendant Toledo violently push Plaintiff with both hands on
Plaintiff chest and cause Plaintiff to fall backwards onto the
shower floor.        Defendant Hernandez stood next to
Defendant Toledo and approved, laughed and mocked.
Defendant Trevino stood there watch and mocked and attempted
to cover up to what actually occurred by issuing a
Rules Violation Report and writing the infraction of inmate
Plaintiff Delaying a Peace Officer, but left out the excessive force,

under the color of law.

On March 4, 2021 Defendant Buenrostro intentionally scratched off Plaintiff off the access to shop at the prison commissary. On March 10, 2021, Canteen manager Mr. Jimenez verified to Plaintiff "it was indeed C/O Buenrostro unethical doing - who scratch you off the store list, look (showing Plaintiff the list of order of shopping for inmates for march 4, 2020 a.m. hours, handled by C/O Buenrostro) the list, here there #14 is you scratch off and there C/O Buenrostro wrote Transfered, therefore I only "shopped" 19 of the 20 inmates on that list, I'm sorry, I don't know why C/O Buenrostro would do this to you" he said.

During march 4, 2020 9:00 am - 11:30 am, Plaintiff was only 10 feet in front of Defendant Buenrostro, as he called the next inmate on the list and the next until are finished shopping. It held just another method of a systematic ongoing abuse to incite and provoke Plaintiff, retaliatory methods from starting point to present.

On April 14, 2021 at about 3:35 pm on the Rec.- yard, Defendant T. Soto and Defendant Jurrin mocked and harrased Plaintiff. Plaintiff then lashed out in angry words.

On April 15, 2021 at 3:42 pm, Plaintiff was assaulted by inmate Jose Lopez without provocation nor rationale reason, inmate Jose Lopez later declared in a two page declaration that the reason for the assault was because, "you were disrespecting staff and on paper you are a southener" (which Plaintiff is not).

On September 22, 2020 Defendant S. Doyle intentionally falsified information onto Plaintiff committee chrono and

28

wrote Plaintiff as "being a Suteno gang member OR in english a Southerner", and she falsely wrote Inmate Canizos (Plaintiff) wants his brother removed off his enemy list but he doesn't want to be at the same prison with him".

IN JULY 2020, Defendant merdez (counselor) mowed and threaten Plaintiff into code of silence, and to stop being a predator stalker and usill never have a cellphone agind, look what you did at Lancaster" he said. Further merdez lied to me and attempted to plant the seed of animosity towards my brother Enrique Canizos.

ON APRIL 15, 2021 After Plaintiff was assaulted with weapon by Inmate Jose Lopez, Plaintiff was escorted to Facility A clinic and placed in the holding tank, he was strip search-unclothed body search by Defendant MR. Ogle — Plaintiff requested medical attention for injurys sustained, Defendant Ogle said, you were okay, that cut there is already caking up, its not bleeding". MR. Ogle left, and outside of holding tank at podium was Defendant ms. J. sanchez and Defendant ms. sanchez. neither one of them told him to report to the gate to await escort to Triage Treatment clinic, nor was he asked, nor any register nurse come to him to evaluate wounds.

ON APRIL 15, 2021 Third watch Sargeant John Doe(42) and J. Doe(43) Lieutentant are Defendants and unethically brake protocol by not calling the investigating security unit officers to come take pictures of my wounds and to interview me and to take pictures. These interro of practice into a crime, is an attempt to protect the orchestrators c/o Defendants of the mastermined motive for the assault on Plaintiff.

29

On APRL 16, 2021 At 12:30 Pm Plaintiff was in unbearable immerse pain due to injurys sustained from 4-16-21 ASSault. A2 Housing unit Personal Refused to Activate a cude medical emergency. instead Plaintiff is told sit on that wheelchair And inmate Kennedy can push you to Facility A medical clinic.

At Facility A medical clinic on 4-16-21 At 1740 Pm Defendant c/o I. BRAVO mocked And threated to ASSault Plaintiff. Mr. BRAVO insisted Plaintiff was faking it And would not leave medical evaluation Room, And impeded and influenced tending medical Docter Defendant John Doe (22) And Defendant nurse ms. sy JANE DOE (23) The medical Docter merely touched-Brushed his fingers over wounded cut Rib And decrared "you Are okay, nothing wrong with you. Sargeant Jane DOE (42) (Defendant) Stood 5 feet away And Also mocked And Said nothing when Defendant I. BRAVO threated to Physically ASSault Plaintiff.

(4-16-21) Plaintiff was told to exit the medical clinic, And in Pain And wanting immediate medical care, he layed outside on Pavement on his Right side And pleaded for an ambulance. Defendant Sargeant John Doe (44) And Defendant Sgt. John Doe (45) made fun of Plaintiff, And convinced him sit on a wheerchair And had An inmate Push Plaintiff to his cell. Defendant nurse sy JAne DOE (23) issued A manuel PASS for next day 4-17-21 x Rays which Plaintiff was never called to Report.

On APRL 15, 2021 At 3:40 Pm c/o SEARS intentionaly And deliberately with malice Aforethought did not Order inmate Jose Lopez to terminate his phone call because its time for scheduled

30

3:40 Pm for phone 3 phone call —which is were Plaintiff was scheduled to use. Plaintiff was assaulted there as stated earlier in page 38 L-22 - L28, Page 29 L1-L4. Inmate Jose Lopez said to Defendant, Excuse me said to Plaintiff that Defendant C/O Magana told him "getting "get Canazos good". (Facts)

On January 3, 2021 Defendant Zendijas Allowed C/O Toledo to Assault Plaintiff See Page 27 Line 18 - L28 (Facts), and did not intervene nor report the true nature of the incident, instead he threaten to shoot Plaintiff.

From March - 2020 - December 2020 Nurse Turres Defendant without Authorization Altered Plaintiff Medical Chronos and Removed Chronos for Knee Sleeve And in SLRs And Removed Plaintiff off Lower Floor, Lower Bed only Accomodation.

From April 25, 2019 - thru May 18 2021 Defendant Captains John Doe (19), John Doe(20), John Doe(21) were Aware and Responsible at the Injustices and continuing violations of Plaintiff Fundamental Rights, thus they kept covering up every Abuse and oppression meted out on Plaintiff by RJD/CDCR Defendants.

On May 14, 2021 the U.S. District Court for Northern District of California filed Plaintiff's 101 pages Declaration of Facts with supporting Documentation. within those pages Plaintiff deemed or perceived that upon filing 602 Prison Grievance on May 19, 2021, that he would be placed in Administrative Segregation Unit (ASU) somehow by some person by RJD Administration, but in Actuality the unethical person would be Retaliation on Plaintiff for the beginning of a series of 602 Grievances.

Lo and Behold on May 18 - 2021 X-Rays reveal that Plaintiff

31

11th rib was found fractured (1 month + 3 days after being assaulted with weapon), and on that day Facility A Defendant Lieutenant Shephard approved the lockup order of plaintiff due to Defendant Mercado and Defendant Cuevas covering that mysteriously evading the eye of all the new high tech video surveillence - including body cameras, an anonymous note appeared on Defendants Cuevas and Mercados office desk within AB Housing Unit. The "note" they claim said plaintiff is bragging to assault staff with a knife. Such alleged anonymous threat and issuance of a rules violation report was disregarded and set aside on June 17-2021, however Defendant E. Aukerman and Defendant S. Steadman continued the cover up of "peace officers" Defendants crimes and civil rights violations of plaintiff - choosing now to utilize the staff separation alert of employee A. Cabbardon as the reason not to discharge plaintiff from this unlawfully duress ASU false Imprisonment. The fact is that the staff separation alert existed since February 2020. The fact is, convinced now on 6-17-21 for that staff sep. alert (SSA) to be enforced and enforced. Further Defendants E. Aukerman refused to grant the qualifications of ASU non Disciplinary Status (NDS) to plaintiff, which would grant more privileges and expidient transfer.

On May 27, 2021 at ASU committee Defendant Captain John Doe 21, Defendant E. Aukerman chose to ignore plaintiff claim of overfamiliarity with Defendant Marcus Lopez, and high volatile tension with plaintiff and Defendant M. Lopez.

Between May 11-2021 thru May 14-2021, plaintiff was escorted

to FACILITY A PROGRAM OFFICE APPROXIMATELY on 4 different
OCCASIONS because of Plaintiff Family member Cynthina CANAZOS
voicing her concern of the safety and welfare of Plaintiff her
brother, who had spoke to her of being denied medical care -
with RIB area hurting since 4-15-21, feeling threatened by
Defendant I. BRAVO (threats of 4-16-21), of the Rehoused
intense fear and concern of Named and AVR supplementer of
inmates (8 TOTAL) of FEBRUARY 1-2019 incident "here", and
his shame, mental anguish, fear of being assaulted on
January 3, 2021 by Defendant mr. Turedo. However
these interviews were ignored nearly in full and disregarded and
numerous 602 grievances that Plaintiff has submitted have
not been returned nor acknowledge with any log number
receipt. Therefore Defendants sargents John Doe (38)
John Doe (39), John Doe (40) and John Doe (41) have conspired and
joined in the overall systematic oppressive use of force by
staff and thru orchestrating inciting of inmates, with injury
and further psychological mental anguish.

FOR Above Reasons Appeals coordinator's John Doe (35)
John Doe (36) and John Doe (37) have also conspired with All
Defendants.

Fact that RJD Appeals chose to ignore Plaintiff claim to
safety Enemy concern of All Recorded inmates within his
Rules violation Report incident of FEBRUARY 1-2019, which is
one of the other STRATEGIC Ploys of "PEACE OFFICER" Gang
method to keep one other avenue of Retaliation for Plaintiff.

ON May 26, 2021, while in ASU Rec YARD AT 10 am,
mental Health Escort Defendant CASILLAS chose to impede

33

deliberately Plaintiff ability to attend to mental health
committee (I.D.T.T.), and falsified documents claiming that
inmate (Plaintiff-) refused (contrary to his Body cam review).
    This ploy is another method of CDCR/RJD, CO's, who
attempt to incite and provoked Plaintiff to react into a
prison infraction.
    FACT, Defendant V. CORTEZ (no longer captain, but Lieutenant) was
sent to my cell door on June 10, 2021 at about 6:30pm. He did not
give me an option of coming out of my cell - into a confidential
appeals interview in which he claimed he now represented. Instead
he asked quick questions" regarding your appeal you submitted
on dated may 10 or may 11 2021 - regarding C/O SEARS (Defendant)
failing to protect on 4-15-21 3:40pm A2 Floor (when SEARS
deliberately refuse to remove-order inmate Jose Lopez off
my assigned phone time. To this date, Plaintiff has yet to
receive a return copy of this above mention 602, interview
inquiry conducted unethically by Defendant V. CORTEZ (LT.)
    On June 22, 2021 at 3pm, while Plaintiff was being
escorted from ASU I.E.M cage unad by Defendant Aceves, he
intentionally had his Body cam off, and he whispered to Plaintiff
"leave C/O Lopez (Defendant M. Lopez) out of this" and Plaintiff
hands was squeezed harshly and arm. As Plaintiff entered his
cell, he discovered that his cell was search improperly by
Defendant Aceves and Defendant VILLORIA; personal allowable
items were confiscated by these two Defendants. Plaintiff
was provoked and wanted to speak to supervisor, therefore
Plaintiff refused to be uncuffed, and remained with the
handcuffs on his wrist for seven hours. Defendant mR.

34

PALMER (Associate Warden) arrived at Plaintiffs door and said he would investigate all of Plaintiffs claims of "abuse" and unaccounted submitted 602 grievances; Defendant Palmer said tomorrow on 6-23-21 I'll have Lt. Garvey pick up your informal letter, outline of your complaint. Before Palmer left Plaintiff door he said, "hey I personally know Anthony Martinez (Tony) (Defendant), I was O.F.C at Lancaster (Prison) with him, he is my friend", then left Plaintiff door.

On June 23, 2021, Lt. Garvey picked up 6 pages from Plaintiff of his outline of complaints on behalf of Defendant Palmer. Five minutes later those same 6 pages was returned to Plaintiff, with no explanation.

On June 24, 2021 Plaintiff was in such disbelief to all that has occurred to him presently and since 2017, he threw a milk carton filled with urine and feces meant for Defendant Aceves, but contents splattered mostly on c/o Giraud.

On June 22, 2021 Plaintiff handed a 602 grievance to either c/o Vazquez, c/o Fernandez or to Defendant Aceves with new developments of Defendant Marcus Lopez body cam and video cameras capturing him at Plaintiff door on June 3 2021 or June 10 2021 at about 8 a.m, identifying his personal overfamiliarity with two of Plaintiff brother Carlos Martinez and Enrique Canazos. Another 602 in MIA.

On July 1 2021 about 10:30 am Defendant Marcus Lopez stops at my door and admonished me of "whatever occurred with your brothers was thirty years ago and yes I've heard of

LAS TRES PALMAS.

On July 26 2021 Defendant Viloria chose to continue deliberately the ongoing abuse, retaliation of CDCR-RJD methods of his colleagues Co-Defendants by searching my cell room and confiscating the few empty zip bags and empty 2 milk cartons. Defendant knows that as ASU inmates, here for discipline, we are not afforded access to possess a cup and a bowl. Plaintiff and inmates therefore use a bag or saggy milk carton to eat their commissary purchased items. Defendant Viloria had did this same tactic to incite and oppress Plaintiff on June 24, 2021, (leaving no cell receipt?). So after the July 26 2021 cell search Plaintiff asked politely at 11:30 A.M. of Defendant Viloria "Hey replace my zip bags you took and the disinfectant cleanser". He only returned with the liquid cleanser inside a zip bag. But no empty new zip bags given to eat his canteen food items or to drink his self purchase coffee. By 3:11 pm, Plaintiff was angry and yelled at Defendant Viloria, and he withdrew his baton displayed and threatened to strike Plaintiff on his head at this point Plaintiff bent over to waist line and exposed the top of his head for Defendant to strike him. In turn only Defendant Viloria version of his unlawful moral deeds was written in a Rules Violation Report against Plaintiff.

On September 11, 2021 Defendant Viloria ordered Defendant Shi to enter Plaintiff cell and confiscate his empty zip bag (empty coffee bag) that he used to make-cook food in or to drink coffee, in addition Defendant Shi

36

deliberately confiscated an allowable yellow high lighter sharpie (issued from his property by c/o chavez). So plaintiff upon noticing the continuing abuse, sat down on dayroom floor while handcuff behind his back. However sargeant defendant Rivera (Sept-11-2021 11:30 am) refused to call the lieutenant per plaintiff requesti instead defendant ordered defendant viloria and c/o Hernandez to forcefully pick up plaintiff. At this time plaintiff in peaceful demonstration took the position of laying flat on his back-crossing his two ankles one over the other, but defendant Rivera re-ordered yelling pick him up with force, and two feet off the floor half torso (lower half legs still on floor and waist, defendant viloria and c/o Hernandez drop plaintiff onto pavement due to defendant Rivera orders. Ambulance was called due to plaintiff claim of injury. Defendant Rivera chose to excersise the old in-grain unethical methods of pre-camera days continuing the deliberate misconduct of RJD custody.

On or about May 11, 2021 plaintiff deposited in U.S. mail box within A3 building sealed legal mail, addressed to chula vista superior court. contents within was a writ of habeas corpus with a third level appeal contesting CDCR decision not to place plaintiff on single status. The writ was denied, the judge citing "no supporting documents to support claim". Plaintiff wrote the courthouse twice stating he wanted a copy with the supporting documents he had attached to the writ – However and stating that on writ and proof of service he indicates "attached supporting documents third level appeal"; twice the court replied by A. magana titled job coeIII, calendar dp his two letters

37

dated July 7, 2021 and July 19, 2021, with the reply that
nothing else is on file (no Supporting Documents Third Level Appeal).
Therefore Plaintiff puts this Honorable Court on Notice, that this
fact that my STATE writ of HABEAS CORPUS is to be found and filed
without the Supporting Documents Plaintiff included. It is the
Plaintiff conviction without a doubt based that either RJD
Employee's reopen the mail and discarded the Supporting
Documents Third Level Appeal Grievance OR that a RJD c/o
Defendant(s) influenced an employee at the Chula Vista
Superior Court to sabatage the Supporting Documents that was
Attach to the Writ of HABEAS CORPUS. Plaintiff FURTHER highlights
that the two letter Reply by the Courthouse dated July 7 and 19
of 2021 is ironically or coincedental Authored by
A. MAGANA, COC III -Calendar DP. Plaintiff's RJD c/o
Plaintiff I mean Defendant is c/o A. MAGANA. Therefore
Plaintiff cant assert a fact if the courthouse A. MAGANA
is related to Defendant c/o A. MAGANA. Nevertheless
the fact is, that the writ of HABEAS CORPUS CASE No. HSC 11872,
Supporting Documents was intentionally sabataged.

            Finally on September 16, 2021 at 1PM As Plaintiff
entered, passed up cages occupied at ASU Cage I.E. in Yard,
Inmate BARNET COCR No. BB1440 reversed Personal information
of Plaintiff Family members And his Plaintiff case conviction:
As Plaintiff walked by BARNET, BARNET said "ENRIQUE, ENRIQUE",
then Plaintiff entered his own cage, and BARNET said the
precise name and Age of one of the three deceased victims
in the Plaintiffs' case conviction committment. BARNET FURTHER
named the Age of a Second victim, then said city of

38

Santa Fe Springs, yes I have my sources" he said.
Inmate Barnet on Friday September 10-2021 between 8:30 am
and 11:30 am was escorted to two confidential visits, in
which the interviews - scheduled visits he had with employees
is the likely source that an employee either accessed the
Departmental Soms software file by using my CDCR number, or
an employee used a RJD online access computer or personal
smartphone/palm tablet and googled plaintiff name and case
information etc.. Plaintiff informally reported this
personal info inmate Barnet had and Barnet ways of
intimidation and threat to several custody staff but to
no avail. One staff suggested hey Barnet could of used
a contraband cellphone, but hogwash because in ASU B16,
there is no outlet electricity inside A11 100 cells. So there
is no way inmate Barnet had access to my CDCR number nor
my full name. And no way to have obtain such personal
information; let alone no one calls plaintiffs' brother
by his birth name "Enrique", not even his mother. Now
plaintiff is being further harassed by same other employee
or possible direct defendant (Marcus Lopez?) by obtaining
personal info and giving it to inmate Barnet CDCR no BB1490,
as a tactic to terrorize.


Misuse of Force, Denial of Due Process, subjected to
ongoing cruel and unusual Punishment, Denial of medical
care, Denial of freedom of speech is and can be
expounded on and argued from attached Exhibits J-X,
and Exhibit Z, and all previous filings to this above

Civil Rights Complaint. Numerous inmate witnesses exist to Facts.

## Exhaustion of Administrative Remedies

The Plaintiff has exhausted his Administrative Remedies with respect to All claims And All defendants, as of a matter of Law, United States Code And Federal case Law, under Prison Litigation Reform Act.

## Relief Requested

1. Compensatory - damages be Awarded for # $2,000,000 Against All defendants

2. Punitive - damages be Awarded for # $1,000,000 Against All defendants.

3. Declaratory Judgment - stating the gross injustice that occurred under the color of law against Plaintiff, etc, with An Apology on behalf of the People of the United States of America.

4. Issue An Injunction - Ordering CDCR to remove Rules Violation Report Incident that "Allegedly" occurred on March 17, 2017 "stalking" off Plaintiff Prison File And All other Rules Violation Report issued from March-2017 thru September 16, 2021.

5. Issue Special Injunction - The immediate Release of Plaintiff from custody, vacating his case conviction, in the Interest of Justice in further.

6. Declaratory Judgment: CDCR Failed the will of the People of California in entrusting Plaintiff into CDCR custody, Plaintiff has payed his debt with persistence And cruel unusual punishment.

Dated September 16, 2021                40

Robert Cavazos
Plaintiff - Robert Cavazos

U.S. Dist. Ct. So Dist. of CA

Original

CASE NO.
21-CV-01156-JAH-AMG

MOTION Leave to Amend

Appointment of Counsel/Request of
Counsel

1    Page

Robert CAVAZOS
CDCR J26206
480 ALTA ROAD

United States District Court

Southern District of California

Robert CAVAZOS                     CASE No. 21-CV-01156-JAH-AHG
       Plaintiff
                                   Motion Leave to Amend, under
U.                                 Rule 15(A) and (B) Fed.R.Civ.P.;
N. GARILASO, et AL.                Amendment for motion for
                                   Appointment of Counsel.

Herein comes Plaintiff requesting Leave to Amend under Rule 15(A) and (B) of Fed.R.Civ.P. in the interest of justice, so that Plaintiff can further request new developments of why he meets consideration of unusual circumstances for Appointment of Counsel request by the courts.

Amendment to motion of Appointment of Counsel In Exhibit T, Plaintiff level of CARE as a mental Health Patient has worsened or change to higher level of CARE from EOP to NCF meaning he will be sent to the Departmental Health System due to higher acute mental Diagnose. Presently other inmates have Assisted Plaintiff in preparing this complaint, and the complexity of his civil complaint with many Defendants and witnesses to prepare can only be adequately done with a bona fide lawyer

DATED: September 16, 2021                    Robert Cavazos
                                             Plaintiff Robert CAVAZOS

ORIGINAL

U.S DIST CT. SO. DIST-CA...

CASE NO. 21-CV-01156-JAH-AHG

# E

PAGES

1-6

# X

# H

# I

# B

# I

# T

J

ORiginal

**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# OOA ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF APPEAL

**Offender Name:** CAVAZOS, ROBERT                    **Date:** 08/11/2021

**CDC#:** J26206

**Current Location:** RJD-Facility B

**Current Area/Bed:** B 006 1138001L

**From:** Office of Appeals

**Re:** Log # 000000124225

The California Department of Corrections and Rehabilitation, Office of Appeals received your appeal on 07/16/2021. Your appeal is being handled as specified below.

**Claim # 001:**

Your claim concerning General Employee Performance;Substandard Performance is rejected by Office of Appeals for the reason(s) indicated below.

You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you received a claim decision response from the Department was 06/08/2021; the date you submitted this claim was 07/13/2021. You should have submitted your claim on or before 07/08/2021 to meet the 30 calendar day requirement set forth in the regulations.

This serves as your response by the Office of Appeals.

Do not resubmit this claim to the Office of Appeals.

CDCR SOMS OGTT305
OOA ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF APPEAL

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | Appeal #:_____ Date Received:_____ |
| --- | --- |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #: 124225 |

Claimant Name: Canotos        CDCR #: 526206

Current Housing/Parole Unit: RJD - B     Institution/Facility/Parole Region: RJD

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

**REC BY OOA**

**JUL 16 2021**

Claim #s:
_____
_____
_____

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #: "In its Entirety"

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* The alleged misconduct is a Ongoing Adverse affect by the nature-seriousness of occurrence: (1) staff retaliatory methods of voicing personally to me and Assailants of displeasure to my personal enemy overfamiliarity to co Anthony martinez - And my denouncement of him to ISU LAC on 2-16-18. Thus RJD enticed, encouraged, condoned the inmates to attack me as staff watched for more than 10 minutes - with no intervention @ Further stated RJD bribed and dual threat to remain in code of silence that I'm immediate w/after would be removed off enemy list and transferred-to house with me And also inexorably pressured to not loop. ③ Though timely loop attempt was sabotaged, disappeared, never logged. Another returned without log number and then threatened again (4) threats since then to keep quiet-thus ongoing issue to point of reference to 2-1-19 incident

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

Firstly case No. 3:21-cv-04330 LB (Active) u.s. District court southern district of California - which contains my copy of crime-incident report part A1-supplement CDCR 837-A1 page 2 of 7 Incident Log number RJD-CYD-19-00-00601 (identifying or noting the other inmates who remained my enemy attackers, though RJD go's protected them by not identifying them.) (NOTE inmate Guzman, H. K19612 was innocent by-stander). ② video surveillance footage existed(?) of 2-1-19 security cameras Affixed on each building).

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

2



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** CAVAZOS, ROBERT                    **CDC#:** J26206

**Date:** 06/08/2021

**Current Location:** RJD-Facility B                    **Current Area/Bed:** B 006 1138001L

**From:** Office of Grievances at RJ Donovan Correctional Facility

**Re:** Log # 000000124225

The California Department of Corrections and Rehabilitation Office of Grievances at RJ Donovan Correctional Facility received your grievance on 05/21/2021. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your claim concerning General Employee Performance;Substandard Performance is being rejected by Office of Grievances for the reason(s) indicated below:

You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you discovered the adverse policy decision, action, condition, or omission by the Department was 02/01/2019; the date you submitted this claim was 05/20/2021. You should have submitted your claim on or by 03/03/2019 to meet the 30 calendar day requirement set forth in the regulations.

As your allegation occurred on 2/1/2019, it is far outside time constraints to submit a grievance. As such, it is being rejected. Please note, the Hiring Authority reviewed your allegation and has determined to assign it to a Local Designated Investigator (LDI) for a Institutional Inquiry outside the grievance process. You will not be notified of the outcome via the grievance process.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at RJ Donovan Correctional Facility.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

Side 1

IAB USE ONLY | Institution/Parole Region: | Log #: | Category:

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First) | CDC Number | Unit/Cell Number | Assignment |
|---|---|---|---|
| Carrasco Robert | J[illegible] | B[illegible] | |

**A. Continuation of CDCR 602, Section A only (Explain your issue) :** [illegible] STAFF I was
[illegible] B [illegible] for [illegible] body search. At this
time I stated to staff that I was confronted by two inmates
on the way to breakfast in a threatening hostile [illegible] my
[illegible] was ignored. Before [illegible] numerous [illegible] inmates
[illegible] that members of [illegible] gang told them to stay
away from me at [illegible] that staff will allow them to
get me. On my [illegible] from [illegible] I was surrounded at [illegible]
[illegible] by 14 inmates [illegible] to kill me and [illegible] with [illegible]
about [illegible] minutes [illegible] this [illegible] CO [illegible] [illegible]
[illegible] the [illegible] to encourage the gang [illegible]
[illegible] the [illegible] not [illegible]
[illegible] from the gang to [illegible] C/S and C/O [illegible]
and his [illegible] the gang that [illegible] me [illegible]
[illegible] also. As I walked [illegible] to cell the gang [illegible]
again [illegible] as they [illegible] to C/S and [illegible] and attempted to
[illegible] C/S [illegible] staff [illegible] and [illegible]
[illegible] 10 minutes as the gang approached me. [illegible]
[illegible] staff told me to stay quiet and [illegible] 4-25-17.

**Inmate/Parolee Signature:** [signature] **Date Submitted:** 5-[illegible]-21

**B. Continuation of CDCR 602, Section B only (Action requested):** [illegible] I was [illegible] C/S
[illegible] of C/O [illegible] and his partner watching, and all other
cameras of staff [illegible] watching from [illegible] outside and
observation may be [illegible] of cameras recording. (2) If a video
is recorded, [illegible] staff [illegible] other [illegible] and
that is [illegible] proof that RJD staff conspired and encouraged
and [illegible] members of a STG gang by failing to
[illegible] (3) [illegible] to [illegible] staff
who attempted to [illegible] into a [illegible]
[illegible] if [illegible] Carrasco [illegible] qualified for 180 [illegible] to Fac. C and
told that his brother [illegible] Carrasco [illegible] his enemy list since [illegible]
[illegible] him off his enemy list and we will transfer him here! [illegible] Retaliation?

**Inmate/Parolee Signature:** [signature] 4 **Date Submitted:** 5-20-21

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):

Inmate/Parolee Signature: _____   Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):

Inmate/Parolee Signature: _____   Date Submitted: _____



Original

U.S. Dist CA So Dist CA
Case no 21-CV-01156-JAH-AHG

E

X

H           PAges
            1-2
I

B

I

T

ORiGiNAL

## DECLARATION OF T. J. MURPHY

I, the undersigned, declare as true:

1. My name is Thomas Joseph Murphy, DOB: 4/7/68, and I am/was a state prisoner confined at the R.J. Donovan prison at Rock Mountain at all times relevant hereto.

2. On 1/3/21 I was housed in Unit A2, cell 227 at R.J. Donovan (RJD), and was in said cell at approximately 5pm to 7pm.

3. When "A"-section of housing unit A2 was opened for the collection of evening meals, I seen Mr. Cavasos, A2-102 exit his cell and proceed to the shower on the upper tier of A-section.

4. I observed three (3) corrections officers follow Mr. Cavasos. Officers Toledo, Trevino, and Hernandez.

5. At the A-section upper shower, it appeared from my vantage point, inside cell 227, that the Officers were yelling at Mr. Cavasos as they maybe staged to attack.

7

(1)

ORiginal

6. Suddenly and seemingly without necessity Officer Toledo used both hands, striking Mr. Cavasos in the upper torso area with such force, Mr. Cavasos hit the shower floor, naked

7. Mr. Cavasos jumped up and put his underwear on and swung the shower barred door open, on Toledo's chest.

8. At that point, I told my cell-mate to "look at this"! and seen nothing further

I declare under penalty of perjury under the laws of the state of California, the forgoing is true.

The foregoing is written and signed by my hand on this 19th day of August, 2021, at San Diego, California

T.J. Murphy - Declarant.

ORIGINAL

U.S. DIST. CT SO. DIST CA

CASE NO.   21-CV-01156-JAH-AHG

E
X
H
I
B
I
T

Pages
1-4



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:**   Grievance Claims Decision Response

**Offender Name:**   CAVAZOS, ROBERT            **Date:**   07/30/2021
**CDC#:**   J26206

**Current Location:**   RJD-Facility B            **Current Area/Bed:**   B  006 1 - 138001L

**Log #:**   000000131492

---

**Claim #: 001**
**Institution/Parole Region of Origin:** RJ Donovan Correctional Facility     **Facility/Parole District of Origin:** RJD-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:**   General Employee Performance          **Sub-Category:**   Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at RJD-Facility B received your claim on 06/01/2021.

California Code of Regulations, title 15, provides CDCR Office of Grievances 60 calendar days to complete a response.

Although 60 calendar days have passed since your claim concerning General Employee Performance;Other Staff Misconduct - NOS was received, your claim is still under inquiry or investigation. Due to the expiration of time, this response by the Office of Grievances will be the only response.

You will be notified once the inquiry or investigation of the issue concerning your claim has been completed, but the notification will be outside of the timeframe of the Grievances and Appeals Process. You do not need to resubmit this claim to CDCR.

**Decision: Under Investigation**

Original

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): CAVAZOS Robert | CDC Number: J26006 | Unit/Cell Number: B6-138 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): OVER FAMILIARITY with ASU C/O MR. LOPEZ, RETALIATION, THREATS of LIFE with COWORKERS

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): Today 5-21-21, AT I.C.C. I disclosed to committee members that C/O LOPEZ who worked today in ASU him and I are over familiar since the 1980's from the city of SANTA

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): (1) That 5-21-21 C/O LOPEZ body cam and other cameras be reviewed about 8:30 Am to verify how and why did he stop while pipping took two steps

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____    _____

_____    _____

☑ No, I have not attached any supporting documents. Reason: I do not have access to C/O LOPEZ High School record nor his file to prove I met him at Los Arctos Park 4th of July 1987-88, 89 Frasier High, and I have no access to LTP (former member) to vouch of LOPEZ

Inmate/Parolee Signature: Robert Cavazos                    Date Submitted: 5-22-21

☐ **By placing my initials in this box, I waive my right to receive an interview.**

RUDCF Appeals   ☆ Received U S E O N L Y   JUN 01 2021

**C.  First Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____  Interview Location: _____
Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____
Reviewer: _____ (Print Name)  Title: _____  Signature: _____
Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

②

10

ORIGINAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.  WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): CAVAZOS Robert | CDC Number: J06206 | Unit/Cell Number: B6-138 | Assignment: |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue):** Fe SPRINGS CA. And
US having gone to the same Whittier union High
School District in PARTICULAR FRONTIER HIGHSCHOOL
And SANTA Fe High School with my siblings. IN A
PREVIOUS STAY IN RJD ASU FEB-2019 - APRIL 25 2019,
C/O LOPEZ had discuss to me his ASSOCIATION with
both Fide members of the STREET GANG LAS -TRES-
PALMAS. He Named TONY Aguilre AKA SNIPER
ROBERT CORTEZ, JIMMY CORTEZ, GIAN CORTEZ, the
ARRAZATE Family, AKA FATMAN, AKA Perguie, AKA
Bandit my immediate brother ENRIQUE CAVAZOS, And AKA
PAYASO CARLOS CAVAZOS MARTINEZ my brother. He Named
MARK DIAZ AKA CASPER. and I could go on. C/O LOPEZ
in 2019 displayed his displeasure of I naming then Lt.
Anthony MARTINEZ who worked in LANCASTER in which I
was harrassed And extracted by ISU in 2-16-18 (LAC). That
C/O Lt. A. MARTINEZ is Also An Associate of my former
STREET GANG LAS TRES PALMAS. Today SO. LOPEZ APPROACH the side of my
door And said "What HAPPENED". AFTER I.C.C. he tried to escort me.

Inmate/Parolee Signature: Robert Cavazos      Date Submitted: 5-27-21

**B. Continuation of CDCR 602, Section B only (Action requested):** back And leaned his face to side of
my door to say "What happened is A mediacy LTP Associate type
of way. (2) FOR cameras And his Body Cam be viewed For 5-27-21
As I step out of I.C.C. Room About 9:15 AM, why did C/O LOPEZ
Attempt to convince my escort C/O "hey I'll take him", but the
escort C/O said No - For further proof of C/O LOPEZ to remind me
of 2019 thrents - perhaps by judging me or whispering on A
escort to keep code of silence under thrent. (3) THAT 2019 FEB 1 thru
APRIL 25-2019 ASU cameras be viewed For the day C/O LOPEZ escorted me
And thrented And harrassed me. (4) This security thrent And thrent to harm me real
is ongoing - And by his co-workers here At RJD; therefore I need An expediate
transfer for my safety. (5) He be Asked if he knew members of LTP And Highschool Town Attached

Inmate/Parolee Signature: Robert Cavazos      Date Submitted: 5-27-21

11     ③

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**                     *ORiginal*                     DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 602-2 (03/20)

Page 1 of 2

| **STAFF USE ONLY** | Appeal #:_____ Date Received:_____ |
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #:_____ |

Claimant Name:_____ CDCR #:_____

Current Housing/Parole Unit:_____ Institution/Facility/Parole Region:_____

☐ **There are no claims that can be appealed.**

☐ **The following claims cannot be appealed:**

**Claim #s:**
_____
_____
_____

_This is the process to appeal the decision made regarding a claim that is not listed above._

**Claim #:**_____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.
_I am dissatisfied with the response I was given because_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:
_____
_____
_____
_____

④

12

Original

U.S. DIST CT. SO DIST CA.

CASE NO. 21-CV-01156-JAH-AHG

E

X

H

I

B

I

T

Pages

1-19



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

*ORiginal*
*EOP*
*12.9*

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME | INMATE'S NAME | CDC NUMBER |
|---|---|---|
| RJD-Facility A | CAVAZOS, ROBERT | J26206 |

### REASON(S) FOR PLACEMENT (PART A)

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☑ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY      ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

You, Inmate CAVAZOS, R., J26206, FA-02-102L, are being placed in Administrative Segregation on Tuesday, May 18, 2021, for the following reason (s): On Tuesday, May 18, 2021, you Inmate CAVAZOS, R., J26206, FA-02-102L, were identified via an anonymous note as a suspect involving threats to assault Facility A staff with a knife. At this time a threat assessment has been initiated regarding your involvement to assault staff with a weapon. In addition, when Facility A Housing Unit 2 Officer Mercado approached you while you were standing in front of Housing Unit 2 cell 101 he observed you pass an unidentified object into cell 101. A search of your person, cell 101 and to include Inmate Garcia, J17311, discovered him in possession of dangerous contraband specifically a metal nail with a pen cap as a handle. Again, a Threat Assessment has been initiated into these allegations to Assault Facility A staff where you will be rehoused in ASU pending completion of the inquiry. Based on the aforementioned; you are deemed to be a threat to the safety and security of this institution. You will remain in ASU pending administrative review for program and housing needs.

Mental Health: EOP TABE: 12.9 DPPV: NONE DDP: NCF

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT 05/18/2021 | SEGREGATION AUTHORITY'S PRINTED NAME A. Shepherd | SIGNATURE A. Shepherd | TITLE Lieutenant |
|---|---|---|---|

| DATE NOTICE SERVED 05·18·2021 | TIME SERVED 1206 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE SHEPHERD | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|

| ☑ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER J26206 |
|---|---|---|

You were identified with a disability of:
☐ Hearing   ☐ Vision   ☐ Speech   ☐ Learning Disability   ☐ TABE under 4.0 / no TABE   ☐ Developmental Disability   ☐ CCCMS   ☑ EOP
☐ Foreign Language Speaking

Method
☑ CAVAZOS, ROBERT reiterated in his own words, what was explained

18 ①

CDCR SOMS ISST180 - CDC NUMBER: J26206 NAME: CAVAZOS, ROBERT

STAFF ASSISTANT'S NAME _Assigned AnSU_   TITLE _CCI_   _Original_   INVESTIGATIVE EMPLOYEE'S NAME    TITLE

## INMATE WAIVERS

[X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

[X] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE X _Robert CMiller_ | CDC NUMBER J26206 | DATE _May 19 2021_ |
|---|---|---|

## WITNESS REQUESTED FOR ICC HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION** _Pending Pending TART for Conspiracy to Assualt FAC A Staff Iem NDS 200 (NO)_

[ ] RELEASE TO UNIT/FACILITY _____

[X] RETAIN PENDING ICC REVIEW

[ ] DOUBLE CELL

[X] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME _V Cortes_ | TITLE _CAP_ | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE _5/19/21_ | TIME _1880_ |
|---|---|---|---|---|

**You were identified with a disability of:**
[ ] Hearing [ ] Vision [ ] Speech [ ] Learning Disability [ ] TABE under 4.0 / no TABE [ ] Developmental Disability [ ] CCCMS [X] EOP
[ ] Foreign Language Speaking
Method
[X] CAVAZOS, ROBERT reiterated in his own words, what was explained

[X] CAVAZOS, ROBERT provided appropriate, substantive responses to questions asked

[X] CAVAZOS, ROBERT asked appropriate questions regarding the information provided

[ ] CAVAZOS, ROBERT did not appear to understand the communication, even though the primary method of communication was used

[ ] Other

Assistance Provided
[ ] Use of Full Page Magnifier

[X] Read aloud Documents to CAVAZOS, ROBERT

[ ] Sign Language Interpreter

[ ] Lip Reading (spoke facing the inmate)

19  (5)

CDCR SOMS ISST180 - CDC NUMBER: J26206 NAME: CAVAZOS, ROBERT    Page 3 of 4

*Original*

CALIFORNIA DEPARTMENT of
## Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** CAVAZOS, ROBERT | | **Date:** 05/27/2021 | |
| **CDC#:** J26206 | | **Date of Birth:** 04/25/1974 | |
| **Control Date:** LWOP | | **Control Date Type:** Minimum Eligible Parole Date | |

| | |
|---|---|
| **Hearing Date:** 05/27/2021 | **Hearing Type:** Initial ASU; Pre-MERD |
| **Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC/DPU) | **Correctional Counselor:** E. Aukerman |

### STATIC CASE FACTORS

### CRITICAL CASE FACTORS

### CLINICIAN COMMENTS

LCSW Nunez was present as a member of the committee and discussed the inmate's mental health concerns and treatment needs.
In addition, LCSW Nunez stated the following with regards to the inmate's mental health while housed in ASU:

Response to mental health treatment has been: Good
Group participation while in ASU is: 50+
Compliance with psychotropic medications while in ASU? Yes
Behavioral Alerts/Hx: None
MH Cell recommendation: None
Alternative placement due to MH needs: None
ADLs: Adequate
Ability to understand Due Process: Good
Ability to follow verbal orders: Good
Likelihood for decompensation if retained in ASU is estimated as: Moderate
Justification for likelihood for decompensation: Restrictive housing may increase likelihood of decompensation

### COMMITTEE ACTION SUMMARY

INT ASU / PRE MERD / STAFF THREAT / RET PEND RVR / TART COMPLETION / REF CSR 60 DAY EXT / MAX CUST / D1/D AS OF 5/18/21 / DC/DDP CLR / IHC: RE

### COMMITTEE COMMENTS

Inmate CAVAZOS (S) made a personal appearance before the Institutional Classification Committee (ICC) for the purpose of an Initial ASU Review. (S) stated he felt well enough to proceed with committee. (S) received 72 hours advance notice of today's hearing via the ASU Placement Notice.

STAFF ASSISTANT: Inmate has a TABE of 12.9, is not a participant in the Clark Remedial Program, does meet criteria for inclusion in the MHSDS at the LOC of EOP and this is (S) initial ASU review. CCI MEZA was assigned as the Staff Assistant, met with the inmate 24 hours prior to today's hearing and is present at today's committee. Effective communication was achieved by speaking slowly, clearly, using simple language and having (S) repeat back in his own words what was discussed.

ASU PLACEMENT / REVIEW: (S) was housed in ASU for threatening staff. The ASU Placement Notice administrative review was conducted on 5/19/21 by Captain(A) V. Cortes and approved by AW Steadman. Assigned Case worker was assigned as Staff Assistant (SA). An Investigative Employee (IE) was not assigned. No witnesses were requested. Reviewer acted to retain Single cell status pending ICC review.

ICC DELIBERATION & ACTION: On 5/18/21 an anonymous note was received that identified (S) as a suspect in a threat to assault staff with a knife. A TART has been initiated and an RVR for Conspire - Battery on PO has been issued, if found guilty (S) will be required to serve a 11 month Mitigated SHU Term, with a projected MERD of 10/29/21. The SHU-Term is Mitigated due to the inmate has no prior serious misconduct of the same or similar nature, as listed in subsection 3341.9(e), within the last five calendar years.

PRE-MERD: ICC notes (S) is eligible for Pre-MERD review at this time and (S) will be retained in ASU pending the outcome of the TART and RVR adjudication. A 60 day extension will be requested. Based on this information (S) presents an immediate threat to the safety of staff, others and endangers institution security.

COMMITTEE COMMENTS: (S) is a Level IV EOP inmate and is endorsed to SAC-IV 180 EOP. (S) has enemies on FAC E and ASU. ICC notes (S) has an active SSA dtd 2/14/20 at RJD.

CASE FACTORS: MCC dated 4/17/20 notes; Perm, OP, NPN, FD, Medium Risk, LIN, COCCI 2; Housing Restrictions: None; DPP: None; DDP: NCF; MHSDS: EOP 12/21/20; Confidential file is noted; COSA: noted; NCOSA: noted; SSA: CMF; Next Annual Review: 9/1/21.

CELL STATUS: (S) file was reviewed for Single Cell and (S) was assigned TSC by UCC dtd 3/3/20 due to MH reasons and was continued for 6 months per

20    ③

*original*

IDTT CDC 128C dtd 1/27/21. (S) has not demonstrated a pattern of or history of in-cell predatory behavior, nor demonstrated a pervasive pattern of in cell violence therefore, ICC ELECTS TO; continue Temporary Single Cell Status pending MH review.

Pursuant to the Clark Remedial Plan, ICC reviewed (S) file for predatory behavior towards weaker inmates. (S) is not deemed to be a predator and (S) is clear for DDP housing at this time. Integrated Housing Code: RE

PREA STATEMENT:  Per memorandum dated 9/17/15, titled Prison Rape Elimination Act Implementation-Subsequent Review, (S) was asked if he had any victimization or abuse concerns at this time. (S) stated that he did not. (S) was instructed to immediately notify staff if he is victimized or abused and he said that he would.

Per CDCR Memo dtd 11/30/17, (S) meets criteria for placement at a Non Designated EOP Treatment facility. Subject was admonished regarding the STATEWIDE NON-DESIGNATED EOP UNITS.  EOP and inpatient treatment programs, SNY and GP designation will no longer be recognized or utilized for the purpose of housing. It is expected that all inmates will program together and comply with integrated housing expectation regardless of prior GP or SNY programming or level designation.

ICC DECISION: Retain in ASU; Refer to CSR 60 day extension for RVR Adjudication; MAX Custody; D1/D; TSC/DDP Clear; IHC:RE

| RECORDER | | |
|---|---|---|
| E. Aukerman | | 05/27/2021 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| S. Steadman | | 05/27/2021 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

21   



original

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER J26206 | INMATE'S NAME CAVAZOS, ROBERT | MEPD 01/25/9999 | FACILITY RJD-Facility A | HOUSING LOCATION RJD-A - A 002 1 - 102001L |
|---|---|---|---|---|
| VIOLATION DATE 05/18/2021 | VIOLATION TIME 09:10:00 | VIOLATION LOCATION RJD-Facility A - HOUSING UNIT | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Tuesday May 18, 2021 at approximately 0910 hours, while performing my duties as Facility A Housing Unit 2 Floor One officer I located an envelope that was placed on my office desk by a unknown Inmate. I opened the envelope that had a letter inside that stated Inmate Cavazos (CDCR#J26206 Cell 102L) was bragging about stabbing staff. I immediately contacted Sergeant Wilbon and advised him about the envelope that was placed on my desk. I observed Officer Cuevas approach Inmate Cavazos in front of cell 102 and began having a conversation. I then observed Inmate Cavazos approach Cell 101 occupied by Inmate (Garcia CDCR#J17311) and handed him an unidentified object through the side of the cell door. (Which was later identified as an Inmate manufactured weapon). Officer Cuevas placed handcuffs on Inmate Cavazos and escorted to the Mental Health Services Delivery System (MHSDS). Upon returning from the (MHSDS) facility, Officer Cuevas and I approached Cell 101 occupied by Inmate Garcia. Officer Cuevas placed handcuffs on Inmate Garcia and conducted a clothed body search and a search of the surrounding area with positive results. An Inmate manufactured weapon was found on Inmate Garcia inside his glasses pouch. Inmate Garcia stated that the weapon was not his and was passed on to him by Inmate Cavazos. I immediately escorted Inmate Garcia to the Mental Health Services Delivery Facility (MHSDS). I performed a Search of the holding cell with Negative results of weapons or contraband. I secured Inmate Garcia in the holding cell and performed an unclothed body search of Inmate Garcia with negative results of weapons or contraband.

I secured the evidence in locker #1 located in Bravo / Charlie visiting and also submitted a Compact disc with 2 photos.

Inmate Cavazos will be receiving a Rules Violation Report (RVR). 3006 (a)-[28]- Possession of Dangerous Contraband.

A.Mercado
124663

| REPORTING EMPLOYEE A. Mercado | TITLE C/O | ASSIGNMENT H/U 2 FLR 1 | RDO TH/F | DATE: 05/24/2021 |
|---|---|---|---|---|

⑤

22

I/M CAMACHO
J262606
B6-138 ASU

ORIGINAL

RJD

RE: PUR No. 07090173;

I.E. — QUESTIONS FOR REQUESTED INMATES

Witnesses; (1) I/m CAMACHO A2-207 CITY OF ONTARIO

(2) I/m BRISONES J. A2-172 D̄FF--- BAKERSFIELD

(3) I/m JOHNSON A2-113 N. CALI BLACK

(4) I/m KENNEDY A2-113 BLACK

(5) I/m SMITH A2-108 LA BLACK

(6) I/m AKA CHOIR BOY A2-108 BLACK

(7) I/m AKA SKIP THE A2-241 PORTOR WHITE SF BAY

(8) I/m AKA DOC THE CHRISTIAN INMATE PREACHER
MEX. WHEELCHAIR PUSHER WHEELCHAIR
"FIXER"
FROM CITY OF BELL GARDENS, CA..!

Identifi☓ ✗ ☑

(9) I/m VICTOR FLORES A2-119 CITY OF PASADENA 4

(10) I/m SERGIO A2-249
FIRST NAME

(11) I/m LEO A2-249 MEX.
FIRST NAME

(12) I/m STEVE A2-207,208,(209) ?!
FIRST NAME

(13) I/m AKA BEETLE A2-114 ELA MEX.

(14) I/m TAPIA,F A2-129 SACRAMENTO

(15) I/m AKA CUBA A2-105

(16) I/m PETE A2-129 LA MEX
FIRST NAME

(17) I/m BILLY A2-PORTOR-227? WHITE FRESNO
FIRST NAME

(18) I/m AKA CORPOREL A2-227? WHITE

23

CAVAZOS J-06     CONTINUATION     PWR # 01010173

ORIGINAL

I.E. QUESTIONS
FOR I/M (19) GARCIA, P   J17311  B6-137

STAFF C/O  A. MERCADO

STAFF  C/O CUELAS 2nd WATCH A2-FLOOR
worked AM on 5-18-21

STAFF  C/O MS. ALVARADO  A1 FORMERLY in A2

RELEVANT — HAVING spoken to HER A few
days before 5-18-21 of my
OVERALL GOAL PRIORITY TO PROGRAM
And sentence Reduction — to then
APPEAR FOR PAROLE BOARD  ETC

[SAME AS ABOVE REASONS]
FOR

STAFF     R.T. MS. GRIFFITH     While on
A2
R.T. MS. GARCIA     R.T. YARD
5/13 orS/
R.T. MS. MCDUFFY

I/M (20) MOSES FLORES  A2-250  S.D.
CHULA
VISTA

I/M (21) MIKE GARCIA  A2-121?  SAN
BERNARDI...
COUNT...

24                    2 of 13   (7)

CAVAZOS - 3-02        original        RWR No. 07090173

(1) I/m CAMACHO;

Q1: Have you and I spoken of our goal for Rehabilitation and parole plans, to reunite with family and contribute positively to our present community and the community at large?

Q2: Have we spoken of the Bible and church?

Q3: Have I shared my interest of presenting a yard concert with christian worship songs?

Q4: Have we spoken of our mutual interest of guitar and music?

Q5: Do you and I play guitar and have we played guitar together?

Q6: Do you know me as a peaceful christian?

Q7: Is there inmates of a criminal gang activity who despise, speak ill and do are against the moral principals of a christian inmate?

Q8: In our many conversations - can you say whether I am for peace or unlawful violence?

25                    3 of 13        Ⓗ

CANAZOS 5-06          ORIGINAL                    RVR. NJ. 0709 0173

FOR INMATE WITNESSES [ON PAGE 1], I/M WITNESS

2-7 PLEASE ASK THEM THE EXACT SAME QUESTIONS Q1, Q2

Q6, Q7, Q8 [FROM PAGE 3] (AS ASKED TO I/M CAMACHO)

And ASK I/M # (8) DOC (PAGE 1) THE SAME ABOVE QUESTIONS

PLUS THE FOLLOWING Q6's: ON OR ABOUT THE WEEKEND

AFTERNOON YARD, did I PARTICIPATE with you AND OTHERS IN

A PEACEFUL FOR PEACE - CHRISTIAN WORSHIP SERVICE?

Q7: Did I PLAY AND SING AMAZING GRACE AND

OTHER SONG?

Q8: Did I SHARE NON-VIOLENT CHRISTIAN VERSES?

Q9: DO I SPEAK OF FORGIVENESS AND GODS GRACE?

ASK ← Q10: HAVE I SPOKE OF ASSAULTING STAFF EVER?

THIS QUESTION to [ALL I/M WITNESSES 1-18] NOT (19) CAUSE HE IS LOW

FUNCTION, DDP, AND SUFFERS WITH ORGANIC BRAIN DAMAGE AND

BECAUSE HE CLAIMS TO HAVE HAD POSSESSION OF A "DANGEROUS"

"MATERIAL" A 3½ INCH NAIL. PLUS HE CLAIMS TO HAVE ASSAULTED

STAFF DURING HIS PRISON TERM WITH DOCUMENTATION

I/M (9) V. FLORES  SAME QUESTIONS FROM PAGE 3  Q1, Q2, Q6,

Q7, Q8

And THE SAME FOR INMATES 10-18

⑨

Original

I/m (19) GARCIA J17311

Q1: HAVE I ever taken you to the YARD FOR
    CHRISTIAN SERVICE?

Q2: Did you HEAR me sing ANd PLAY AMAZing
    gRAce?

Q3: Do you KNOW ME AS A CHRISTIAN
    Inmate?

Q4: HAVE I ever giving YOU A CANdy
    BReath mint?

Q5: HAVE I ever giving you HOT WATER
    in A bAg through the side of your
    door?

Q6: How About food or coffee thru side
    of door?

Q7: HAVE you or I PASS A u.S. STAMP
    thru the side of your or my door?

Q8: ARe you documented medically
    with ORgANic BRAiN DAMAGE

Q9: were you ever in COMA

Q10: why or how did you get BRAiN DAMAGE?

Q11: Do you have documented STAFF ASSAULT
     FROM L.A. COUNTY JAIL?

          5 of 13  (10)

27

CAVAZOS J-06                    ORIGINAL                RVR NO. J739 0173

F/m (19) GARCIA J17311

Q12: Do you have a documented RVR write up FOR STAFF ASSAULT while in CDCR - Pleasant valley STATE PRISON?

Q13: were you convicted of Attempted murder of U.S. MARSHALL Richard DURAN?

Q14: was Richard DURAN given 124 sticthes across his face and neck area?

Q15: HAVE I ever tried to harm you or help you?

Q16: Do you consider me AS peaceful or violent?

Q17: Do some Inmate gang members hate CHRISTIAN inmates?

Q18: Do you own seeing perscription glasses with A holding case?

Q19: If the screws on the hinges of your glasses were loose, what can you use to tighten the screws?

Q20: can you use A PAPERCLIP to tighten A screw on glasses?

Q21: can you use A METAL NAIL to tighten A screw?

(11)

6 of 13

78

CANAVLOS-3-SC          ORIGINAL                    PUR AS. 07090173

I/m (19) GARCIA

Q22: CAN you use A NAIL TO push the METAL
button of your METAL CANE - iN oRdER to
Adjust the length of your cane?

Q23: Did you yourself put oR PlAced the NAIL
iNside your Reading glASSes - CASE - while
iNside your cell?

Q24: Does ANoTHeR iNmate live with you?
iNside your pRevious cell iN A2-101?

Q25: How old ARe you?

Q26: Did you kNow thAT to be A classified-
OR to meet RequiReMeNts of A DDP iNmate
meaNs thAT your ReadiNg "TABE" score must
be below 4.0?

Q27: Did you kNow you ARe A DDP iNmate?

Q28: oN many dAys throughout the week ARe you
with ANgRy EmoTioNAL feeliNgs towaRds ANy
C/o here AT RJD pRisoN?

Q29: ARe C/o's fAiR, deceNt, ANd pRofessioNAL
with you?

Q30: At oNe time weRe you EVER upseT with the C/o
you cAll the TATTOO maN - FlooR STAFF iN A2?

29                    7 of 13  (12)

CAVAZOS-00173
RWR 0170173
ORIGINAL

I/m (19) GARCIA

Q31: Did you ever tell me you were very upset with the black counselor inside our A2 building?

Q32: If you were upset with the counselor, did I then tell you about the peace of God, and to pray and not be angry because thats what the devil wants you to react violently?

---

I/m (20) Moses Flores

Q1: Is it fair or accurate to say that one of our few or two interactions throughout the day is at breakfast, when you usually hand me the food tray, and when you sign me up onto the phone list?

Q2: In our brief daily interaction how many seconds or minutes do we interact for our daily necessity?

Q3: Do you and I hangout as friends?

Q4: Are we friends?

Q5: Are you a documented STG prison gang member?

Q6: which prison gang do you profess?

Q7: Have you ever professed any STG prison gang?

2U

CAVAZOS  J-06        ORIGINAL          RVR  07090173

I/M (20) moses Flores

Q8: Do you know I dislike you for your
lifestyle was of PORTRAYing yourself AS
A hypocrite-ACTOR?

Q9: How often do I take the initiative - to be the
first to greet you warmly?

Q10: Are you considered by most inmates within A2,
to be one of or the best BARBER?

Q11: Inmates who have hair - when desiring a haircut
do you often get asked to cut an inmates hair
with personal purchased HAIRTRIMMERS?

Q12: How long have you been familiar with me being
housed in A2?

Q13: Do I consistently have hair on my head?

Q14: Is it ACCURATE to say I brush my hair?

Q15: Have you ever cut my hair?

Q16: Have you ever seen me ATTEND inmate yard sponsored
CHRISTIAN WORSHIP service?

Q17: Is it ACCURATE to say that CHRISTIANS are known
to be PEACEMAKERS?

Q18: Have you ever heard the labeling of I being christian?

31              9 of 13    (14)

CAVAZOS J-56          ORIGINAL          RVR OICDO173

F/m (20) M. Flores

Q19: HAVE you ever heard me PReaching loud FRom within my cell Room?

Q20: HAVE I ever PReached by Citing BiBle verses such as "Thus saith the LORD, its not by might, nor by POWER, but by my SPIRIT" Zechariah 4:6?

Q21: In Recent memory in your presence did A white inmate grab A STACK of TRAYs fRom you And then hugged the tRAYs?

Q22: If yes to Question 21, did I then say one loud BiBle verse?

Q23: If you ever Heard me PReach by Citing Jesus And BiBle verses "iF yes"  is that citation of BiBle verses intended in your understanding for peaceful or violent Retaliatory intentions?

Q24: Do you Remember Any of the BiBle verses I may have Cited?

Q25: Do you openly confess to inmates to be A chRistian?

Q26: Do you normally hang out with the Known-common Known chRistian inmates and hear PReaching and singing such as Amazing GRace?

Q27: Do I hangout with chRistians inmates?

32                    10 of 13    ⑮

CAVAZOS 3-06           ORB. №2              RVR No. 07090173

Inmate(s) Mikey GARCIA A2-121

Q1: Have you and I in recent days leading to 5-18-21, spoken of the peace of God which surpasses all understanding?

Q2: Have I ever shared with you and a previous cellmate of yours to pray, forgive one another and never fight physically cause the battle is spiritual, so pray to God in Jesus?

Q3: Have you and I usually gotten together to talk about our nearly 30 years of continual incarceration — and how we continue in peaceful programming — we may be paroled?

Q4: You as a Jehovah witness and I as a Protestant Christian, do you or I promote violence or rather peace as the only option?

Q5: Did you and I ever speak of notable people in relation to your own Family Tree Descendents — Such as your distant cousin former Los Angeles City Mayor Mr. Antonio Villalabrosa

Q6: Did I mention in admiration friends lived lawful citizens such as my hometown former mayors of City of Santa Fe Springs mayor Juanita Trevino (Perez), Jay Serrano, Councilman Angel Zamora, sociologist Daniel Gallegus, cousin L.C.S.W Beatrice Bentacud Cuen, pro Boxing Trainer Danny Zamora, Calvary Chapel Pastor Brian Hernandez

CAVAZOS J-06                          ORIGINAL

RuR NO. 0709073

F/M(a1)m.Garcia
CONT. of Q6 — , FIRE DEPT ENGINEER MIKE BACA,
STEPDAD LEO RODRIGUEZ FORMER LAPD Sgt. FORMER Lt. MARINE (VIETNAM
LA TIMES PRESS FORMER EMPLOYEE, LETICIA BERTACOURT Cued SANDRA, me
GOVERNMENT FATFEL. , PASTOR Cousin BEEBE BERTACOURT Cued,
   DANIEL CAVAZOS (sibling) MACHINIST , ALEJANDRA CAVAZOS (sibling)
ARCHITECTURE , ENRIQUE CAVAZOS (nephew) PARALEGAL (TECH sales manager),
WANDA HERNANDEZ BHATT DRug Rehab COUNSELOR & JIM BHATT retired
medical DOCTOR , TERESA CAVAZOS Cued PROPERTY OWNER IN GUADANE SCHOOL
childhood RANCH-conversion to PROPERTY / Downey CA - HOME-401K, BANK BONDS
And 30 years old employee of supermarket Chain

   Q7: mike before use And I FRiends?

   Q8: without naming anyone on ALPHA YARD OR WITHIN AZ, is there
many drug addicts and inmates who claim ALLIANCE to A
SNY/EOP PRison gang?

   Q9: Do many PRison gang members considered PREDATORS as
   in bullying, EXTORTIONIST, drug dealers, QUICK to REACT
with violence?

   Q10: Do many or most PRison gang members display some acts
of contempt, dislike, Rudeless, distrust towards
PROfessed CHRISTIAN - JEHOVAH witness inmates?

   Q11: IS it obvious that most PRison gang members on ALPHA YARD
disliked And despised me because of my CHRISTIANITY - AND fearless
stance to their CRIMINAL gang way of conduct?

34

12 of 13        (17)

CAUNAS J-06       ORigiNAL        RVR No. 07090173

35

WITNESS
STAFF QUESTIONS FOR:
                                         R.T.         R.T.

RoTos RecReaTioNaL THeRapist ms. GRiffith, ms. GaRciA whele  

R.T ms McDuffy

And C/O ms. ALVARADO (AI post)

Q1: ON or ABout may 14, 2021, Did I ever speak to
you ABout my goal for positive pRogRamming in hopes with good
pRisoN conduct - I'd get a pRison Reduction And hopefully
be found suitable for paRole in 4 to 10 yeaRs?

Q2: Did I ever say that I coNfessed, with RemaRse
And empathy in Recent yeaR - moNths to my case
coNviction committment, thus NoW my Alleged
cRime paRtneR my bRotheR now his supeRioR couRt
pRoceedings for possible exoNeRatioN And RelEase,
And that I likely will go to couRt to testify to
my new Admittance of being the sole perpRetRatoR
ASsailAnt? ETC ..

WitNess C/O A. meRcAdo And cuevAs (foRmeR coNflict with him & I 2016
                                                                    CAL
Q1: DO I kNoW you pReviously fRom CALipAtRiA housing A3-217 2016
Q2: ON 5-18-21, Did I eNteR f/m GARciN A2-101 cell And Reach in his pocke
gLass case And place a NAR! → Q3: IN youR RvR RepoRt you said uNidentified
                             (16) (13 of 13)  object was passed to GARciN, coRRect?

Original



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# NOTICE OF CLASSIFICATION HEARING

| INMATE NAME:<br>CAVAZOS, ROBERT | CDC NUMBER:<br>J26206 | DATE:<br>06/14/2021 | HOUSING:<br>B 006 1 - 138001L |
|---|---|---|---|

YOU WILL APPEAR BEFORE A INSTITUTION CLASSIFICATION COMMITTEE ON (OR AFTER) 06/17/2021 FOR REVIEW AND CONSIDERATION OF THE FOLLOWING:  Institution Cls. Committee (ASU/SHU/THU/PSU-ICC/DPU) - Subsequent ASU; Transfer

☐ Inmate Waives Right To Appear In Person
☐ Inmate Waives Right To 72 Hour Notification

INMATE SIGNATURE:

**Comments**

YOU WILL BE SEEN BY ASU-ICC FOR POSSIBLE TRANSFER TO AN APPROPRIATE INSTITUTION THAT CAN FACILITATE YOUR CASE FACTORS. YOU HAVE AN ACTIVE STAFF SEPARATION ALERT (SSA) AN CANNOT BE HOUSED ON ANY FACILITY AT RJD-CF.

| | E. Aukerman | | |
|---|---|---|---|
| STAFF<br>SIGNATURE: | | CCII | RJ Donovan<br>Correctional Facility |
| | | TITLE | INSTITUTION |

CDCR SOMS ICCT154 - Notice Of Classification Hearing

36          

Original

U.S. Dist Ct. So. Dist CA..

Case No 21-cv-01156 JAH-AHG

# E X H I B I T

Pages

1-6

I/M CAVAZOS J76206              6-23-21

(1)

RE: AW MR. PALMER MENTAL HEALTH
    INTERVIEW with me on 6-22-21
    about 9pm
    INQUIRY of my ALLEGATIONS of
    NUMEROUS 602's, APPROX. 11 602's
    I've submitted since 5-10-21 thru — now
    12 602's submitted one on 6-22-21 C/O
    Vellezua picked up

    FOR the FOLLOWING REASONS I really SAW
a peaceful form of protest on 6-22-21 - Hold
the handcuffs if need be A/D ASK C/O or
really resisted to them using unlawful
force of violence in my peaceful state of
holding cuffs because the seriousness of
the 12 602's submitted since 5-10-21 thru
6-22-21 have been disregarded with only
add in a criminal unlawful fashion.
    How so - well see the PLRA (Prison
Litigation Reform Act says) 602 grievance is
the first method in exercising your constituti-
Civil Rights - the next step is court of law
However 602's have been lost hidden to
protect the ones under the color of law -
the ones I allege misconduct - excessive force -
continual ongoing tactics of abuse and
the following is undisputable factual and
can be proven :
                    (1) On A2 about 8:10 pm on
5-10-21 I submitted add showing FLOOR STAFF an
surveillance cam placing in 602 box one Health
Care 602 Blue and one green custody 602
of misconducts by Healthcare and custody of
my 4-16-21 urgent visit at A Clinic medical
between 12:33 pm - 1:15 pm.  On PARTICULAR
C/O I. Bravo counseled RN SU AND M.D. may
I was facing my INJURY stab wound to R/B tw

ORiginal

②

4-16-21 C/O I-Bravo said to me I'll Beat your ass.

② On 5-11-21 I submitted in AZ GOA green re C/O Sears negligence in safface Re: 4-15-21 failing to project-perform duty at 3:40 pm by not clearing inmate off the phone. Interviewed on 6-10-21 6:34m by LT.C at my door - he never asked me (et) talk in office - b-1 claim it GOA Re: Sears - phone on 4-15-2 incident. (NOTE id late may - I/m J Lopez B6-241 spoke to me and other inmates that C/O Hagan was one of the C/o's who ordered him to attack me for disrespecting STAFF. Further I/m Lopez said that I/m male Flores in AZ-250 had cellphone - in which some communication with some female employee or former employee communicated the overall will of C/O T. Soto to attack me because of I Arguing with C/O Soto on 4-14-21 at 3:35 pm because I made hostile reference to C/O m. Lopez etc. (NOTE: I have yet to be called f interview by FSU nor District Attorney of why and my understanding of why I was attacked and if I want to press charges etc. And not once have I decided any such interview.)

③ On 5-12-21 I submitted GOA in AZ AZ wing about 8pm - 8:40 pm Re: the excessive force of C/O Toledo which occurred on 1-3-21 AZ shower.

④ On 5-13-21 in AZ I placed GOA regarding incident Log number Crime Incident Report PART A1 - Supplement CDCR 837-A1 Incident

38

ORIGINAL

(3)

OF ALL inmates I can identify as attacking me — involved I defending myself with weapon. In which C/O J. GARCIA? and numerous C/O's that watched me get attacked for more than 10 minutes on 2-1-19 on way back from Dining Hall in front of C14-C15. The affixed cameras on all buildings captured the incident. I was forced to remain silent — code of silence etc...

(NOTE:) now for these first 4 C/O's mentioned above in particular this #4 above mentioned of being-fired being conspired there is no reflective of this Roll being logged. Though I spoke to C/O Evans on 5-13-21 of this concern and on 5-14-21 I was interview by Sgts of my evening cameras and my sister spoke to Sd. wk. steinman of my concern. Also between the week of 5-10-21 and thru 5-14-21 I was interviewed by Sgts with concern.

(5) On 5-14-21 I turned in 602 at about 8-9pm on RE: C/s JORDAN excessive force — negligence that occurred at about 2:20pm PSU A FAC. I was interviewed on 5-20-21 at 3:30pm by LT. And Sgt. in ASU Room — with cameras.

(6) 5-21-21 602 @ turned in as usual 8pm-9 Regarding 2-1-19 incident of RVR RSD-C4D-19 02-001A1A CDCR 837-A1 / log # to same RVR No. 06454652. RE: many C/O's who conspired under-encouraged an STG gang to attack me for more than 10 minutes!

(3)

39

(7) On 5-26-21 602 submitted picked up RE ASU C/O mental health ESCORT

Original

4

(8) On 5-27-21 at I.C.C. I made my forward (indisputable) verbal familiarity of a safety concern for me regarding C/O M. Lopez. And at 8-9pm I turned in COII I think C/O Verdin fill out regarding elaboration of my ties - connections to C/O Lopez, L.A.C. Lt. A. Martinez with Julies to Santa Fe Springs, last Las Tres Palmas gang of former ties and then ties to my brother Carlos Martinez and Enrique Canados and the ongoing retaliation due to 2-16-18 C incident with ties and Lt. Anthony Martinez L.A.C. via cellphone contact to I.A. at Sacramento etc... linking the 2-1-19 ASU assault by inmates and the admonishment by C/O M. Lopez during my ASU stay in Feb-1-2019 thru April-25-2019. This COII and numerous other mention and the following remaining do not perfect or offered confidence appeals dated 6-22-2021. Thus signed showing that with consultation of cameras - that my COII is intentionally - unlawfully disregard threat - cover up to protect C/O Lopez and numerous C/Os. And the retaliation of ASU C/Os.

NOTE Additional - DA/IST check Body cam of C/O Lopez on 6-10-21 or 6-3-21 at about 8 Am at med line with nurse and Jigons at my desk - C/O Lopez further acknowledging identifying my brother Enrique with my personal photo And speaking of my brother Carlos and his ties to his dad. And him saying my brother Enrique will never be released from prison and

(4)

Martinez threatening face to face in screaming demeanor as if

ongoing                    5

implying that He can get my brother Enrique
harmed or killed by C/O at his prison or
orderstate STG say gangs to harm or kill
him!    Possibly my brother in Tijuana
or worse to harm my mom, sisters
in L.A. county since them who is i'd
CDCR c-file etc!!!

(9) 5-31-21 602 turned in RE: Excessive force,
threats by C/O Briones since Jan-2019 thru Dec-202
or Jan-2021.

(10) on 6-2-21 turned in 602 RE: C/O
Buesrostro for himself scratching off my name off
of state list on 3-4-21 when I was #14
on list to ship out of the 20 inmates (1-20)
who did ship from 9am to 1130pm. And
on 3-10-21 career manage mr. Jimenez told
me and showed me the list that C/O Buesrost
had possessed on 3-4-21 and where he scratched
out my name and himself to be at right what
transferred to maxvery.  So on 3-10-21 11:30
I confronted C/O Buesrostro in a professional
manner - why? which he denied.

(11) on 6-22-21 602 with Rights and
Responsibility statement staff misconduct give
to C/O Verizuent about 7:30 pm as he
worked by doing the piping security check.
RE: All above C/O's ongoing threat on my life,
(602 missings), 6-22-21 escort at 3pm by C/O
Aceves laughi me up with his body cam off
and him moving pepperelle to C/O later leave him in
and C/O Aceves searching my cell without body cam

ORIGINAL                          6

of my room while (C/O Aceves) searches room with
Body cam off  possibly (C/O Unzata body cam
off also?  while they open unnecessary
open food items - hygiene items that
are inside ziploc baggies, coffee etc

( First page )  NOTE that the section of (1)
is referring to two cords.
H.C. God.

Legal mail I sent on 6-15-21  at pill 1.
8am signed by C/O Duarte in a separate
business one path SAJE addressed to
U.S. District Court N. Dist of CA

And at 9pm legal mail signed
by C/O F. San miguel sent to superior court
Chula vista.

On 6-16-21 legal mail sent to
U.S. District ct. N. Cal

And to superior court Chula vista
signed by C/O Aceves
at 8pm-9pm?

On 6-17-21 legal mail sent to Rox Bev Galvan
attorney
signed at 8:45pm by C/O Unzata

6-20-21 at 9pm C/O Shi signed legal mail
sent to Rox Bev Galvan ct.

6

ORiginAL

U.S. DisT Ct. So. Dist CA.--

CAse No. 21-cv. 01156 -JAN-AHG

# E X H I B I T

PAges
1-2



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER J26206 | INMATE'S NAME CAVAZOS, ROBERT | MERD 01/25/9999 | FACILITY RJD-Facility C | HOUSING LOCATION RJD-C - C 014 2 - 211001L |
|---|---|---|---|---|
| VIOLATION DATE 02/01/2019 | VIOLATION TIME 18:08:00 | VIOLATION LOCATION RJD-Facility C - RVR - YARD | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

This RVR is being submitted on behalf of Officer N. Garsilaso, due to Officer Garsilaso not having access to the SOMS RVR program. I am in possession of Officer Garsilaso's signed original report.

On Friday, February 1, 2019, at approximately 1808 hours, while performing my duties as Housing Unit 13 Floor Officer #2, I heard via institutional radio of a code 1, inmates fighting on the east yard. I responded to the East Yard and observed multiple inmates on the ground in front of Housing Unit 15. I observed one inmate in front of Housing Unit 15 on the ground in a prone position who was later identified as Inmate Cavazos (J26206, FC14-211L). I took custody of Inmate Cavazos and placed him in handcuffs, conducted a clothed body search and a visual search of the immediate area for weapons and/or contraband with positive results. I discovered an inmate manufactured weapon inside of Inmate Cavazos boot. I immediately took possession and placed it in my left cargo pocket and continued my search with no further discrepancies. I assisted inmate Cavazos to a standing position, so Facility C Medical Staff could conduct a CDCR-7219 medical evaluation on Inmate Cavazos. I subsequently escorted Inmate Cavazos to Housing Unit 15 C Section Lower Shower. Prior to placing him inside I conducted a visual search of the shower with negative results for weapons and/or contraband. I secured him inside, removed his restraints and conducted an unclothed body search for weapons and/or contraband with negative results. I placed Inmate Cavazos in handcuffs and escorted him to the Triage Treatment Area (TTA) to be further evaluated on the injury had sustained on his right hand. Once I arrived at the TTA, I relinquished custody of Inmate Cavazos to Custody staff and proceeded to Central Control to process my evidence.

The Inmate Manufactured Weapon I discovered was fashioned from round metal stock sharpened to a point with white cloth as a handle. The weapon measured five and a half (5) inches in length and one (1) inch wide. Utilizing a Canon Powershot SX610HS digital camera took one (1) photograph of the evidence discovered and secured it inside of evidence locker #2 per institutional procedures.
Photograph #1: Depicts Evidence Placard with the weapon discovered on Inmate Cavazos.
At approximately 2030 hours, I proceeded to TTA to escort Inmate Cavazos back to Facility C, due to have been cleared by medical. I escorted Inmate Cavazos to Holding Cell #1 located inside of the Facility C Gymnasium, before placing the inmate inside I conducted a visual search for any weapons and/or contraband with negative results. Due to Inmate Cavazos was not under my observation; I proceeded to conduct an additional unclothed body search for the presence of weapons and/or contraband with negative results. I initiated a holding cell log and this concludes my involvement in this incident.

PERNR #~~████~~
N. Garsilaso



43

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (Rev. 10/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

ORIGINAL

| | | PAGE 2 OF 7 | INCIDENT LOG NUMBER |
|---|---|---|---|
| | | | RJD-CYD-19-02-0061A1 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| RJD | CYD - FACILITY C | 02/01/2019 | 18:08 |

TYPE OF INFORMATION:

☐ SYNOPSIS OF INCIDENT     ☐ SUPPLEMENTAL INFORMATION     ☑ AMENDED INFORMATION     ☐ CLOSURE REPORT

**SYNOPSIS OF EVENT:**

On Friday, February 1, 2019, at approximately 1808 hours, while in the performance of his duties by monitoring the afternoon meal in front of the Facility C Satellite Kitchen, Officer J. Serrano (C Security Officer #4) observed a large group of unidentified inmates that appeared to be fighting on the east yard in front of Housing Unit 15. Officer Serrano utilized his state issued radio and called a "Code 1, multiple inmates fighting by Housing Unit 15". Responders arrived to the immediate area and placed all inmates in mechanical restraints pending outcome of their involvement in the incident. Officer N. Garsilaso (FC13 Floor #2) placed Inmate Cavazos, R. (J26206, FC14-211L) in mechanical restraints and observed he had sustained injuries on his right hand consistent with being involved in an altercation.

Officer Garsilaso conducted a clothed body search on Inmate Cavazos and discovered an Inmate manufactured weapon located on his right boot. Officer Garsilaso conducted a visual search of the immediate area which was negative for any additional weapons and/or contraband. The other inmates in the immediate area were identified as Inmate Gonzalez, M. (AL3149, FC14-239L), Inmate Llerena, H. (F64226, FC14-107U), Inmate Fawcett, M. (AM0342, FC14-123U), Inmate Walker, K. (AS6849, FC14-216L), Inmate Cooper, S. (H58566, FC14-224U), Inmate Lake, D. (BG6697, FC14-215U), Inmate Guzman, H. (K19612, FC14-128L), Inmate Richardson, H. (E40439, FC14-236L) and Inmate Foster (AS6689, FC14-201L). All these Inmates did not sustain injuries consistent with being involved in an altercation. A search of the immediate area was conducted and no weapons and/or contraband were discovered. Responding staff identified all the inmates in the immediate area and there was no nexus to this incident being a Security Threat Group issue. ① *All the above but NOT GUZMAN He was innocent bystander*

Due to the magnitude of the incident, Code 2 responders were called to step up in front of the Facility C Plaza Gate in case the incident would escalate. Unclothed body searches were conducted for all the identified inmates by being escorted by responding staff one by one inside of Housing Unit 14 which was negative for any weapons and/or contraband. The nine (9) inmates were escorted back to their cells due to they could not be positively identified by responding staff in their involvement in the incident. Inmate Cavazos was escalated to a standing position so medical could conduct a CDCR-7219 medical evaluation. Inmate was later escorted by Officer Garsilaso inside of Housing Unit 15 C Lower Shower so an unclothed body search could be conducted. Officer Garsilaso conducted an unclothed body search on Inmate Cavazos with negative results for any additional weapons and/or contraband. Inmate was escorted by Officer Garsilaso per medical to the Triage Treatment Area (TTA) for further medical treatment to his hand.

At approximately 2000 hours, Officer Garsilaso escorted Inmate Cavazos from the TTA and placed in holding cell #1 located inside the Facility C Gymnasium. Before placing Inmate Cavazos inside he searched the holding cell for the presence of weapons and/or contraband with negative results. Inmate Cavazos was secured inside the holding cell and an unclothed body search was conducted for the presence of weapons and/or contraband with negative results.

At approximately 2010 hours, Officer Garsilaso proceeded to Central Control to secure his evidence and utilizing a Canon Powershot SX60HS digital camera took one (1) photograph of the evidence discovered and secured it inside of evidence locker #2 per institutional procedures. The inmate manufactured weapon was made from round metal stock sharpened to a point with white cloth as a handle. The weapon measured five and a half (5 1/2) inches in length and one (1) inch in width.

At approximately 2100 hours, Officer Garsilaso read Inmate Cavazos his Notice of Rights pursuant to the Miranda decision. Inmate Cavazos understood his rights by reiterating them in his own words, signed the document and elected not to make a statement.

Inmate Cavazos was interviewed by Lt A. R. Gonzalez to address if there were any safety concerns. Inmate Cavazos elected not to talk about the incident and stated he did not have any safety concerns on Facility C originating from this incident.

☑ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL CDCR 837-A1

| NAME OF REPORTING STAFF (PRINT / TYPE) GONZALEZ | TITLE CORRECTIONAL LIEUTENANT | ID # | BADGE # |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | ② | PHONE EXT. INCIDENT SITE | DATE 2/1/2019 |
| NAME OF WARDEN / AOD (PRINT / SIGN) PATRICK COVELLO | TITLE WARDEN | | DATE |

44

ORIGINAL

U.S. DIST CT. SO. DIST CA.

CASE NO. 21-CV-01156-JAH-AHG

E
X
H
I
B
I
T

PAGES
1-2

P



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | |
|---|---|
| **Inmate Name:** CAVAZOS, ROBERT | **Date:** 09/22/2020 |
| **CDC#:** J26206 | **Date of Birth:** 04/25/1974 |
| **Control Date:** LWOP | **Cont. Date Type:** Minimum Eligible Parole Date |
| **Hearing Date:** 09/22/2020 | **Hearing Type:** Annual/Transfer |
| **Committee Type:** Institution Cls. Committee (UCC) | **Correctional Counselor:** S. Doyle |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Inmate is a participant of the Mental Health Services Delivery System (MHSDS) at the EOP UCC. Dr. Haas from Mental Health was present in UCC.

## COMMITTEE ACTION SUMMARY

ANNUAL/TX: UCC elects to refer to CSR for an endorsement extension to SAC IV 180/EOP alt KVSP IV 180/EOP, continue Close custody, WG/PG: A1/A, single cell, DDP Housing Clear, CPP RJD III/EOP pending adverse Tx, Place on SS, Vol. college, ADA semi-skilled, Self Help, Self awareness waiting list.

## COMMITTEE COMMENTS

Annual CAVAZOS J26206

Inmate (I/M) CAVAZOS was presented before the Facility A Unit Classification Committee (UCC) for an Annual/Transfer Review. He received a 72-hour Notice of Classification Hearing on 09/14/2020. HSD is noted.

Staff Assistant & Effective Communication Procedures: I/M has a TABE score of 12.9. Staff Assistant, CCI J. Fountaine, met with I/M at least 24 hours prior to committee, and is present today. Effective communication was achieved by speaking clearly and concisely, using simple language; with continuous prompts to I/M to repeat, in his own words, his understanding of the issues presented.

Annual Placement: I/M is unassigned. UCC reviews the timeframe from 09/11/2019 to 09/11/2020. I/M Preliminary Score has been recalculated from 109 to 105. I/M received (1) RVR for Overfamiliarity on 02/04/2020. Therefore, I/M receives (1) qualifying disciplinary free periods and (2) qualifying EOP group participation periods (EOP since 06/19/2020). I/M has a mandatory minimum of 19 points based on the LIFE/VIO/PSY Administrative Determinant (AD). I/M current custody is Close and remains appropriate due to his RVR history, Non-Confidential Separation alerts have been reviewed and noted. Confidential file has been reviewed and noted. Staff separation alerts are noted. A-1/A2 and COR2 STG-1 Sureño (Palmas 13). Initial case factors are documented on classification review (blue hyperlink) dated 12/31/2018. Next annual review: 09/01/2021. Next BPH: No Proceedings Found. MEPD: LWOP.

I/M's preference: During our Pre-UCC interview on 09/14/2020 I/M requested to transfer to AC and asked to have his brother removed as an enemy, but doesn't want to be at the same institution as him.

Transfer is Adverse. Upon adverse transfer I/M's custody will be CLOSE and WK/PG: A1/A. I/M's placement score is 105, level IV.

Case Factors: I/M is a participant in the Mental Health Services Delivery System (MHSDS) at the EOP level of care according to Inmate Health. Assessment dated 06/19/2019. DDP: NCF. DPP: None. Medical Classification Chrono dated 04/17/2020 indicates OP, No Particular Need, Full Duty, Med. Risk, Low-Intensity Nursing. DME: Foot Orthoses. Accommodation Chrono dated xxx indicates, Housing restrictions: Ground Floor-Limited Stairs, L/B. Physical limitations: None.

180/270 Review: Subject meets the criteria for Level IV 180-Design placement based on 41 offense of Possession of a Deadly Weapon dated 02/01/2019. I/M also received an RVR for Overfamiliarity on 02/04/2020, therefore UCC elects to refer to CSR for re-endorsement (current endorsement exp. 10/05/2020) of an adverse transfer to a Level IV/EOP.

Work Group M: Current policy requires inmates who are "otherwise eligible" for an M/CF to be given WG "M". I/M is not PC2933 eligible & has a MMS of 19 due VIO/LIF A/D; therefore, I/M is ineligible for Work Group M.
PROGRAM CLEARANCE: Per 128C dated 07/03/2019 indicates Inmate/IP should not be excluded from any programming.

CSR Casework Follow Up: Auditor action dated 04/08/2020 remains appropriate as inmate is noted as Level IV/EOP, however current endorsement expires on 10/05/2020. Endorsement extension to SAC IV 180/EOP with alt KVSP IV 180/ OP is requested.

Admonishment for Non-Designated EOP Units: Per the new Departmental policy, EOP and Inpatient treatment programs will no longer recognize or utilized SNY and GP designation for the purpose of housing. As a non-designated program, it is expected that all inmates will program together and comply with the integrative housing expectation regardless of prior GP or SNY programming or level designation. Inmates non-compliant with the transfer and/or housing placement recommendation shall be subject to the Departmental disciplinary process and potential placement into higher level

housing. Inmate was informed of this recommendation during a pre-committee interview. I/M stated that he understands and agrees to abide by the expectations.

Behavior Override Review: I/M is ineligible. I/M has LIFE AD, which precludes him from being housed in a lower secure facility. There will be no recommendation for placement into the next lower or higher security level using the BEH Administrative Determinant.

COMPAS RISK Assessment: I/M is excluded from completing a COMPAS Core assessment in accordance with the September 20, 2013 memorandum based on the inmates Mental Health Delivery System at the Enhanced Outpatient Program or higher level of care.

The recommended programs, RCP timelines, and available programs provided at the institution Richard J. Donovan Correctional Facility (RJDCF) were discussed with the I/M. CAVAZOS agreed with the proposed waitlist recommendations. Refer to RCPS -2038 dated 09/14/2020 for his rehabilitation plan and objectives.

PREA review: I/M participated in the completion of the PREA screening tool at RJDCF, which included a review of all available documentation in SOMS and ERMS and a face to face interview. During UCC the chairperson reviewed the completed PREA screening tool with CAVAZOS and asked him during our Pre-UCC Interview if he had any additional relevant information that should be considered for future housing and/or program/work assignments. I/M stated: he has no additional information to provide.

PREA Assessment Form 02/27/2020 indicates I/M is not identified as being at risk of being an abuser or of being victimized.

Cell Status: I/M disciplinary history in ERMS was screened for single cell housing needs (i.e. history of in-cell violence/assaultive or predatory behavior toward a cell partner or in-cell victimization concerns) and does NOT meet the criteria. However UCC notes MH-128-C dated 02/21/2020 recommending Single Cell status for 90 days. UCC elects to retain Single Cell Status pending a new MH assessment.

DDP Housing: Pursuant to the Clark Remedial Plan, the classification committee reviewed the inmate's file for a history of sexual and/or predatory behavior against weaker individuals. The inmate is NOT deemed to be a predator and is cleared to house in a cell with a DDP inmate.

Decision: UCC elects to refer to CSR for a re-endorsement to SAC IV 180/EOP a\K RJP IV 180/EOP, continue Close custody, WG/PG: A1/A, single cell, DDP Housing Clear, CPP RJD III/EOP pending adverse Tx, Place on SS, Vol. College, ADA semi-skilled, Self Help, Self awareness waiting list.

Notification of Inmate Death, Serious Injury, or Serious Illness has been completed on 09/15/2020.

| RECORDER | | |
|---|---|---|
| S. Doyle | | |
| | | 09/22/2020 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono



CDCR SOMS ICCT162 - CDC NUMBER: J26206 NAME: CAVAZOS, ROBERT          Page 2 of 2

Original

U.S. Dist. Ct. So. Dist CA..

Case No.   21-CV. 01156. JAH -AHG

PAGES
1- 6

# Exhibit



# ATTENTION: EFFECTIVE COMMUNICATION

NAME: Carrizos CDC# J36306 HOUSING: ~~C4A-240~~ FA-2-112L APPEAL LOG# 19-0156

Form 602 Response: ☐ FLR   ☐ SLR   ☐ 1824 Response   ☒ Form 695 Screen Out

The above-named inmate requires Effective Communication. Please ensure Effective Communication is achieved in communicating the response of the attached CDC 602 Inmate Appeal to the inmate. Please indicate the specific type of Effective Communication used by checking the applicable box(es) below

## VERBAL

☑ Used simple English
☑ Spoke slowly to inmate
☐ Used American Sign Language interpreter
☐ Other_____

## READING

☐ I read response to inmate
☑ Asked if assistance with reading is needed
☐ Used written communication
☐ Provided a magnifier

Notes/explanation:

None.

DETERMINATION THAT COMMUNICATION WAS EFFECTIVE:

1) Were questions asked of inmate in order to ascertain his understanding of information being communicated?

☑ YES        ☐ NO

2) Did inmate respond in an appropriate manner to questions or comments regarding the documentation being presented?

☑ YES        ☐ NO

## Please sign and return *this* form to the *Appeals Office* upon completion.

_____Sgt. M. Ruel_____
Staff Name (Printed)/Classification

① 

_____M. R_____
Staff Signature

✻ NOTE: THIS WAS ASSIGNED TO ME On 9·11·20. - M.R

9·12·20
Date

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Friday, January 4, 2019*

*CAVAZOS, J26206*
*C  014 2211001L*

PROPERTY, Transfers, 01/04/2019
Log Number: RJD-C-19-00156
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*A review of your property appeal revealed the loss or damage to your property, or missing
property occurred prior to arrival to this institution. Therefore, in accordance with DOM
Section 54100.23.2, your appeal with all supporting documents as submitted by you, has been
forwarded to the sending institution CCI. You are advised, from this point on, all your
correspondence regarding this appeal issue needs to be directed to the Appeals Coordinator of
your sending institution via United States Postal Service using your own funds, unless you are
indigent in which case you may use the indigent mail provisions pursuant to CCR 3138.  Do
not resubmit this appeal to RJD.*

☒   B. Vogel, CCII(A)
☐   L. Garnica, CCII
☐   T. Villanueva, SSA
☐   E. Frijas, CCII
☐   G. Ortiz, Lieutenant
☐   V. Sosa, CCIII(A)
Appeals Coordinator
RJD

NOTE:  If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a
separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | RJD-C-19-00156 | |
| | | **FOR STAFF USE ONLY** | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| CAVAZOS Robert | JT26206 | C14-211 | unassigned |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

_The Whereabouts of 4 Boxes of Property_

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A):
I was transferred here to R.J.D.C.F. on 12/4/18
From KVSP crisis bed, without my property. my
Stay at KVSP crisis unit was from 11/26/18 till

B.  Action requested (If you need more space, use Section B of the CDCR 602-A):
(1) That whereabouts of my property be known
Forward to me And reissued to me
(2) Or if property is not located, unknown, that

**Supporting Documents: Refer to CCR 3084.3.**
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
(1) CDCR 22 Addressed to CCI (Tehachapi) dated 12-5-18
(2) CDCR 22 dated 12-5-18 RJD   (3) CDCR 1083 dated 11-13-18

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _Robert Cavazos_    Date Submitted: _1-2-19_

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?  ☑ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☑ Rejected (See attached letter for instruction)  Date: _1/4/19_ ___ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)

Reviewer: _____ Title: _____ Signature: _____
         (Print Name)

Date received by AC: _____          ③

AC Use Only
Date mailed/delivered to appellant ____ / ____ / ____

Received
JAN 04 2019
RJDCF Appeal
96

STANDEFER

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | *FOR STAFF USE ONLY* | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.**   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| CANAZOS, Robert | J26206 | C14-211 | UNASSigned |

**A.  Continuation of CDCR 602, Section A only** (Explain your issue): 12-4-18 , however
prior to KVSP crisis, I was still housed And
endorsed to CCI III (Tehachapi), which was from
whence on 11-26-18, transfered on emergency mental
health medical to KVSP crisis And on my seventh
day there KVSP crisis IDTT elected to discharge me
to here at RJD C.F. The last known whereabouts of
my property was at CCI 4A facility - RJR, see
CDCR 1083 inventory original, specifying CSATF
inventoried my property And sent to CCI 4 Boxes, on
11-13-18 or 11-14-18 day of transfer. While at CCI, none
of my above mentioned Boxes was yet reissued to
me, on 12-5-18 I submitted a CDCR 22, Addressed to
CCI FAC 4A RJR sgt And till date of this writing I have
yet to receive A response see CDCR Attachment 22 form.
Also on 12-5-18 CDCR 22 Addressed to R.J.D R3R sgt
(see Attachment) inquiring About my property At CCI And
R3R response was for, to contact CCI, section B of
CDCR 22 RJD.

Inmate/Parolee Signature: Robert Canazos          Date Submitted: 1-2-19

**B.  Continuation of CDCR 602, Section B only** (Action requested): I be compensated with the equal
Amount of the value of the items reflecting on Attached
CDCR 1083 dated 11-13-18, Approximately $1,200 (one
thousand And Two Hundred Dollars) be Approved And Transfered
onto my inmate Trust Account or (3) That exact same or
equal value items be given to me And (4) That the items
that can not be replaced such as personal numerous pictures
of deceased Father, Grandparents, Aunt, uncles, Friends, And
other pictures, 7 case law books And 3 Academic books,
And miscellaneous paperwork, legal work/research (valued at
Thousand of dollars) for such items I be given monetary compensation
thru reviewers recommendation to Government claim Board per CDCR 3193(b)

Inmate/Parolee Signature: Robert Canazos     (4)     Date Submitted: 1-2-19

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? | ☐ Yes | ☒ No | Tracking #: |
|---|---|---|---|---|

RJD HC 26001528

M. Sousley RN
Staff Name and Title (Print)

*M Sousley* (signature)
Signature

SEP 1 1 2020
Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):
CAVAZOS, ROBERT

CDCR #: J26206

Unit/Cell #: A 2 112L

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

See attached CDCR 602 HC

Supporting Documents Attached. Refer to CCR 3999.227   ☐ Yes   ☐ No

Grievant Signature: _____   Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [____]

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only   Is a CDCR 602 HC A attached? ☒ Yes   ☐ No

This grievance has been:

☒ Rejected (See attached letter for instruction):   Date: 9/22/20   Date: _____

☐ Withdrawn (see section E)

☐ Accepted   Assigned To: _____   Title: _____   Date Assigned: _____   Date Due: 11/16/20

Interview Conducted?   ☐ Yes   ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

Reviewing Authority
Name and Title (print): _____   Signature: _____   Date: _____

Disposition: See attached letter   ☐ Intervention   ☐ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:   9/22/20

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: _____

RECEIVED
RJD
SEP 1 1 2020
HCGO

REJECTED
RJD
SEP 2 2 2020
HCGO

STAFF USE ONLY

⑤

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #:

RJD HC 26001528

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):

CAVAZOS, ROBERT

CDCR Number: J260206

Unit/Cell Number: A 2 112L

SECTION A: Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

Grievant Signature: _____   Date Submitted: _____

SECTION B: Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____   Signature: _____   Date: _____

RECEIVED   REJECTED
RJD   RJD
SEP 1 1 2020   SEP 2 2 2020
HCGO   HCGO

**S T A F F   U S E   O N L Y**

(6)

ORiginAL

U.S DisT. CT. So. DisT CA...
CASE No. 21-CV-01156-JAN-AHG

PAges

1-2

# Exhibit

R

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print)   (LAST NAME)   (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| CAVAZOS   RobertT | J26206 | Robert Canazzo |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ____ TO ____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C14-211L | Unassigned | | 602 PROPERTY |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

TO RJD Appeals Coordinator, Find enclosures of 602 And 602-A with supporting documents originals CDCR 22 that was addressed to CCI (Tehachapi) dated 12-5-18,  CDCR 22 that was Addressed to RJD R&R dated 12-5-18 And CDCR 1083 dated 11-13-18.  At your discretion File here AT RJD or Transmit-Forward 602 to California Correctional Institution. Thank you, your work is Appreciated.  Respectfully Inmate Robert CAVAZOS

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☑ SENT THROUGH MAIL:  ADDRESSED TO: RJD Appeals Coordinator       DATE MAILED: 1/2/19

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES / NO |
|---|---|---|---|
| R. Falcon | 1/2/19 | | |

| IF FORWARDED TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON / BY US MAIL |
|---|---|---|
| RJD Appeals Coordinator | 1/2/19 | |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

①

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | | FROM (LAST NAME) *CAVAZOS* | CDC NUMBER *J2202?6* |
|---|---|---|---|---|

| HOUSING *14 - 211* | BED NUMBER | WORK ASSIGNMENT | | JOB NUMBER FROM     TO |
|---|---|---|---|---|

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

| | | ASSIGNMENT HOURS FROM     TO |
|---|---|---|

## Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

The CDCR Form 22, Inmate Request for Interview, Item or Service, has been discontinued effective June 1, 2020.

You are advised to dispose of any remaining forms you may have.

The GA-22 is the only acceptable form to send to staff for requests.

This CDCR Form 22 is being returned to you. If you still have a request, please fill out a new GA-22 (attached) and resubmit.

Do NOT write below this line.  If more space is required, write on back.

| INTERVIEWED BY The RJDCF Office of Grievances (OOG) | DATE 11/30/20 |
|---|---|

DISPOSITION
See above.

②

ORIGINL

U.S. DIST. CT. SO. DIST CA

CASE NO. 21-CV-01156-JAH AHG

PAGES

1-2

# Exhibit

S



**ROSEN BIEN
GALVAN & GRUNFELD LLP**

P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

August 25, 2021

<u>VIA U.S. MAIL</u>

CONFIDENTIAL – LEGAL MAIL

Robert Cavazos, J26206
R.J. Donovan Correctional Facility
480 Alta Road
San Diego CA 92179-0001

Re:   Coleman v. Newsom
      <u>Our File No. 0489-03</u>

Dear Mr. Cavazos:

This is in response to your letters postmarked July 28, 2021 and dated August 8, 2021, August 11, 2021, and August 15, 2021, which we received respectively on August 5, 2021, August 16, 2021, and August 19, 2021.

Thank you for sending us paperwork related to the May 18, 2021 threats on staff RVR. I am glad to hear that this RVR was dismissed. Could you please point me to the classification documents that indicate that this RVR was dismissed? I attempted searching for that information, but could not find it.

I am concerned to hear that, on July 26, 2021, Officer Viloria threw away your property, and later on that day, you got into an altercation with Officer Juarez that resulted in an RVR. Please send us the paperwork for that incident when you receive it. If you have not already done so, we recommend that you file a 602 staff misconduct complaint, if you feel comfortable doing so, in order to ensure that the video from these officers' body-worn cameras is retained.

You wrote that several incarcerated people had witnessed the assault against you. Since there are several incidents at play here, please specify which incident these people witnessed. For each incident that involves witnesses, please specify the date of the incident and the names, CDCR numbers, and/or cell numbers for witnesses that you are aware of.

[3784096.1]



**CONFIDENTIAL – LEGAL MAIL**

August 25, 2021
Page 2


Thank you for providing additional information about the April 15, 2021 incident. We are still waiting to hear from witnesses. We will not be able to proceed without gathering additional information. We receive additional information, we will determine how to move forward.

I am concerned to hear that you may harm staff in protest of the misconduct against you. In order to more effectively monitor compliance for the *Coleman* lawsuit, we have divided correspondence from the various CDCR institutions with our co-counsel, the Prison Law Office. Correspondence regarding *Coleman* issues at RJD is handled by the Prison Law Office, and we have forwarded a copy of your letter to their office.

We cannot take action or request that CDCR transfer you to the CMC ASU EOP Hub. We unfortunately do not have control over internal transfer decisions made by CDCR. Do you know whether they are planning to transfer you due to the staff separation alert? If so, do you know where you will be transferred to?

Thank you for writing, and take care.

<div align="center">

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Jack R. Gleiberman*

Jack R. Gleiberman
By:   Paralegal

</div>

Encl.: SASE



ORiginaL

U.S. DiST CT. SO. DiST CA.

CASE No. 21-cv-01156-JAH-AHG

PAGES

1-2

# Exhibit

I

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** CAVAZOS, ROBERT | | **Date:** 09/02/2021 | |
| **CDC#:** J26206 | | **Date of Birth:** 04/25/1974 | |
| **Control Date:** LWOP | | **Control Date Type:** Minimum Eligible Parole Date | |

| | | |
|---|---|---|
| **Hearing Date:** 09/02/2021 | **Hearing Type:** Subsequent ASU; Determinate SHU Term; Annual; Transfer; Pre-MERD | |
| **Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC/DPU) | **Correctional Counselor:** J. Ortiz | |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Dr. D. ENFIELD is present as a committee member and report the following regarding "S" mental health:
Response to treatment is: FAIR
Behavioral alerts are: HIST OF GASSING STAFF
Cell Recommendation:NONE
Activity of daily living (ADL) are:adequate
Ability to follow orders and understand issues discussed:FAIR
Taking Meds: YES
Attending Groups and One-on-Ones:NONE
Risk of decompensation if retained in ASU:moderate

## COMMITTEE ACTION SUMMARY

ASU SUB & PRE MERD & ANNUAL REV / FAC A CASE / RETAIN IN ASU DUE TO ACTIVE ASSESSED & ADJUSTED MERD OF 1-19-22 FOR BATT ON P.O. DTD 6-24-21 / RETAIN AT PRE MERD / REFER CSR FOR SHU AUDIT ONLY FOR ASU PLACEMENT ONLY DUE TO ICF / EOP ADMONISHMENT / MAX, D2/D / SMY YARD AND SC / CLEAR FOR DD HOUSING

## COMMITTEE COMMENTS

Inmate appeared in person before the Institution Classification Committee (ICC) for a(n) ASU Subsequent & Annual Review.  A 72 hour notice was provided.  Inmate is a participant of the MHSDS Program at the ICF level of care.  Inmate is not a participant in the DD Program.  No ADA concerns noted or required.  I/M is full duty, lower bed only.

Mental Health (MH) staff described the I/M's treatment needs and likelihood of decompensation if retained in ASU.  I/M is participating in the MHSDS at the ICF level of care.  MH staff noted that I/M is able to comprehend the issues at hand.  I/M has a reading score of 12.9.  I/M states he does understand all the issues involved with committee.  Assigned Caseworker CCI J. Lopez was assigned as Staff Assistant, met with I/M more than 24 hours prior to committee and is present in committee to assist I/M in understanding the decisions of committee.  Effective communication was achieved by speaking slowly, clearly and concisely, using simple language.  ICC asked the inmate to repeat, in his own words, his understanding of the issues presented.

The inmate's placement score was adjusted from 105 to 139 to reflect 0 qualifying period(s) of disciplinary free behavior and 1 qualifying period of satisfactory work performance.  Unfavorable points assessed due to RVRs dated 1-3-21, 4-10-21, 6-22-21, 6-24-21, and 7-27-21.  I/M has a mandatory minimum of 19 due to LWOP.

I/M was initially placed in ASU on 5-18-21 pending an investigation into an anonymous note noting threats against staff.  A TART has been completed and concluded by ICC of 6-17-21 resulting in no SSA.  However, this same ICC retained I/M in ASU based on a prior concluded SSA and recommended transfer.  While in ASU, I/M was further retained on 6-24-21 pending adjudication of RVR for Battery on a P.O. dated 6-24-21.  Specifically, I/M gassed with suspected feces officers Giroud and Aceves.  This RVR has been adjudicated and requires SHU assessment.

RVR dated 6-24-21 for Battery on a P.O. has been adjudicated and found guilty (121 LOC).  This offense warrants an expected SHU term of 12 months.  In assessment of this SHU term, ICC has considered the CDCR 115MH & the information provided by clinical staff, noting S's mental health did not contribute to this behavior.  As a result, ICC acts to hold I/M accountable.  ICC reviewed this case for aggravating and mitigating circumstances.  Committee is assessing and imposing the mitigated term of 11 months resulting in a MERD of 12-5-21.  ICC notes the term was set at the mitigated range due to I/M has not been involved in prior serious misconduct of the same or similar nature, as listed in subsection 3341.9(e), within the last five calendar years.  No aggravating factors exist.  D2/D from 6-24-21 to 10-22-21 (121 LOC).

I/M has been found guilty of non-SHUable RVR dated 7-27-21 for Willfully delaying a Peace Officer in the performance of Duties which will require evaluation of forfeiture of good conduct credits.  After reviewing the totality of all factors, committee elects to forfeit good conduct credits of 45 days further adjusting the MERD 1-19-22.

①

This case requires a PRE MERD review, after reviewing the totality of the factors involved committee elects to retain I/M through the MERD. Due to the active MERD, PSU placement should be recommended. However, I/M currently has been included in the ICF level of care. As a result, a transfer recommendation cannot be made. I/M will remain in RJD ASU pending DSH placement. Prior CSR concerns have been completed.

I/M is pending a non-SHUable RVR dated 7-26-21. If found guilty, will require evaluation of forfeiture of good conduct credits. RJD will remain responsible for adjudication.

I/M has a term of LWOP and was previously close custody due to a A1 offense. However, due to adverse ASU placement, MAX and D2/D will be established.

ICC noted RVR dated 1-14-11 for in-cell violence. I/M has not demonstrated a pervasive pattern of in-cell violence. However, MH 128C dated 1-27-21 recommended single cell due to MH concerns for 6 months. Inmate was reviewed for Single-Cell by utilizing the Memorandum dated January 19, 2016, "Inmate Housing Assignment Considerations during the Screening and Housing Process." The Inmate's Custodial history, Medical, Mental Health and any Developmental Disabilities were reviewed per the Memorandum. I/M's file was also reviewed for a history of sexual and/or predatory behavior against weaker individuals. Committee has concluded I/M is not deemed to be a predator. I/M is approved for SINGLE cell status and is cleared for DD housing. IHC-RE. As part of I/M's initial Institutional Classification Committee, the chairperson reviewed the completed PREA Screening tool with I/M and asked the I/M if he had any additional relevant information that should be considered for future housing and/or program/work assignments. The inmate stated he has no additional information to provide and feels the current housing assignment is appropriate at this time.

ICC elects to retain I/M in ASU, reaffirm MAX custody, WG/PG D2/D 6-24-21, SMY yard and SINGLE cell, and refer CSR for SHU audit only for RJD ASU placement through MERD.

Per the new Departmental policy, EOP and inpatient treatment programs will no longer recognize or utilized SNY and GP designation for the purpose of housing. As a non-designated program, it is expected that all inmates will program together and comply with the integrative housing expectation regardless of prior GP or SNY programming or level designation. Inmates non-compliant with the transfer and/or housing placement recommendation shall be subject to the Departmental disciplinary process and potential placement into higher level housing. Inmate was informed of this recommendation during a pre-committee interview.

| RECORDER | | |
|---|---|---|
| J. Ortiz | | 09/02/2021 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| S. Steadman | | 09/02/2021 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono



ORiGiNAL

U.S. Dist CA . So. Dist CA

CASE NO.  21-CV-01154-JAH-AHG

PAges
1-6

EXHiBiT

U



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: RJ Donovan Correctional Facility | Facility: RJD-Facility B | Log Number: 000000007107173 |
| Inmate Name: CAVAZOS, ROBERT | CDC #: J26206 | Bed Number: RJD-B - B 006 1 - 138001L |
| TABE Score: 12.9 | MH LOC: EOP | DDP Status: NCF |

## DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(a) | Specific Act: Resisting Staff |
| Level: Serious | Offense Division: Division D |
| Offense Occurrence: 2nd Occurrence | |
| Violation Date: 07/26/2021 | Violation Time: 15:11:00 |
| Hearing Date: 09/02/2021 | Hearing Time: 20:18:25 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 07/26/2021 | 21:33:15 | RVR Ready for Review by Supv. | M. Viloria | 0 |
| 07/27/2021 | 07:38:59 | RVR Approved by Supervisor | D. Parsons | 1 |
| 07/27/2021 | 16:00:23 | RVR Classified | A. Garvey | 1 |
| 07/27/2021 | 16:00:24 | MH Assessment Requested | A. Garvey | 1 |
| 07/28/2021 | 13:56:34 | MH Assessment Received | U. UNKNOWN | 2 |
| 08/06/2021 | 16:24:00 | Inmate Copy Served Initial Rules Violation Report; Incident Report; MH Assessment Report; Medical Evaluation Report | T. Hoffman | 11 |
| 08/06/2021 | 16:24:01 | Inmate Copy Served Other | T. Hoffman | 11 |
| 08/06/2021 | 16:24:05 | SA Assigned | T. Hoffman | 11 |
| 08/06/2021 | 16:24:10 | IE Assigned | T. Hoffman | 11 |
| 09/01/2021 | 15:39:55 | IE Report Prepared | T. Hoffman | 37 |

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  No

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:  No

Clinical Staff determined Mental Health Symptoms contributed to behavior:  No

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  Yes

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: MH LOC EOP or higher

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|--------------------------------|----------|--|
| D. Jaime | 08/06/2021 | Yes | Yes | Yes | |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Housing Status

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|------------------------------|--------------------------------|-------------------------------|--------------------|--------------------|---------------------------------------------|--|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. | |

| Questions Asked | | | | Rescinded |
|---|---|---|---|---|
| | | | | |

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |
| Questions Asked | | | | |

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: ☐ Guilty

○ Subject declined to make a statement

◉ Subject made a statement

**Comments:**

I'm guilty

## FINDINGS

Subject was found: ☐ Guilty as Charged ☐ based on a preponderance of evidence.

Lesser Included Charge:

Level:                                        Offense Division:

Offense Occurrence:

**Comments:**

Guilty of the Division D(6) offense WILLFULLY RESISTING, DELAYING OR OBSTRUCTING ANY PEACE OFFICER IN THE PERFORMANCE OF DUTY. This offense requires evidence that the defendant took a deliberate action that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff member was a peace officer. As a matter of institutional policy, this finding is limited to those circumstances where either additional staff intervention is required or this disruption results in a significant delay to the program.

In this case the RVR distinctly documents an Officer Viloria observed Officer Juarez was escorting Inmate Cavazos and heard Inmate Cavazos shout "You Fucking Dumbass" along with more profanity however due to him shouting I was unable to clearly hear anything further. The RVR further documents Viloria began to approach Officer Juarez and Inmate Cavazos continued to conduct himself in a disruptive manner, displaying an imminent threat by stopping during a controlled escort in ASU by attempting to break free of Officer Juarez grip. The RVR documents Inmate CAVAZOS's actions affected the ability of the staff member to perform his assigned duties. The SHO considered the Investigative Employee Report and deemed the report had no information nor evidence to provide a defense. Lastly Inmate CAVAZOS's made an admission of guilty to the SHO stating "I'm Guilty". As such the preponderance of evidence supports the finding of guilty.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**



| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Quarters Weekends | | | | | | | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

④

|  | TITLE: LT. | DATE: 09/02/2021 |
|---|---|---|

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:                       CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 61 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | 0 | Yes | ☑ | ☐ | ☐ | ☐ | | |



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RVR SUPPLEMENTAL

| CDC NUMBER J26206 | INMATE'S NAME CAVAZOS, ROBERT | FACILITY RJD-Facility B | LOG NUMBER 000000007107173 | DATE 09/01/2021 |
|---|---|---|---|---|

☐ SUPPLEMENTAL REPORT ☒ INVESTIGATIVE REPORT ☐ STAFF ASSISTANT REPORT

On Friday, August 6, 2021 at approximately 1624 hours, while performing my duties an S&P #1, I Correctional Officer T. Hoffman contacted Inmate Cavazos, CDCR #J26206, in FB-6-136L to conduct an Investigative Employee (IE) interview.

EFFECTIVE COMMUNICATION: Effective Communication was established in the following manner: A review in the Strategic Offender Management System (SOMS), of Inmate Cavazos, I at the time of the generation of this Rules Violation Report (RVR) indicated that Inmate Cavazos has an Adult Basic Education (TABE) score 12.9. I established Effective Communication by speaking slow and simple English. Inmate Cavazos demonstrated a good command of the spoken English language. Inmate Cavazos was able to listen to the entire contents of the RVR and was able to articulate a clear understanding of the charges and possible ramifications. Inmate Cavazos is a participant in the Enhanced Outpatient Program (EOP) level of care. Due to Inmate Cavazos being a participant in the EOP Program, Officer D. Jaime was present as Staff Assistant during the interview.

STAFF ASSISTANT: Staff Assistant was assigned and/or present during interview as a result of his participation in the MHDS at the EOP level. Correctional Officer D. Jaime was assigned as Staff Assistant and was requested to assist the IE. Officer D. Jaime was present as SA in FB-6-136L during the interview to explain and answer any question(s) regarding this process.

I advised Inmate Cavazos, the classifying official determined the charge is considered a serious Rules Violation Report (RVR). As a result, this RVR requires assignment of an IE pursuant to CCR Title 15, 3315(d)(1) that: The housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of defense.

I explained to Inmate Cavazos my assignment as IE is designated to gather information for the Senior Hearing Officer (SHO). I will conduct an interview with him, Inmate Cavazos, regarding the charge. My function is to question all staff and inmate(s) who may have relevant information, screen prospective witness(es). Once all my functions as an IE are completed, I will submit a written report to the SHO and provide him with a copy more than twenty-four (24) hours prior to disciplinary hearing. I informed Inmate Cavazos that an IE is not subject to the confidentiality provisions of subsection CCR Title 15, 33a8(b)(2)(A) and shall not withhold any information received from Inmate Cavazos.

I asked Inmate Cavazos if he understood my assignment as IE. Inmate Cavazos indicated he understood my assignment and duties of my position, and had no objections to my assignment.

Questions for C/O Viloria:
1. Did you search my cell and gave the clear see through zip baggie filled with state issued liquid disinfectant cleanser?
I do not understand the question
2. Did you take empty zip baggies from my room?
Yes, I confiscated empty zip baggies from the Inmate Cavazos (J26206) as they were deemed an accumulation of trash.
3. Was the amount of bags 4?
I do not recall the number of baggies I confiscated but it was more than one.
4. Did you take 2 empty milk cartons?
Yes I confiscated empty milk cartons from Inmate Cavazos cell (J26206).
5. Do ASU inmates use empty zip bags and milk cartons to eat and drink liquid/canteen items?
Custody staff in the Administrative Segregation Unit (ASU) issue inmates zip bags to substitute plastic bottles and containers that inmates are not allowed while housed in ASU. Staff is not required to issue zip bags to inmates for their personal desires.
6. Did you replace those bags?
I recall replacing a bag containing the proper amount of cleaning disinfectant.
7. Are ASU I/M's issued cups or bowls?
Non-Disciplinary Inmates are allowed a Tumbler (1) and Bowl (1)



Original

U.S. Dist. Ct. So. Dist. CA.

CASE NO. 21-CV-01156-JAH-AHG

Pages
1-10

Exihibit

V



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Headquarters' Level Response**

**Closing Date:**   SEP 0 8 2021

**To:**     CAVAZOS, ROBERT (J26206)
Richard J Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

**From:**   California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**   RJD HC 21000704

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue: Disagreement with Treatment ( Nursing Staff ) | You stated that you were in pain after an assault and medical staff refused to send you to the Triage and Treatment Area (TTA) for x-rays. |
| Issue: Medication ( Pain Management ) | Dissatisfied with pain management; alleged you were not prescribed any pain medication. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.      [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate

- You alleged negligent care; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.
- The Institutional Level Response adequately addressed your concerns regarding initial evaluation after an assault and is sustained at the headquarters' level of review.

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**



- You are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.
- On July 15, 2021, the primary care provider documented the results of your rib x-ray were reviewed with you which indicated no evidence of fracture; you denied shortness of breath; your lungs were clear to auscultation.
- On July 23, 2021, the primary care provider documented you were in no acute distress; you denied shortness of breath; your lungs were clear to auscultation; you were advised the rib x-ray results from July 15, 2021, were unremarkable.
- On July 26, 2021, you were seen in the TTA for a complaint of left rib pain and left ankle pain. The provider documented your lungs were clear to auscultation; you had reproducible chest pain along the left inferior rib cage; you declined injectable pain medication; you were provided naproxen, which improved your pain; you were discharged back to housing with stable vital signs; an x-ray of the left rib was ordered.
- On July 28, 2021, you had followed-up after TTA visit. The primary care provider documented you were in no acute distress and were walking without difficulty; your left 11th rib fracture had healed.
- On August 6, 2021, you were seen by the primary care provider for issues unrelated to this grievance.
- You have active medication orders for pain management including naproxen and nortriptyline.

If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While you have the right to refuse most health care, you are considered an active partner and participant in the health care delivery system. You are encouraged to cooperate with your health care providers in an effort to achieve optimal clinical outcome.

California Correctional Health Care Services health care providers are trained to treat multiple types of pain in a systematic, step-wise approach based on comprehensive assessment and planning, as outlined in the CCHCS Care Guide: Pain Management. Complete pain relief is not a realistic goal. The goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery. The assessment and monitoring of your pain is an ongoing process.

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.

Per the Health Care Department Operations Manual, Section 3.1.1, Complete Care Model, California Correctional Health Care Services "...shall manage and deliver medically necessary health care services to the patient population." The Complete Care Model is based on the industry standard known as the Patient-Centered Health Home. The Complete Care Model "shall serve as the foundation for California Correctional Health Care Services health care services delivery." All California Correctional Health Care Services policies and procedures are designed to meet the minimum level of care necessary to provide constitutionally adequate medical care to patients in the California Department of Corrections and Rehabilitation.

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

P.O. Box 588500
Elk Grove, CA  95758



R. CAVAZOS, J28206
RJD HC 21000704
Page 3 of 3

InterQual® is a set of evidence based guidelines that are used by health care professionals as a clinical support criteria tool to assist in the determination of medical or clinical necessity. The guidelines include imaging, specialist referral, and hospital admission, discharge, and continued stay categories. The guidelines are used by most major American health care delivery systems and by all hospitals, organizations, and programs that have received accreditation and certification from The Joint Commission. California Correctional Health Care Services and the California Department of Corrections and Rehabilitation reference InterQual®, as well as other evidence based literature in their determinations of medical or clinical necessity.

Per the Health Care Department Operations Manual, Section 3.1.5, Scheduling and Access to Care, and Section 3.3.5.1, Priority Health Care Services Ducat Utilization, custody staff is responsible for delivery of priority health care ducats to patients prior to his/her scheduled appointment. Health care staff do not have jurisdiction over custody staff; therefore, your concerns should be addressed through the appropriate custody channels at your institution.

It is not in the purview of grievants to dictate administrative actions in regard to the health care grievance process. Your health care grievance was processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

_For_

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

September 7, 2021

Reviewed and Signed Date

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

③

P.O. Box 588500
Elk Grove, CA  95758

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Tracking #: RJD HC 21000704 |
|---|---|---|

L. Schobelock, RN

Signature: *L. Schobelock, RN*   Date: MAY 14 2021

Staff Name and Title (Print)

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): CAVAZOS, ROBERT | CDCR #: J26206 | Unit/Cell #: A 2 102 |
|---|---|---|

| SECTION A: | Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: |
|---|---|

See attached CDCR 602 HC

Supporting Documents Attached. Refer to CCR 3999.227   ☐ Yes   ☐ No

Grievant Signature: _____   Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [____]

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☒ Yes   ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____   Date: _____

☐ Withdrawn (see section E)

☒ Accepted   Assigned to: L. Schobelock   Title: HCA RN   Date Assigned: 5/18/21   Date Due: 7/20/21

Interview Conducted? ☒ Yes ☐ No   Date of Interview: MAY 21 2021   Interview Location: Byard ASU Clinic W

Interviewer Name and Title (print): L. Schobelock, RN   Signature: *L. Schobelock, RN*   Date: MAY 21 2021

Reviewing Authority Name and Title (print): S Roberts (EOCA)   Signature: _____   Date: 6/23/21

Disposition: See attached letter   ☐ Intervention   ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: JUN 24 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☒ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☒ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☒ Reached |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

RECEIVED RJD MAY 14 2021 HCGO

COMPLETED RJD JUN 2 STAFF HCGO

RECEIVED USE CCAB ONLY JUL 02 2020

COMPLETED HCCAB SEP 08 2021

④

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Institution: | Tracking #: |
|---|---|---|---|

RJD HC 21000704

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):
CANAZOS Robert

CDCR #: T26206

Unit/Cell #: A2-102

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy.

On 4-15-21, I was assaulted by an inmate with a weapon. On 4-16-21 feeling the pain of the assault, R.B area cut, swollen face, jaw hurting, neck pain, back pain and calve muscle area pain — I was sent to a yard clinic at about 12:30, and the RN said your blood pressure is high and viewed some of my physical injuries and then the medical doctor and staff medical refused to call the EMT and send me to TTA or to

*If you need more space, use Section A of the CDCR 602 HC A*

☐ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:

☑ No, I have not attached any supporting documents. Reason: Don't need none cause its ongoing indifference

Grievant Signature: Robert Cavazos     Date Submitted: 5-10-21

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.     R.C.

HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only     Is a CDCR 602 HC A attached? ☐ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date:                    Date:

☐ Withdrawn (see section C)

☐ Accepted     Assigned To:          Title:          Date Assigned:          Date Due:

Interview Conducted? ☐ Yes ☐ No   Date of Interview:          Interview Location:

Interviewer Name and Title (print):          Signature:          Date:

Reviewing Authority
Name and Title (print):          Signature:          Date:

Disposition: See attached letter   ☐ Intervention   ☐ No Further Intervention   ☐ No Intervention

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

RECEIVED COMPLETED RJD RJD STAFF USE ONLY MAY 1 4 2021 JUN 2 4 2021 HCGO HCGO

RECEIVED COMPLETED MCCAB MCCAB JUL 0 2 2021 SEP 0 8 2021



STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

---

**STAFF USE ONLY**

Tracking #:

---

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| CANAZOS Robert | J36306 | A2-102 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

hospital for x-rays and further evaluation and for some perscription pain medication. Thus M.D. and RN Sy deliberately disregarded my claim of the assault, my verbal pain and physical apparent injuries and the account of custody C/o's verification of I being assaulted. I was told to leave the A facility clinic and M.D, RN will decide if they needed to call the EMT to send me to TTA. So I'm forced to leave the clinic and outside I lay on floor ground due to pain and the RN Sy merely threw a written by her hand pass ducat for the next day - for I to get X-rays. However the pass for 4-17-21 was not legit nor was I called for 4-17-21 X-rays. So I asked RN inside H.U. A2 to verify and he called and said you'll get called later. never called. By 4-19-21 sent to A clinic on a ducat pass and I told RN my pain and assault of 4-15-21. He disregarded any further medical intervention, nor pain perscription but claims you'll get X-rays and meds. I've submitted 4 or 5 request due to injuries and I'm being denied adequate med. intervention

Grievant Signature: Robert Canazos    Date Submitted: 5-19-21

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

---

Name and Title: _____    Signature: _____    Date: _____

RECEIVED COMPLETED
RJD      RJD
MAY 1 4 2021  JUN 2 4 2021

HCGO     HCGO

RECEIVED COMPLETED
HCGO     HCGO
JUL 0 2 2021  SEP 0 8 2021

STAFF USE ONLY

⑥



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**   JUN 2 4 2021

**To:**   CAVAZOS, ROBERT (J26206)
B 006 1138001LP
Richard J Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

**Tracking #:**   RJD HC 21000704

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| **Issue** | **Description** |
|---|---|
| Issue:   Disagreement with Treatment (Nursing Staff) | You disagree with treatment for your assault. |

## INTERVIEW

On 5/21/21, you were interviewed by L. Schobelock, Health Care Appeals Registered Nurse (HCARN) regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.   [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:
- On 4/15/21, you were involved in an altercation and you refused to be evaluated in the Triage and Treatment Area (TTA).
- On 4/16/21, you were seen by your Primary Care Provider (PCP) for complaints of left lateral rib pain and right jaw pain after you were involved in an altercation the day prior. It was discussed that you had refused to be evaluated in the TTA. Physical examination was difficult to perform as you were only allowing mild palpation over your right jawline and no palpation over your ribs. You requested x-rays, but the Radiology department had already stopped seeing patients that day and you were scheduled for the next morning. Your vitals and physical examination were nonconcerning and a higher level of care

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**



was not indicated at that time.  You were offered multiple medications for pain, however you refused all of them as you only wanted morphine.  You were advised that based off of clinical evaluation, morphine was not indicated.  You were advised follow up once x-rays were completed.

- On 4/19/21, you were seen by a Registered Nurse (RN) for a Nursing face-to-face consultation and you reported that your pain was improving.
- On 4/22/21, you were seen by a RN for a Nursing face-to-face and your PCP was consulted.  An order was placed for Naproxen and facial x-rays were ordered.
- On 5/18/21, x-rays of your ribs were completed which showed minimally displaced left lateral 11th rib fracture.
- On 5/19/21, you refused x-rays of your facial bones.
- On 5/20/21, you were seen by your PCP for a follow up for your rib fracture.  X-rays were ordered for your chest, ribs, thoracic spine and facial bones.  Tylenol #3 ordered three times a day for seven days for pain.
- On 5/21/21, you were interviewed by HCARN Schobelock and you were advised that grievance issues had been reviewed.  You stated that you were upset at having to wait a month for ordered x-rays and you did not feel the pain medication that was provided was adequate for a rib fracture.  You stated that you should have been sent out to an outside hospital for x-rays and evaluation following an altercation.  You stated that you wanted it to be noted that that you did not refuse to be sent to the TTA for further evaluation on 4/15/21.  It was discussed that you are currently prescribed Tylenol #3 for pain management.  You stated understanding of all of the information discussed.
- On 6/3/21, chest and rib x-rays were completed.
- On 6/7/21, you were seen by your PCP for a follow up for your rib pain.  You were advised that rib x-rays showed no fracture seen.  You reported continued mild pain constantly and more severe pain with use.  You had been using ibuprofen and naproxen without relief.  Extra-strength Tylenol and Voltaren gel were added.
- There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. Treatment determined to be medically or clinically indicated for another patient may not be determined to be appropriate for you; this does not constitute a violation of your right to impartial access to medically or clinically necessary health care.
- California Correctional Health Care Services health care providers are trained to treat multiple types of pain in a systematic, step-wise approach based on comprehensive assessment and planning, as outlined in the CCHCS Care Guide: Pain Management. Complete pain relief is not a realistic goal. The goal is to reduce pain and improve function while avoiding significant side effects and risks associated with stronger pain medications or surgery. The assessment and monitoring of your pain is an ongoing process.
- While you have the right to refuse most health care, you are considered an active partner and participant in the health care delivery system. You are encouraged to cooperate with your health care providers in an effort to achieve optimal clinical outcome.

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**





RECEIVED
HCCAP
JUL 0 2 2021

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____
R. Barenchi, MD
Chief Medical Executive (A)
Richard J. Donovan Correctional Facility

_____6/21/21_____
Reviewed and Signed Date

_____
S. Roberts
Chief Executive Officer (A)
Richard J. Donovan Correctional Facility

_____6/23/21_____
Reviewed and Signed Date

RB:SR:mo

---

Note 1:  The institutional level review based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document. Do not remove from the health care grievance package.

⑨


RECEIVED
HCCAP
JUL 0 2 2021

## ADA/Effective Communication Patient Summary

**As of:** 05/14/2021 09:16

### Patient Information

**NAME:** CAVAZOS, ROBERT
**CDCR:** J26206

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 11/13/20 15:05:14 PST

**Current Housing Restrictions/Accomodations:**

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

### Testing of Adult Basic Education (TABE)

**TABE Score:** 12.9

**TABE Date:** 03/30/2007 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** No

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:**

### MHSDS

**MHLOC:**  EOP

5/14/2021

Original

U.S. Dist. Ct. So. Dist CA.

Case no. 21-cv-01156 JAH-AHG

Pages

1 - 3

Exibit

W



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CAVAZOS, ROBERT                    **CDC#:** J26206

**Date:** 05/24/2021

**Current Location:** RJD-Facility B                    **Current Area/Bed:** B 006 1138001L

**From:** Office of Grievances at RJ Donovan Correctional Facility

**Re:** Log # 000000121227                    *with the ???*
                                                         *(MIA)*

The California Department of Corrections and Rehabilitation Office of Grievances at RJ Donovan Correctional Facility received your grievance on 05/12/2021. Your claim(s) has been assigned to a reviewer for processing, except for the following:

**Claim # 002:**

Your matter concerning Offender Services;Allegation against Inmate/Parolee has been reviewed and is outside the scope of the grievance process. The Office of Grievances has redirected your claim. Your matter will be addressed by appropriate staff at RJ Donovan Correctional Facility as determined by the Reviewing Authority.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review of the remaining claim(s) no later than 07/12/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of any claims prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT





**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CAVAZOS, ROBERT                    **CDC#:** J26206

**Date:** 05/25/2021

**Current Location:** RJD-Facility B                    **Current Area/Bed:** B 006 1138001L

**From:** Office of Grievances at RJ Donovan Correctional Facility

**Re:** Log # 000000117933

The California Department of Corrections and Rehabilitation Office of Grievances at RJ Donovan Correctional Facility received your grievance on 05/11/2021. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/11/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE RECEIPT
# ACKNOWLEDGMENT

**Offender Name:** CAVAZOS, ROBERT                    **CDC#:** J26206

**Date:** 05/25/2021

**Current Location:** RJD-Facility B                    **Current Area/Bed:** B 006 1138001L

**From:** Office of Grievances at RJ Donovan Correctional Facility

**Re:** Log # 000000120190

The California Department of Corrections and Rehabilitation Office of Grievances at RJ Donovan Correctional Facility received your grievance on 05/20/2021. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 07/20/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

CDCR SOMS OGTT300 - OOG Offender Grievance Receipt Acknowledgement

ORIGINAL

U.S. Dist. Ct. So. Dist CA

CASE NO. 21-CV-01156-JAH-A-H6

PAGES

1-11

Exibit

X



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

**SOUTH COUNTY DIVISION**
**500 THIRD AVE**
**CHULA VISTA, CA 91910**

July 7, 2021

Robert Cavazos
CDC# J26206b
B6-138
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179

     RE:  Case No.:  HSC11872

Mr. Cavazos:

As requested on your letter dated June 28, 2021, I am enclosing copies of the following documents:

- Petition for Writ of Habeas Corpus
- Order Denying Petition for Writ of Habeas Corpus
- Conformed copy of Notice of Appeal
- Notice of Filing of Notice of Appeal
- Court of Appeal Decision

As to the California Rules of Court booklet that you are requesting, the court does not have those booklets to provide to the public.

Thank you.

A. Magana, COCIII
Calendar DP
South County Superior Court





**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

SOUTH COUNTY DIVISION
500 THIRD AVE
CHULA VISTA, CA 91910

July 19, 2021

Robert Cavazos
CDC# J26206b
B6-138
R.J. Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179

RE:    Case No.:  HSC11872

Mr. Cavazos:

We are in receipt of your letter dated July 14, 2021.  In that letter you indicate that you are missing an attachment(s) to your original petition for writ of habeas corpus.

On July 7, 2021, I sent you a copy of your entire habeas corpus file, at your request.  There is nothing in the file that you do not already have a copy of.

Please let me know exactly what document you are referring to so that I can re-copy what you are missing and send it to you.

Thank you.

c/o ~ A. Magana, COCIII  And NURSE NAME  *check if peNated*
Calendar DP  *who gAve Covid*
San Diego Superior Court  *vAcciNe JN 7-30-21*
South County Division

c/o T. SOTO

c/o M. LOPEZ  *cApps FRIeNd*
*HeNRy FRIeNd*

A.W. SCOTT STEIDMAN

MOSES FLORES





F I L E D
Clerk of the Superior Court

JUN. 0 9 2021

By: C. Ortiz, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

IN THE MATTER OF THE APPLICATION OF: )
                                      )
                                      )   HSC11872
                                      )
ROBERT CAVAZOS,                       )
                                      )   ORDER DENYING PETITION FOR
         Petitioner.                  )   WRIT OF HABEAS CORPUS
                                      )
                                      )

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS IN THE

ABOVE-REFERENCED MATTER, THE COURT FINDS:

Petitioner is currently incarcerated by California Department of Corrections and

Rehabilitation (CDCR) at R.J. Donovan Correctional Facility (RJDCF).

On May 20, 2021 petitioner filed a petition for writ of habeas corpus with this

court. Petitioner claims that he poses "imminent danger to any potential cellmate if and

when CDCR classification committee decides to reinstate double cell status."

The petition is denied.

Penal Code section 1473(a) provides: "Every person unlawfully imprisoned or

restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas

corpus, to inquire into the cause of such imprisonment or restraint."

Every petitioner, even one filing in pro per, must set forth a *prima facie* statement

of facts that would entitle him to habeas corpus relief. (*In re Bower* (1985) 38 Cal.3d

865, 872; *In re Hochberg* (1970) 2 Cal.3d 870, 875 fn 4.) The petitioner then bears the

1     burden of proving the facts upon which he bases his claim for relief.  (*In re Riddle*

2     (1962) 57 Cal.2d 848, 852.) Vague or conclusory allegations do not warrant habeas

3     relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) The petition should include copies of

4     "reasonably available documentary evidence in support of claims . . ." (*Id.*)

5          Here, does not allege any *current* unlawful conditions of confinement or restraint

6     which entitle him to habeas corpus review; there is no actual controversy upon which

7     this court may rule. (See *In re J.G.* (2008) 159 Cal.App.4th 1056, 1062.)

8          Pursuant to the foregoing, the petition is denied.

9     A copy of this Order shall be served upon petitioner and RJDCF (attn: Legal).

10     IT IS SO ORDERED.

11     DATE: 6/9/2021

12                        TIMOTHY R. WALSH
                             JUDGE OF THE SUPERIOR COURT

HC-001

Name: Robert Cavazos

Address: RJD A2-102L
450 Alta Road
San Diego CA 92179

F I L E D
Clerk of the Superior Court

MAY 2 0 2021

By: C. Ortiz, Deputy

CDC or ID Number: J26206

Superior Court of California
County of San Diego

*(Court)*

| | |
|---|---|
| Robert Cavazos | **PETITION FOR WRIT OF HABEAS CORPUS** |
| Petitioner | No. HSC 11872 |
| vs. | *(To be supplied by the Clerk of the Court)* |
| Warden Pollard | |
| Respondent | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2016). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

(S)

HC-001

**This petition concerns:**

☐ A conviction                 ☐ Parole

☐ A sentence                   ☐ Credits

☑ Jail or prison conditions    ☐ Prison discipline

☑ Other (specify): Immindent danger to any potential cellmate

1. Your name: Robert Canazas

2. Where are you incarcerated? RJDCF San Diego CA

3. Why are you in custody? ☑ Criminal conviction  ☐ Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Murder 1st Degree 3 Counts

b. Penal or other code sections: 187. 190-2

c. Name and location of sentencing or committing court:

Los Angeles County

Superior Court

d. Case number: VA017561

e. Date convicted or committed: March 24, 1994

f. Date sentenced: June 24, 1994

g. Length of sentence: Lwop x 3

h. When do you expect to be released? Probably never - at the rapture-resurection?

i. Were you represented by counsel in the trial court? ☑ Yes  ☐ No  *If yes, state the attorney's name and address:*

Patrick Thomason P.D.

4. What was the LAST plea you entered? *(Check one):*

☑ Not guilty  ☐ Guilty  ☐ Nolo contendere  ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

☑ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6

HC-001

## 6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

Imminent danger to any potential cellmate if and when CDCR classification committee decides to reinstate double cell status.

### a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

On going adversity with a constitutional question to be free to cruel and unusual punishment 8th amendment, when I've stated repeatedly to CDCR officers at numerous prisons - that I cant deal with living in the same double cell living quarters. I need to be only at single cell status, without the burden of a prison infraction to force me to comply to living in a cell with another inmate. I'm serving multiple life sentence, since 1992 incarcerated. And I've suffered with mental state in regards to having to share a cell. January 14 - 2011 I assaulted a cellmate, with such thoughts of wanting to repeat such an incident to any cellmate. It is very stressful. I'm diagnosed PTSD etc.

### b. Supporting documents:

Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duval* (1995) 9 Cal. 4th 464, 474.)

Attached is an exhausted 602 appeal grievance with numerous documentations that was logged and heard at the highest 602 appeal grievance level and subsequently denied. Declaring under the penalty of perjury under the state laws of California that the foregoing is true and correct. It is my constant thought within sharing cell living quarters with another inmate, needing a court order for CDCR to keep me single cell.

### c. Supporting cases, rules, or other authority *(optional)*:

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Right to be free to cruel and unusual punishment 8th amendment

(7)

HC-001

7. **Ground 2 or Ground** _____ *(if applicable):*

a. Supporting facts:

b. Supporting documents:

c. Supporting cases, rules, or other authority:

**HC-001**

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes ☐ No   <u>If yes, give the following information:</u>

a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"): _____ N/A _____

b. Result: _____ c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal? ☑ Yes ☐ No   <u>If yes, state the attorney's name and address, if known:</u>

_____ N/A _____

9. Did you seek review in the California Supreme Court? ☑ Yes ☐ No   <u>If yes, give the following information:</u>

a. Result: _____ N/A _____ b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal. (See *In re Dixon* (1953) 41 Cal.2d 756, 759):

_____

_____

_____

11. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:

yes I exhausted Administrative Review.

Attn: Furthermore after exhausting the Administrative Review mental health temporarily intervened and recommended to CDCR that I needed to be placed on single cell status. nevertheless if mental health rescinds their CDCR can immediately place a danger in my cell.

_____

b. Did you seek the highest level of administrative review available? ☑ Yes ☐ No
*Attach documents that show you have exhausted your administrative remedies. (See People v. Duvall (1995) 9 Cal.4th 464, 474.)*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767-769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)
☐ Yes   <u>If yes, continue with number 13.</u>   ☑ No   <u>If no, skip to number 15.</u>

(9)

HC-001

13 a. (1) Name of court: _____ N/A _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

                (b) _____

    (4) Result (attach order or explain why unavailable): _____ N/A _____

    (5) Date of decision: _____

b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

                (b) _____

    (4) Result *(attach order or explain why unavailable):* _____

    (5) Date of decision: _____

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____ N/A _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

I've exhausted Administrative peried on MArT may 2019, haven't Mental Health mgmt from CDCR custody - placed me on temporary single cell on march 2020

16. Are you presently represented by counsel? ☐ Yes ☑ No   If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes ☐ No   If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: This is the Appropriate court

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: MAY 10· 2021

▶ Robert Cavazos
(SIGNATURE OF PETITIONER)

(10)

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ROBERT CANAZOS_____, declare:

I am over 18 years of age and a party to this action.  I am a resident of __SAN Drego County__

_____RJDCF_____ Prison,

in the county of _____SAN Drego_____,

State of California.  My prison address is: __480 ALTA Road__

On_____May 10 -2021_____
(DATE)

I served the attached: __PETITION FOR WRIT OF HABEAS CORPUS RE: JAIL__
__CONDITIONS with attached supporting Third Level Exhausted 602 Appeal__
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined.  The envelope was addressed as follows:

Superior Court for California
county of San Drego
1100 union Street, P.o Box 102724
San Drego CA 92112-2724

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __May 10 -2021__          _Robert Canazos_
(DATE)                                        (DECLARANT'S SIGNATURE)

ORiginAL

U.S. Dist Ct. So. Dist CA.

CAse No. 21-cv. 01156 JAH-AHG

PAges

1 -3

# Exhibit

2



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

| | |
|---|---|
| **Offender Name:** CAVAZOS, ROBERT | **Date:** 07/27/2021 |
| **CDC#:** J26206 | |
| **Current Location:** RJD-Facility B | **Current Area/Bed:** B 006 1 - 138001L |

**Log #:** 000000128204

---

**Claim #: 001**
**Institution/Parole Region of Origin:** RJ Donovan Correctional Facility    **Facility/Parole District of Origin:** RJD-Facility B
**Housing Area/Parole Unit of Origin:**
**Category:** General Employee Performance    **Sub-Category:** Document Misuse

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at RJD-Facility B received your claim on 05/27/2021.

California Code of Regulations, title 15, provides CDCR Office of Grievances 60 calendar days to complete a response.

Although 60 calendar days have passed since your claim concerning General Employee Performance;Document Misuse was received, your claim is still under inquiry or investigation. Due to the expiration of time, this response by the Office of Grievances will be the only response.

You will be notified once the inquiry or investigation of the issue concerning your claim has been completed, but the notification will be outside of the timeframe of the Grievances and Appeals Process. You do not need to resubmit this claim to CDCR.

**Decision: Under Investigation**

---

14    

ORIGINAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): CAVAZOS  RobeRt | CDC Number: J262206 | Unit/Cell Number: B6-138 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): STAFF MisConduct

MAY 27 2021

INFRidging on 1st Aid 14th U.S. Constitutional Amendment And 8th

A. **Explain your issue** (If you need more space, use Section A of the CDCR 602-A): Today 5-26-21
At About 9:30 AM, I was At ASu Rec yARd when one of the
MENtAl HEAlth EscoRt c/o was About 20 feet Away, coming
in my diRection - when he spotted me he said "Hey CAVAZOS

B. **Action requested** (If you need more space, use Section B of the CDCR 602-A):
(1) That the above mentioned mentAl health EscoRt be
identified by Review of EscoRt documents
Refuse document And body cAmeRas and

Supporting Documents: Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

| Inmate/Parolee Signature: [signature] | Date Submitted: 5-26-21 |
|---|---|

**By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)
Reviewer: _____ Title: _____ Signature: _____
(Print Name)
Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ____ / ____ / ____ |

15        (2)

Original

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| CANAZOS, Robert | J26206 | B6-138 | |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** Are you going to
I.D.T.T. committee, I said "yes I'm ready" indicating
is my Attire - wearing the jumpsuit. However the C/O said
ok, but kept walking between the cages and went to
B7. Two minutes later he reappeared escorting An
inmate And I asked "what happened to me going to
I.D.T. he said "oh yeah you'll be later". Not till
August 2pm. As I spoke to my primary clinician, she
ask About I not Appearing At I.D.T. - So I explained
my displeasure of my above encounter with the issue
mentioned mental health escort - with his disregard etc.
The C/O bribery, withheld, intervening, deliberately
impeded on my 1st, 14th and 8th Amendments of the constitution.
He descredited departmental policy by failing to perform
his duties. He took advantage and falsey reported
to mental health staff and falsely documented that I
had refused to attend Appear for I.D.T. Thus denying me
my right to freedom of speech, my right to Due Process and expose
me to cruel and unusual punishment

Inmate/Parolee Signature: _Robert Canazos_        Date Submitted: 5-26-21

**B. Continuation of CDCR 602, Section B only (Action requested):** Surveillance cameras    (2) If discovered
that false documentation of & sufficely refusing - the that those
documents be corrected and that mental health supervisor be
informed of the misconduct by C/O.    (3) That mental health be
Advised that I did not waive my Appearance for 5-26-21 I.D.T.
due to C/O escort intervening negligence.    (4) That I be afforded
the right to be escorted on a newly scheduled inmate I.D.T.
initial - so that I can participate.    (5) That the prison law office
at San Quentin CA, be notified to the discrimination I suffered by
this willful negligence (6) That the C/O responsible be assigned to
Another post so to avoid faction - and that he be penalized on his ___
(7) That the C/O be interrogated by internal affairs if it was inquered to it...

Inmate/Parolee Signature: _Robert Canazos_        Date Submitted: 5-26-2_

146  ③

Original

CASE NO. 21-CV-01156-JAH-AHG

# Request For Service
## of All Defendants

1 Page

United States District Court
Southern District of California

Robert Cavazos                    Case No. 21-cv-01156-JAH-AHG
        Plaintiff
                                  Request for service
v.                                of All Defendants under
N. Garijaso, et al...             28 USC 1915(d), Fed R.
        Defendants                Civ. P. 4(c)(3) - Rule 4(m)
                                  Fed R. Civ. P.

        Herein Plaintiff request this above Honorable
court that All Defendants only within Amended
complaint dated September 16, 2021 pages 1-40, in
particular Defendants named as such on page 3,
Line 5-28, page 4 Line 1-28, page 5 Line 1-28,
page 6 Line 1-28, page 7 Line 1-28, that
Only these defendants be served a copy notice
of services of process in accordance to
28 u.s.c. 1915(d) by officers of the court,
u.s. marshall. Fed. R. Civ. P. 4(c)(3)
        Further if Plaintiff is two days late of 120
day deadline to request service, may the court take
notice of "good cause" existing of confusion
of when complaint was filed or accepted as official
filing June-2021? Rule 4(m) Fed R. Civ. P.
Plaintiff is being assisted in ADU setting and mental Diagnose.


Dated September 16, 2021           Robert Cavazos
                                   Robert Cavazos
                                   Plaintiff

ORIGINAL

CASE NO. 21-CV-01156-JAH-AHC

# PROOF OF SERVICE

1 Page

# PROOF OF SERVICE

CASE NO. 21-CV-01156-JAH-AHQ

1  I PLAINTIFF ROBERT CAVAZOS CDCR NO.
2  J36206, AM INCARCERATED AT RICHARD J. DONOVAN
3  CORRECTIONAL FACILITY, AT 480 ALTA ROAD,
4  BL6-138, SAN DIEGO CA 92174
5       HEREIN DEPOSITING IT THE U.S. MAIL
6  MOTION LEAVE TO AMEND COMPLAINT, MEMORANDUM
7  OF POINTS AND AUTHORITIES IN SUPPORT OF
8  MOTION OF LEAVE TO AMEND COMPLAINT,
9  AMENDED COMPLAINT, MOTION TO LEAVE
10  TO AMEND APPOINTMENT OF COUNSEL-AMENDMENT
11  TO APPOINTMENT OF COUNSEL, REQUEST FOR
12  SERVICE ON DEFENDANTS
13
14       ORIGINAL TO: U.S. DISTRICT COURT
15                    SOUTHERN DISTRICT OF
16                    CALIFORNIA, OFFICE OF
17                    THE CLERK, 333 WEST
18                    BROADWAY, SUITE 420
19                    SAN DIEGO, CALIFORNIA
20                    92101
21
22       COPY TO: DEPUTY/ATTORNEY GENERAL
23                U.S. DISTRICT COURT
24                SOUTHERN DISTRICT OF CA..
25                333 WEST BROADWAY SUITE 420
26                SAN DIEGO CA 92101
27
28  EXECUTED ON: September 19, 2021      Robert Cavazos
                                        ROBERT CAVAZOS
                                        PLAINTIFF

Rob[...] [...]
PJD, B6-138
480 ALTA ROAD
SAN Diego CA 92179





California Department of
Corrections and Rehabilitation

UNiteD STATES DiSTRict Court
Souther District of CAliFoRNia
Office of The ClERk
333 West BRoAdwAy, Suite 420
SAN Diego, CAliFoRNia 92101

CoNFiDeNtiAL
LegAl mAil



Confidential - Legal mail