UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS, CDCR #J-26206,<br><br>  Plaintiff,<br><br>vs.<br><br>GARILASO, et al.,<br><br>  Defendants. | Case No.: 3:21-cv-01156-JAH-AHG<br><br>**ORDER GRANTING MOTION FOR EXENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**[ECF No. 30]** |

On June 21, 2021, Robert Cavazos ("Plaintiff"), an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983 in the Northern District of California. (ECF No. 1.) Plaintiff has also filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 12, 17.)

On June 22, 2021, United States Magistrate Judge Laurel Beeler determined that venue was proper in the Southern District of California and transferred the matter to this Court. (ECF No. 9.) After the matter was transferred, Plaintiff filed an "Amendment Supplement to Complaint" which the Court liberally construes as a supplement to his Complaint. (ECF No. 14.) In addition, Plaintiff also filed a document entitled

"Amendment to Defendants John and Jane Does; Requesting venue change of transfer to original filing Northern District." (ECF No. 16.)

However, before the Court could conduct the required screening, Plaintiff filed a "Motion to Amend Complaint" and submitted a proposed First Amended Complaint. (ECF No. 25.) The Court granted Plaintiff's Motion to Amend and directed the Clerk of Court to file Plaintiff's First Amended Complaint ("FAC") which became the operative pleading. (ECF Nos. 28, 29.) The Court dismissed Plaintiff's FAC for failing to state a claim on November 2, 2021 and granted him forty five (45) days leave to file an amended complaint to correct the deficiencies of pleading identified in the Court's Order. (ECF No. 28.) On December 13, 2021, Plaintiff filed a request for extension of time to file an amended pleading. (ECF No. 30.)

## I.     Motion for Extension of Time

Plaintiff's request for extension of time is timely filed, he remains incarcerated, and is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

Plaintiff claims he needs an extension of time to amend because is a "pro se litigant without attorney representation." (ECF No. 30 at 2.) The Court finds good cause to grant his request. Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. *Id.*

///

## II. Conclusion and Order

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion for Extension of Time to Amend. (ECF No. 30). Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, April 4, 2022**. Plaintiff's Amended Complaint must also address all the deficiencies of pleading previously identified in the Court's November 2, 2021 Order (ECF No. 28), and must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2) **CAUTIONS** Plaintiff that should he fail to file an Amended Complaint on or before **Monday, April 4, 2022**, the Court will enter a final Order dismissing his case based on his previous failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), as well as his failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated: January 31, 2022

Hon. John A. Houston
United States District Court