UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS, CDCR #J-26206,<br><br>Plaintiff,<br><br>vs.<br><br>GARILASO, et al.,<br><br>Defendant. | Case No.:  3:21-cv-1156-JAH-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS AGAINST DEFENDANTS AS WAIVED AND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**<br><br>**AND**<br><br>**2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SAC ON REMAINDING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.    Procedural History**

On June 21, 2021, Robert Cavazos ("Plaintiff"), an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983 in the Northern District of California.  (ECF No. 1.)  Plaintiff also filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 12, 17.)

On June 22, 2021, United States Magistrate Judge Laurel Beeler determined that venue was proper in the Southern District of California and transferred the matter to this Court. (ECF No. 9.) After the matter was transferred, Plaintiff filed an "Amendment Supplement to Complaint" which the Court liberally construeD as a supplement to his Complaint. (ECF No. 14.) In addition, Plaintiff also filed a document entitled "Amendment to Defendants John and Jane Does; Requesting venue change of transfer to original filing Northern District." (ECF No. 16.)

However, before the Court could conduct the required screening, Plaintiff filed a "Motion to Amend Complaint" and submitted a proposed First Amended Complaint. (ECF No. 25.) The Court GRANTED Plaintiff's Motion to Amend and directed the Clerk of Court to file Plaintiff's First Amended Complaint ("FAC"). The Court conducted the required sua sponte screening and DISMISSED Plaintiff's FAC for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b)(1). (ECF No. 28.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On March 14, 2022, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 33.)

In his SAC, Plaintiff no longer names Defendants Rogers, Falcon, Cortez, Reyes, Soto, Torres, Buenrostro, Casillas, Doyle, Mendez, McCurty, Viloria, Shi, Aceves, Palmer, or Aukerman. As the Court informed Plaintiff in its November 2, 2021 Order, "[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived." ECF No. 28 at 17 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Therefore, all the claims against these Defendants are waived and the Clerk of Court is directed to terminate these Defendants from the Docket.

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

   A.     <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.    <u>Factual Allegations</u>

On February 1, 2019, two inmates approached Plaintiff and said they were told by unnamed staff that Plaintiff was a "snitch" and a "stalker" when he was previously housed in California State Prison – Los Angeles County ("CSP-LAC"). SAC at 3. In order to fend off these inmates, Plaintiff "brandish[ed] a metal shank." *Id.* Plaintiff told staff about this incident and claims an unnamed correctional officer told him to "eat your breakfast and get out there and fight because you're not leaving this prison the way you did [CSP-LAC]." *Id.*

After Plaintiff left the dining hall, he saw the two inmates who had confronted him earlier, along with four other inmates. *See id.* Plaintiff "evaded" these inmates and informed Correctional Officer Trejo ("Trejo") that he was in "imminent danger" but claims Trejo told him "go to your cell, I don't want to hear it." *Id.* Plaintiff asked Trejo to review camera footage that would show the danger he was in. *See id.*

Plaintiff claims that later that afternoon several inmates told him that they had heard Correctional Officer Gonzalez ("Gonzalez") tell Inmate Foster ("Foster") to "get [Plaintiff] outside the building, I don't want no blood on the dayroom floor." *Id.* at 8. Later Plaintiff was "surrounded" by Foster and "numerous other inmates" which was observed by Gonzalez but she "refused to activate the alarm." *Id.* Plaintiff later was chased by these inmates which was observed by Garilaso, along with other unnamed correctional officers, who also "refused to activate the alarm to quell the incident." *Id.* at 9. Plaintiff claims these inmates "punched, kicked, and stabbed" him while Gonzalez, Garilaso, and two other unnamed correctional officers just observed without intervening for twelve to sixteen minutes. *Id.*

/ / /
/ / /
/ / /
/ / /
/ / /

On January 3, 2021, Correctional Officer Trevino ("Trevino") observed Officer Zerdillas fail to unlock Plaintiff's cell so that he could take a shower during his assigned shower time. *See id.* at 4. A few hours later, when Plaintiff's cell door was opened so he could be given his food tray, Plaintiff left his cell and "peacefully walked up to the Upper A section shower." *Id.* Plaintiff was approached by Correctional Officers Toledo, Trevino, and Hernandez while he was in the shower. *See id.* Plaintiff claims Toledo "pushed" him in his chest causing him to fall "backwards onto the shower floor." *Id.* Plaintiff alleges Trevino called him a "snitch" and Hernandez said, "you know better than to 602 us, it won't go nowhere." *Id.* Plaintiff acknowledges that acting in a "quick burst of rage," he "swung open the shower door" which hit Toledo. *Id.* Plaintiff alleges that the correctional officers "laughed as they walked away." *Id.* at 17. Trevino issued Plaintiff a "falsified" rules violation report ("RVR") for this incident. *Id.*

On April 15, 2021, Plaintiff claims Correctional Officer Magana told Inmate Lopez ("Lopez') "make sure you get [Plaintiff] good for disrespecting us." *Id.* at 5. Plaintiff had phone time scheduled at 3:40 p.m. and noted that Lopez was "lingering" near the phones. *Id.* Plaintiff asked Lopez to use the telephone but Lopez "swung at the back of Plaintiff's head" and stabbed him in his ribs. *Id.* at 18. Correctional Officer Cuevas activated the alarm to "quell the incident." *Id.* Plaintiff was escorted to a holding tank by Correctional Officer Sanchez ("Sanchez") and asked to see a nurse because he was in pain. *See id.* However, Plaintiff alleges Defendant Ogle said "no, you are okay" and left him in the holding tank. *Id.* at 18-19. Two hours later, Plaintiff was told to return to his housing unit. *See id.* at 19.

The following day Plaintiff notified unnamed staff of the injuries he purportedly sustained the previous day. *Id.* A nurse convinced correctional officers to allow Plaintiff to be taken to the facility medical clinic in a wheelchair. *See id.* at 20-21. However, Plaintiff claims an unnamed medical doctor refused to provide him with medical treatment because Defendants Bravo and Jane Doe 7 told him that Plaintiff was "full of shit" and a "scared liar snitch." *Id.* at 21. Plaintiff alleges that despite his claims that he had an open

wound and the possibility he suffered from broken ribs, Defendants Bravo, Jane Doe 7, and John Doe 10 refused to provide him medical attention. *See id.*

Plaintiff later claims Defendants Cortez, Shepard, Cuevas, and Mercado claim that there was an "anonymous note" found that indicated Plaintiff was "about to assault staff." *Id.* However, Plaintiff claims that the note does not exist. He alleges that they made this false claim in retaliation for the grievances submitted against Defendants and he was placed in administrative segregation. *Id.*

Plaintiff seeks $33,000,000 in compensatory and punitive damages along with injunctive relief.

   C.  Eighth Amendment claims

The Court assumes as true Plaintiff's factual allegations as to Defendants Garilaso, Trejo, Gonzalez, and Magana found in "Count 1," are sufficient to state a plausible failure to protect claim under the Eighth Amendment.[1] *See United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994)  In addition, the Court finds that the claims found

---

[1] Plaintiff also cites the Fourteenth Amendment as the basis for his failure to protect claims and inadequate medical care claims, *see* SAC at 3, 5, but his pleading contains no facts to suggest he seeks to brings a separate claim for relief based on a violation of the Due Process Clause itself. The Eighth Amendment has been incorporated to apply to the state through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 667 (1962) (applying "cruel and unusual punishment" protection to state action through Fourteenth Amendment). "Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Therefore, because Plaintiff is incarcerated and seeks to sue RJD correctional officers based on their alleged failure to ensure his safety or provide adequate medical care, it is the Eighth Amendment's proscription on cruel and unusual punishments, and not "the more generalized notion of 'substantive due process,' [that] must be the guide for analyzing [his] claims." *Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

in "Count 3" as to Defendants Ogle and Bravo are sufficient to state a plausible inadequate medical care claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment). Therefore, the Court finds Plaintiff's SAC "sufficient to warrant ordering [Defendants] to file an answer" as to these claims. *See Wilhelm*, 680 F.3d at 1116.

Accordingly, the Court will direct the U.S. Marshal to effect service of summons and Plaintiff's SAC upon Defendants Garilaso, Trejo, Gonzalez, Magana, Bravo, and Ogle on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal … if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

D. <u>Due Process Claims – False Rules Reports</u>

Plaintiff alleges that both Defendant Garilaso and Trevino issues "falsified" rules violations reports against him. *See* SAC at 10-11, 17. However, Plaintiff's allegation he was falsely charged with rule violations, by itself, fails to state a due process claim because "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999). This is because the procedural protections available in disciplinary proceedings adequately protect a prisoner's federal constitutional right to due process. *See e.g. Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.")

E. <u>Eighth Amendment excessive force claims</u>

Plaintiff alleges Defendant Toledo violated his Eighth Amendment rights when Toledo purportedly "pushed" him in the chest causing him to fall "backwards onto the shower floor." SAC at 4. However, Plaintiff also acknowledges that in response he "swung

open the shower door" in a "quick burst of rage" which hit Toledo.  Where excessive force is alleged, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). However, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). In order to violate the Eighth Amendment, the Defendant must use force which is "unnecessary" and "wanton." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In determining whether a defendant has used excessive force in the prison context, the Court considers the following factors:  (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response."  *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321).  Here, Plaintiff fails to allege that he suffered any injury as a result of being pushed.  Thus, the Court finds that he fails to state an Eighth Amendment excessive force claim against Defendant Toledo.

F.     Retaliation claims

Throughout Plaintiff's SAC he claims that various correctional officers retaliated against him for filing administrative grievances but his general allegations are insufficient to state a claim for relief.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote omitted). Adverse action is action that "would chill a person of ordinary firmness" from engaging in the protected activity. *Pinard v. Clatskanie School*

*District 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *see also White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000). Plaintiff also must allege facts to show that the exercise of his First Amendment rights was the substantial or motivating factor behind Defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Further, he bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff's retaliation claims against Defendants fail to state a claim because he fails to identify how these Defendants were aware that he was engaging in protected conduct. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Thus, the Court dismisses Plaintiff's First Amendment retaliation claims against Defendants for failing to state a claim upon which relief may be granted.

## IV.   Conclusion

Good cause appearing, the Court:

1.   **DISMISSES** all claims against Rogers, Falcon, Cortez, Reyes, Soto, Torres, Buenrostro, Casillas, Doyle, Mendez, McCurty, Viloria, Shi, Aceves, Palmer, and Aukerman as waived and **DIRECTS** the Clerk of the Court to terminate these Defendants as parties to this action;

2.   **DISMISSES** all claims against Defendants Briones, J. Sanchez, Toledo, Trevino, Hernandez, Marcus Lopez, Mercado, Cuevas, Ms. Sanchez, Sears, Y. Cortez, Rivera, Shepard, and Steadman and **DIRECTS** the Clerk of the Court to terminate these Defendants as parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

3.   **DIRECTS** the Clerk to issue a summons as to Plaintiff's SAC (ECF No. 33) upon Defendants Garilaso, Trejo, Gonzalez, Magana, Ogle, and Bravo and forward it to Plaintiff along with a blank U.S. Marshal Form 285s for each of these Defendants.  In

addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of the Court's November 2, 2021 Order Granting IFP (ECF No. 28), his SAC, and the summons so that he may serve Defendants Magana, Garilaso, Trejo, Gonzalez, Magana, Ogle, and Bravo. Upon receipt of these materials, Plaintiff must complete the Form 285s provided by the Clerk as completely and accurately as possible, *include an address where each of these Defendants may be served*, see S.D. Cal. CivLR 4.1.c, and timely return them to the United States Marshal according to the instructions the Clerk provides.

4. **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon Defendants Garilaso, Trejo, Gonzalez, Magana, Ogle, and Bravo upon receipt and as directed by Plaintiff on the completed USM Form 285s, *and to promptly file proof of service, or proof of any attempt at service left executed, with the Clerk of Court*. See S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendants Garilaso, Trejo, Gonzalez, Magana, Ogle, and Bravo once served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Garilaso, Trejo, Gonzalez, Magana, Ogle, and Bravo or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct

copy of that document has been served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: July 5, 2022

_____
Hon. John A. Houston
United States District Judge