UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GARILASO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-01156-JAH-LR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF NO. 58]** |

Pending before the Court is Plaintiff Robert Cavazos' ("Plaintiff") motion for appointment of counsel. (ECF No. 58). There is no constitutional right to be represented by counsel in a civil action. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *see also Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989). However, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff contends he is in poor mental health, has limited library access, and limited

time to prepare his case. (ECF No. 58).  The Court has reviewed the record in the matter and notes the claims asserted by Plaintiff are not particularly complex or novel, and Plaintiff has sufficiently articulated his First and Eighth Amendment claims against Defendants arising from several events between 2019 and 2021 to support plausible claims for relief.

In addition, Plaintiff does not address the likelihood of success on the merits of his claims to support exceptional circumstances. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), reconsideration denied, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore*, Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").  The Court finds no exceptional circumstances exist to support appointment of counsel at this stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED Plaintiff's motion for appointment of counsel is **DENIED without prejudice**.

DATED: March 29, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE