UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT CAVAZOS, CDCR #J-26206 | Case No.: 21cv1156-JAH(LR) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S REQUEST FOR TRANSFER** |
| v. | |
| GARILASO, et al., | |
| Defendants. | **[ECF No. 61]** |

Currently before the Court is Plaintiff Robert Cavazos's motion requesting an order transferring him from California State Prison, Sacramento ("CSP-SAC"). (ECF No. 61 ("Transfer Mot.").) This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. For the reasons stated below, the Court **RECOMMENDS** that Judge Houston **DENY** Plaintiff's transfer request.

### I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 21, 2021, in the Northern District of California. (ECF No. 1.) The operative Second

Amended Complaint alleges Eighth Amendment deliberate indifference claims against multiple correctional officers related to incidents in which Plaintiff was attacked and injured by fellow inmates while he was incarcerated at Richard J. Donovan State Prison ("RJD"). (ECF No. 33.)

Plaintiff's Transfer Motion, filed March 27, 2023, requests an order transferring him from CSP-SAC,[1] where he was housed at the time the Motion was filed. (See Transfer Mot. at 4-5.) The motion states that prison officials at that institution have systematically impeded him from litigating this case, describing multiple incidents in which Plaintiff claims to have been limited in his legal research time at CSP-SAC's law library, as well as incidents in which prison officials have allowed or encouraged other inmates to argue with Plaintiff to create an excuse to file disciplinary charges against him. (See id. at 1-4.) Plaintiff argues that he should no longer be housed at CSP-SAC due to these conditions. (See id. at 4-5.)

On April 13, 2023, Plaintiff filed a notice of change of address stating that he is no longer housed at CSP-SAC and updating his address to California Medical Facility ("CMF"). (ECF No. 64.)

## II.   LEGAL STANDARD

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting id., 753 F.2d at 727, 728 n.1). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties" to the action,

---

[1] Plaintiff's Transfer Motion also contains a "supplement" to his Motion to Appoint Counsel (ECF No. 58) which Judge Houston previously denied. (See ECF No. 60.)

their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

### III.   DISCUSSION

Plaintiff's Transfer Motion suffers from two main defects. First, Plaintiff has filed a notice of change of address indicating that he has been transferred from CSP-SAC to CMF. (ECF No. 64.) The Transfer Motion therefore appears to be moot. Second, the allegations in the motion are beyond the scope of the operative complaint. This case is proceeding on Plaintiff's Eighth Amendment claims against prison officials arising out attacks against Plaintiff that occurred at RJD—an institution Plaintiff was not housed in at the time of the events alleged in the instant motion. The Court does not have authority to issue injunctive relief based on claims not pled in the operative complaint. See Pac. Radiation Oncology, 810 F.3d at 633. The Court will therefore recommend that Plaintiff's request for injunctive relief be denied.

### IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Judge Houston issue an order: (1) adopting this Report and Recommendation, and (2) **DENYING** Plaintiff's Transfer Motion (ECF No. 61.)

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **May 25, 2023**. The document should be captioned "Objections to Report and Recommendation."

/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 8, 2023**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158, F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  May 5, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge