UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GARILASO, et al.,<br><br>　　　　　Defendants. | Case No.: 3:21-cv-01156-JAH-LR<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR TRANSFER**<br><br>**[ECF NOS. 61, 65]** |

　　　　For the reasons set for forth below, the Court **ADOPTS** the Report and Recommendation ("R&R") submitted by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1), (ECF No. 65), and Plaintiff Robert Cavazo's ("Plaintiff") motion for transfer, (ECF No. 61), is hereby **DENIED**.

　　　　On March 14, 2022, Plaintiff, an inmate currently incarcerated at California Medical Facility ("CMF") and proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple correctional officers at R.J. Donovan State Prison ("RJD"), alleging deliberate indifference and failure to protect claims in violation of the Eighth Amendment. (ECF No. 33). Plaintiff's factual allegations center around

incidents where he claims he was attacked and injured by fellow inmates while he was incarcerated at RJD. (*Id.*)

On March 27, 2023, Plaintiff filed a motion requesting an order transferring him from California State Prison, Sacramento ("CSP-SAC"), where he was housed at the time the motion was filed ("Motion").[1] (ECF No. 61). The Motion states that prison officials at CSP-SAC have impeded him from litigating this case, describing multiple incidents in which Plaintiff claims to have been limited in his legal research time at CSP-SAC's law library, as well as incidents in which prison officials have allowed or encouraged other inmates to argue with Plaintiff to create an excuse to file disciplinary charges against him. (*Id.* at 1-4). Plaintiff argues that he should no longer be housed at CSP-SAC due to these conditions. (*Id.* at 4-5).

On April 13, 2023, Plaintiff filed a notice of change of address stating that he is no longer housed at CSP-SAC, and he updated his address to CMF. (ECF No. 64.)

On May 5, 2023, Magistrate Judge Lupe Rodriguez, Jr. submitted the R&R to this Court recommending that Plaintiff's Motion be denied. (ECF No. 65).

## **DISCUSSION**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

When no objections are filed, the district court is not required to conduct a de novo review of the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416

---

[1] Plaintiff's Motion includes a supplement to his motion for appointment of counsel, (ECF No. 58), which was denied on March 29, 2023 (ECF No. 60).

F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's report and recommendation] is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise"). This rule of law is well established within the Ninth Circuit and this district. *See Hasan v. Cates*, No. 11–cv–1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in its entirety, and without review, a report and recommendation because neither party filed objections to the report despite having the opportunity to do so); *accord Ziemann v. Cash*, No. 11–cv–2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); *Rinaldi v. Poulos*, No. 08–cv–1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

Here, any objections to the R&R were due by May 25, 2023. To date, no objections have been filed. Thus, in the absence of any objections, the Court **ADOPTS** the R&R and Plaintiff's Motion for transfer is **DENIED**.

## CONCLUSION AND ORDER

For the reasons stated in the R&R, which are incorporated herein by reference, Plaintiff's Motion for transfer, (ECF No. 61), is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 30, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE