UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>                            Plaintiff,<br>v.<br>GARILASO, et al.,<br><br>                         Defendants. | Case No.: 3:21-cv-01156-JAH-LR<br><br>**AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING PLAINTIFF'S MOTION FOR TRANSFER AND DENYING PLAINTIFF'S REQUEST FOR JUNCTION [ECF NOS. 61, 65, 68]** |

For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation ("R&R") submitted by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1), (ECF No. 65), and **DENIES** Plaintiff Robert Cavazo's ("Plaintiff") motion for transfer, (ECF No. 61) and **DENIES** Plaintiff's request for recommendation/injunction (ECF No. 68).

## BACKGROUND

On March 14, 2022, Plaintiff, an inmate currently incarcerated at California Medical Facility ("CMF") and proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple correctional officers at R.J. Donovan State Prison ("RJD"), alleging deliberate indifference and failure to protect claims in violation of the Eighth Amendment. (ECF No. 33). Plaintiff's factual allegations center around

1

incidents where he claims he was attacked and injured by fellow inmates while he was incarcerated at RJD. (*Id.*)

On March 27, 2023, Plaintiff filed a motion requesting an order transferring him from California State Prison, Sacramento ("CSP-SAC"), where he was housed at the time the motion was filed.[1] (ECF No. 61). The motion states that prison officials at CSP-SAC have impeded him from litigating this case, describing multiple incidents in which Plaintiff claims to have been limited in his legal research time at CSP-SAC's law library, as well as incidents in which prison officials have allowed or encouraged other inmates to argue with Plaintiff to create an excuse to file disciplinary charges against him. (*Id.* at 1-4). Plaintiff argues that he should no longer be housed at CSP-SAC due to these conditions. (*Id.* at 4-5).

On April 13, 2023, Plaintiff filed a notice of change of address stating that he is no longer housed at CSP-SAC, and he updated his address to CMF. (ECF No. 64.)

On May 5, 2023, Magistrate Judge Lupe Rodriguez, Jr. submitted the R&R to this Court recommending that Plaintiff's motion be denied. (ECF No. 65). Any objections to the R&R were to be filed on or before May 25, 2023. On May 30, 2023, having received no objections, this Court filed an order adopting the R&R and denying Plaintiff's motion for transfer. (ECF No. 66).

Thereafter, the Court received Plaintiff's timely filed objections to the R&R signed by Plaintiff on May 20, 2023.[2] (ECF No. 67). On June 5, 2023, Plaintiff filed a document entitled "request for recommendation injunction/jurisdiction under the U.S. Const. First Amendment" in which he seeks an order regarding his grievances submitted to CMF personnel on May 26, 2023.

---

[1] Plaintiff's motion includes a supplement to his motion for appointment of counsel, (ECF No. 58), which was denied on March 29, 2023 (ECF No. 60).

[2] Under the "mailbox rule," a pro se prisoner's pleadings are deemed filed when delivered to prison authorities for submission to the Court. *See Houston v. Lack*, 487 U.S. 266, 273-76 (1988).

**DISCUSSION**

**I. Standard of Review**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

**II. Analysis**

In the R&R, the magistrate judge determined Plaintiff's motion to transfer appeared to be moot because Plaintiff filed a notice of change of address indicating he was transferred from CSP-SAC to CMF. Additionally, the magistrate judge found the allegations in the motion are beyond the scope of the operative complaint which involves claims against prison officials at RJD. Relying on *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015), the magistrate judge concluded, the Court is without authority to issue injunctive relief based on claims not pled in the operative complaint and recommended Plaintiff's request for injunctive relief be denied.

Plaintiff objects and maintains the Court has jurisdiction to order his transfer to Norwalk, California Metropolitan State Hospital Prison and attaches grievances and Rule Violation Reports in support. The grievances and Rule Violation Reports involve incidents occurring after his transfer to CMF. Plaintiff's exhibits support the magistrate judge's finding that the assertions in his motion for transfer are beyond the scope of Plaintiff's second amended complaint. As such, the Court is without authority to grant Plaintiff's request for injunctive relief in his motion for transfer and his recently filed request for injunction.

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the report and recommendation (ECF No. 65);
2. Plaintiff's motion for transfer (ECF No. 61) is **DENIED**;
3. Plaintiff's request for injunction (ECF No. 68) is **DENIED**.

DATED: July 5, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE